IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


KARINA TELLO,

        Plaintiff,

v.                                        2:24-cv-00390-JHR-KRS

LEA COUNTY BOARD OF COUNTY
COMMISSIONERS, COREY HELTON,
MICHAEL WALKER, FERNANDO JIMENEZ,
SEAN ROACH, SONIA ESTRADA,
DIANE JURADO-GARCIA,
AILEEN VIZCARRA, ALYSSA PORRAS,
DOE DEFENDANTS 1-50,

        Defendants.


## DEFENDANTS' MOTION TO DISMISS COUNT III OF PLAINTIFF'S AMENDED COMPLAINT [DOC. 1-1, pp. 18-33]

Defendants Lea County Board of County Commissioners, Corey Helton, Michael Walker, Fernando Jimenez, and Sean Roach ("County Defendants"), by and through counsel, MYNATT SPRINGER P.C. (Benjamin J. Young and Sara E. Woods), move this Court for a dismissal of Count III of Plaintiff's Amended Complaint ("FAC") [Doc. 1-1, pp. 18-33] pursuant to Fed. R. Civ. P. 12(b)(6).[1] Plaintiff's counsel opposes the Motion.

This case arises from Plaintiff's employment as a deputy with the Lea County Sheriff's Office. Plaintiff alleges former colleagues and friends conspired to humiliate and degrade her by releasing an explicit video of her to other individuals. She then alleges that her employer and supervisors retaliated against her when she reported her colleagues' actions, ultimately leading to

---

[1] The Parties are in agreement that an Answer to the First Amended Complaint [Doc. 1-1, pp. 18-33] will be filed following the disposition of this Motion. County Defendants are not waiving their opportunity to deny Plaintiff's allegations and raise all available defenses to them following this Court's decision.

her termination. Contrary to the plain language of the New Mexico Civil Rights Act ("NMCRA"), Plaintiff believes she can bring a claim under that statute against her former employer. She cannot as a matter of law and, therefore, the claim must be dismissed with prejudice.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) allows a court to dismiss claims for failing to state a claim for relief. A court's review is limited to determining whether the claim is legally sufficient or plausible for the court to grant relief. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012); *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

The NMCRA expressly provides "[i]ndividuals employed by a public body shall be prohibited from using the New Mexico Civil Rights Act to pursue a claim arising from the individual's employment by the public body." NMSA 1978, § 41-4A-3(D). Moreover, claims under the NMCRA "shall be brought exclusively against a public body" NMSA 1978, § 41-4A-3(C); *see also* NMSA 1978, § 41-4A-2 (defining public body as a state or local government . . . ). In Count III of the FAC, Plaintiff improperly asserts deprivation of rights, privileges, or immunities under the NMCRA against her employer.

Given the recency of the adoption of the NMCRA, there is relatively little precedential authority addressing particular applications of the statute's provisions. The New Mexico Court of Appeals, however, in a recent opinion reminded a plaintiff seeking relief under the NMCRA that New Mexico follows the plain language rule of statutory interpretation. *Bolen v. N.M. Racing Comm'n*, 2024 N.M. App. LEXIS 20, ¶ 12 (holding judicial and quasijudicial immunity applied to the defendant based on the plain language of the NMCRA); *see State v. Farish*, 2021-NMSC-030, ¶ 11; 499 P.3d 622 (courts read statutes as a whole and presume legislatures do not use surplus

words); *see Tucker v. Univ. of N.M. Bd. Of Regents*, 618 F. Supp. 3d 1201, 1211 (plain text of the NMCRA bars claims).

Here, the language of the NMCRA could not be clearer: employees are barred from pursuing claims against their public employer that arise from their employment. Plaintiff was employed by the Lea County Sheriff's Office, a subsidiary department of a public body in the State of New Mexico. Her claims against her employer and supervisors are directly related to her employment as the harm she alleges she experienced was the termination of her employment after reporting misconduct by her former colleagues.

Moreover, any claims under the NMCRA that are levied against individual defendants cannot move forward. These claims are expressly prohibited by the NMCRA. NMSA 1978, § 41-4A-3(C). Plaintiff's claims for deprivation of rights, privileges, or immunities under the NMCRA against all County Defendants must be dismissed with prejudice.

WHEREFORE, County Defendants hereby request the Court dismiss Plaintiff's NMCRA claims against them be dismissed with prejudice.

> Respectfully submitted,
>
> MYNATT SPRINGER P.C.
>
> BENJAMIN J. YOUNG
> New Mexico Bar No. 144702
> SARA E. WOODS
> New Mexico Bar No. 149555
> P.O. Box 2699
> Las Cruces, New Mexico 88004-2699
> (575) 524-8812
> bjy@mynattspringer.com
> sew@mynattspringer.com
> *Attorneys for County Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on May 7, 2024, a copy of the foregoing pleading was served on the below counsel of record via electronic mail:

Benjamin Gubernick
ben@wglawllp.com
*Attorney for Plaintiff*

_____
BENJAMIN J. YOUNG
SARA E. WOODS