IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KARINA TELLO,**

      **Plaintiff,**

v.                                                                                                2:24-cv-00390-JHR-KRS

**LEA COUNTY BOARD OF COUNTY**
**COMMISSIONERS, COREY HELTON,**
**MICHAEL WALKER, FERNANDO JIMENEZ,**
**SEAN ROACH, SONIA ESTRADA,**
**DIANE JURADO-GARCIA,**
**AILEEN VIZCARRA, ALYSSA PORRAS,**
**DOE DEFENDANTS 1-50,**

      **Defendants.**

## DEFENDANTS' MOTION TO DISMISS COUNT III OF PLAINTIFF'S SECOND AMENDED COMPLAINT [DOC. 21]

Defendants Lea County Board of County Commissioners, Corey Helton, Michael Walker, Fernando Jimenez, and Sean Roach ("County Defendants"), by and through counsel, MYNATT SPRINGER P.C. (Benjamin J. Young and Sara E. Woods), move this Court for a dismissal of Count III of Plaintiff's Second Amended Complaint ("FAC") [Doc. 21] pursuant to Fed. R. Civ. P. 12(b)(6).[1] Plaintiff's counsel opposes the Motion.

### INTRODUCTION

This case arises from Plaintiff's employment as a deputy with the Lea County Sheriff's Office. Plaintiff alleges former colleagues and friends conspired to humiliate and degrade her by

---

[1] The Parties are in agreement that an Answer to the Second Amended Complaint [Doc. 21] will be filed following the disposition of this Motion. County Defendants are not waiving their opportunity to deny Plaintiff's allegations and raise all available defenses to them following this Court's decision. Moreover, Plaintiff is also seeking to consolidate this action with a case captioned *Zane Brown v. Lea County Bd. Of County Comm'rs., et al,* 2:23-cv-00355. To further promote efficiency and preserve resources for this Court and the Parties, it would be prudent to delay Defendants' responsive pleadings.

releasing an explicit video of her to other individuals. She then alleges that her employer and supervisors retaliated against her when she reported her colleagues' actions, supposedly leading to her termination.

Count III of the Second Amended Complaint [Doc. 21] fails for three reasons: First, contrary to the plain language of the New Mexico Civil Rights Act ("NMCRA"), her claims arise from her employment with the County. Second, Count III appears to be alleged against the Sheriff's Office, not the public body. Third, the actions of individual employees of the County are not plausibly alleged to have occurred under the color of law or within the scope of authority of the public body.

## ARGUMENT

### I. Standard for Dismissal

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) allows a court to dismiss claims for failing to state a claim for relief. A court's review is limited to determining whether the claim is legally sufficient or plausible for the court to grant relief. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012); *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

The NMCRA expressly provides "[i]ndividuals employed by a public body shall be prohibited from using the New Mexico Civil Rights Act to pursue a claim arising from the individual's employment by the public body." NMSA 1978, § 41-4A-3(D). Moreover, the deprivation of rights must occur through the acts of an individual acting under color of law or within the scope of authority of the public body. NMSA 1978, Section 41-4A-3(A). Finally, claims under the NMCRA "shall be brought exclusively against a public body" NMSA 1978, § 41-4A-3(C); *see also* NMSA 1978, § 41-4A-2 (defining public body as a state or local government . . . ).

Given the recency of the adoption of the NMCRA, there is relatively little precedential authority addressing particular applications of the statute's provisions. The New Mexico Court of Appeals, however, in a recent opinion reminded a plaintiff seeking relief under the NMCRA that New Mexico follows the plain language rule of statutory interpretation. *Bolen v. N.M. Racing Comm'n*, 2024 N.M. App. LEXIS 20, ¶ 12 (holding judicial and quasijudicial immunity applied to the defendant based on the plain language of the NMCRA); *see State v. Farish*, 2021-NMSC-030, ¶ 11; 499 P.3d 622 (courts read statutes as a whole and presume legislatures do not use surplus words); *see Tucker v. Univ. of N.M. Bd. Of Regents*, 618 F. Supp. 3d 1201, 1211 (plain text of the NMCRA bars claims).

## II. Plaintiff's claim in Count III is barred because it arose from her employment with the County.

The language of the NMCRA could not be clearer: employees are barred from pursuing claims against their public employer that arise from their employment. NMSA 1978, Section 41-4A-3(D). Critically, the New Mexico Court of Appeals has already interpreted this particular clause in *Bethke v. N.M. St. Univ.,* 2023 N.M. LEXIS 203 (Ct. App. 2023). In that case, a former university employee's claims under the NMCRA were dismissed because they arose from her employment at the university. *Id.* The Court of Appeals agreed with the district court's decision to dismiss, declining to apply a restrictive interpretation of the clause and, rather, apply it as written. *Id.*

Here, Plaintiff was employed by Defendant Lea County as a deputy working in the Sheriff's Office, a subsidiary department of a public body in the State of New Mexico. Her claims against her employer, supervisors, and colleagues are all related to her employment with Lea County. As alleged in the Second Amended Complaint [Doc. 21], the deterioration of Plaintiff's

relationships with her colleagues, the dissemination of a scandalous video by her colleagues, her termination from Lea County, and the subsequent emotional trauma she has experienced all have one point of origin – her employment with Lea County. This is precisely what is excluded by the NMCRA. *Bethke,* 2023 N.M. LEXIS 203 (Section 41-4A-3(D) clearly and unambiguously prohibits claims that arise from an individual's employment with a public body). Consequently, Count III must be dismissed with prejudice.

### III. Plaintiff's claim against the Sheriff's Office must be dismissed.

Claims under the NMCRA "shall be brought exclusively against a public body" NMSA 1978, § 41-4A-3(C); *see also* NMSA 1978, § 41-4A-2 (defining public body as a state or local government . . . ). Under Count III, Plaintiff names the Sheriff's Office as the Defendant who violated her rights protected by the New Mexico Constitution. New Mexico law law clearly provides the Sheriff's Office is not a public body, as only a county's board of commissioners has authority to sue or be sued. *Id.* Accordingly, to the extent Plaintiff's claims in Count III are against the Sheriff's Office, they must be dismissed.

### IV. Plaintiff's deprivation of rights did not occur under the color of law or through the exercise of the County's authority.

To state a claim under the NMCRA, a Plaintiff must allege that rights were deprived by individuals acting under color of law or within the scope of authority of the public body. NMSA 1978, Section 41-4A-3(A). The Second Amended Complaint fails to make any plausible allegations that the "conspirators" obtained and disseminated Plaintiff's video under color of law or in the course and scope of their authority as law enforcement officers. In fact, the Second Amended Complaint [Doc. 21] reads more like an X-Rated Mean Girls or modern-day Scarlet Letter where the alleged "conspirators" concocted a plan between friends to humiliate Plaintiff for

her perceived sexual conduct. While these allegations are sure to raise eyebrows, there is nothing that even implies the improper use of law enforcement pressure or tools such as warrants, use of force, subpoenas, or any other mechanism or tool a law enforcement official would use to obtain and disseminate such a video. Indeed, similar scenarios have played out throughout history, in many different settings, including high schools, colleges, and work places, without implicating an unlawful use of authority. That is how the Second Amended Complaint reads here, it just happens that – on this occasion – everyone happened to be employed by law enforcement departments. Ultimately, Count III – on its face - fails to plausibly show how individual actions to obtain and disseminate the video arose under the color of law or the law enforcement officers' authority and, therefore, must be dismissed.

## CONCLUSION

WHEREFORE, County Defendants hereby request the Court dismiss Plaintiff's NMCRA claims against them with prejudice.

Respectfully submitted,

MYNATT SPRINGER P.C.

_/s/ Benjamin J. Young_
BENJAMIN J. YOUNG
New Mexico Bar No. 144702
SARA E. WOODS
New Mexico Bar No. 149555
P.O. Box 2699
Las Cruces, New Mexico 88004-2699
(575) 524-8812
bjy@mynattspringer.com
sew@mynattspringer.com
*Attorneys for County Defendants*

## **CERTIFICATE OF SERVICE**

    I certify that, on July 30, 2024, a copy of the foregoing pleading was served on the below counsel of record via electronic mail:

| | |
|---|---|
| Benjamin Gubernick<br>ben@wglawllp.com<br>*Attorney for Plaintiff* | Cody R. Rogers<br>Jennifer Meyer<br>crogers@serpeandrews.com<br>jmeyer@serpeandrews.com<br>*Attorneys for Defendants*<br>*Estrada, Jurado-Garcia and Vizcarra* |

/s/ Benjamin J. Young
_____
BENJAMIN J. YOUNG
SARA E. WOODS