IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KARINA TELLO,

      Plaintiff,

v.   No. 2:24-cv-00390-KG-GJF

LEA COUNTY BOARD OF COUNTY
COMMISSIONERS, COREY HELTON,
MICHAEL WALKER, FERNANDO JIMENEZ,
SEAN ROACH, SONIA ESTRADA,
DIANE JURADO-GARCIA,
AILEEN VIZCARRA, ALYSSA PORRAS,
DOE DEFENDANTS 1-50,

      Defendants.

## COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT [DOC. 21]

Defendants Lea County Board of County Commissioners, Corey Helton, Michael Walker, Fernando Jimenez, and Sean Roach ("County Defendants"), by and through counsel, MYNATT SPRINGER P.C. (Benjamin J. Young and Sara E. Woods), hereby answer Plaintiff's Second Amended Complaint [Doc. 21] as follows:

### INTRODUCTION

1. County Defendants deny the allegations in paragraphs 1 and 2 of the Second Amended Complaint.

2. County Defendants deny that LCSO conducted an investigation related to the facts alleged in paragraphs 1 and 2 of the Second Amended Complaint, and affirmatively state that an outside agency conducted the criminal investigation. County Defendants deny the balance of the allegations in paragraph 3 of the Second Amended Complaint.

3. County Defendants admit that Plaintiff was terminated on July 18, 2023, but deny the balance of the allegations in paragraph 4 of the Second Amended Complaint.

4. County Defendants deny the allegations in paragraph 5 of the Second Amended Complaint.

**PARTIES**

5. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Second Amended Complaint and, therefore, deny the same.

6. County Defendants admit the allegations in paragraphs 7, 8, 9, 10, and 11 of the Second Amended Complaint.

7. County Defendants admit that Defendant Sonia Estrada is a former sergeant of LCSO, but deny the balance of the allegations in paragraph 12 of the Second Amended Complaint.

8. County Defendants admit the allegations in paragraphs 13, 14, and 15 of the Second Amended Complaint.

9. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Second Amended Complaint and, therefore, deny the same.

**JURISDICTION**

10. Paragraphs 17, 18, and 19 of the Second Amended Complaint contain legal statements or conclusions that do not require a response. To the extent that a response is required, County Defendants admit the jurisdiction, venue, and forum are proper.

## ALLEGATIONS

11.    County Defendants admit that Plaintiff is a former deputy at LCSO, but deny the balance of the allegations in paragraph 20 of the Second Amended Complaint.

12.    The allegations contained in paragraphs 21, 22, and 23 of the Second Amended Complaint are directed against Defendants Estrada, Vizcarra, and Jurado-Garcia, and do not require a response from County Defendants. To the extent a response is required, County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

13.    County Defendants admit that Plaintiff filed a complaint against Defendant Estrada on or about May 31, 2023, for alleged discrimination and bullying, but deny the balance of the allegations in paragraph 24 of the Second Amended Complaint.

14.    The allegations contained in paragraphs 25, 26, 27, 28, 29, and 30 of the Second Amended Complaint are directed against Defendants Estrada, Vizcarra, Jurado-Garcia, and Porras, and do not require a response from County Defendants. County Defendants admit that Plaintiff recorded "an intimate video of Plaintiff" and that an unknown number produced the video to several LCSO staff members and their spouses. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in paragraphs 25, 26, 27, 28, 29, and 30 of the Second Amended Complaint and, therefore, deny the same.

15.    County Defendants deny the allegations in paragraph 31 of the Second Amended Complaint.

16.    The allegations contained in paragraphs 32 and 33 of the Second Amended Complaint are directed against Defendants Estrada, Vizcarra, and Jurado-Garcia, and do not

require a response from County Defendants. To the extent a response is required, County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

17. County Defendants admit that an unknown number produced "an intimate video of Plaintiff" to several LCSO staff members and their spouses, but deny the balance of the allegations in paragraphs 34 and 35 of the Second Amended Complaint.

18. County Defendants admit that an unknown number produced "an intimate video of Plaintiff" to several LCSO staff members and their spouses, but are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in paragraphs 36, 37, and 38 of the Second Amended Complaint and, therefore, deny the same.

19. County Defendants admit that Defendant Roach investigated the complaint made by Plaintiff against Defendant Estrada on or about May 31, 2023, for alleged discrimination and bullying, and that the investigation showed the allegations to be unfounded. County Defendants further admit that Defendant Roach investigated the complaint made by Defendant Estrada against Plaintiff for alleged insubordination and violations of the code of ethics and general conduct, which were sustained. County Defendants deny the balance of the allegations in paragraphs 39, 40, 41, 42, 43, and 44 of the Second Amended Complaint.

20. Paragraphs 45 and 46 of the Second Amended Complaint contain legal statements or conclusions that do not require a response. To the extent that a response is required, County Defendants deny the allegations therein.

21. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 47, 48, 49, and 50 of the Second Amended Complaint and, therefore, deny the same.

22. County Defendants admit that Plaintiff was terminated on July 18, 2023, for violations of the code of ethics and general conduct, but deny the balance of the allegations in paragraphs 51 and 52 of the Second Amended Complaint.

23. County Defendants admit that Plaintiff was provided a letter that identified the reasons for her termination, but deny the balance of the allegations in paragraph 53 of the Second Amended Complaint.

24. County Defendants deny the allegations in paragraph 54 of the Second Amended Complaint.

25. County Defendants admit the allegations in paragraph 55 of the Second Amended Complaint.

26. The allegations contained in paragraphs 56, 57, and 58 of the Second Amended Complaint are directed against Defendants Estrada, Vizcarra, and Jurado-Garcia, and do not require a response from County Defendants. To the extent a response is required, County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

27. County Defendants admit that Defendants Estrada, Vizcarra, and Jurado-Garcia were not disciplined, but deny the balance of the allegations in paragraph 59 of the Second Amended Complaint.

28. County Defendants admit the requirements of NMAC 10.29.1.11(E), but deny the allegations in paragraph 60 of the Second Amended Complaint.

29. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 61, 62, 63, 64, and 65 of the Second Amended Complaint and, therefore, deny the same.

30. County Defendants admit Defendant Helton has authority to consider violations of ADM 1-02-2(E), but deny the balance of the allegations in paragraph 66, of the Second Amended Complaint.

31. County Defendants deny the allegations in paragraph 67 of the Second Amended Complaint.

32. County Defendants admit that Defendants Estrada, Vizcarra, and Jurado-Garcia were charged by the New Mexico State Police with misdemeanor violations and were initially placed on administrative leave by LCSO. County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendant Porras and, therefore, deny the same. County Defendants deny the balance of allegations contained in Paragraph 68 of the Second Amended Complaint.

## FIRST CAUSE OF ACTION
### Violation of Title VII of the Civil Rights Act of 1964, as amended
### 42 U.S.C. §§ 2000e, et seq.
### Against the Board

33. No response is required to the allegations in paragraph 69 of the Second Amended Complaint. To the extent a response is required, County Defendants incorporate all answers set forth in this Answer.

34. County Defendants admit the allegations in paragraph 70 of the Second Amended Complaint.

35. County Defendants deny the allegations in paragraphs 71, 72, 73, 74, 75, and 76 of the Second Amended Complaint.

36. County Defendants admit the allegations in paragraphs 77 and 78 of the Second Amended Complaint.

37. County Defendants deny the allegations in paragraph 79 of the Second Amended Complaint.

## SECOND CAUSE OF ACTION
### Violation of New Mexico Human Rights Act
### NMSA 1978 § 28-1-7
### Against the Board

38. No response is required to the allegations in paragraph 80 of the Second Amended Complaint. To the extent a response is required, County Defendants incorporate all answers set forth in this Answer.

39. County Defendants admit the allegations in paragraph 81 of the Second Amended Complaint.

40. County Defendants deny the allegations in paragraphs 82, 83, 84, 85, 86, and 87 of the Second Amended Complaint.

41. County Defendants admit the allegations in paragraphs 88 and 89 of the Second Amended Complaint.

## THIRD CAUSE OF ACTION
### Violation of the New Mexico Civil Rights Act
### NMSA 1978, § 41-4A-3
### Against LCSO

42. No response is required to the allegations in paragraph 90 of the Second Amended Complaint. To the extent a response is required, County Defendants incorporate all answers set forth in this Answer.

43. Paragraph 91 of the Second Amended Complaint contains legal statements or conclusions that do not require a response. To the extent that a response is required, County Defendants deny the same.

44. County Defendants deny the allegations in paragraphs 92, 93, and 94 of the Second Amended Complaint.

### FOURTH CAUSE OF ACTION
### Violation of the Fourteenth Amendment's Equal Protection Clause
### 42 U.S.C. § 1983
### Against Helton, Walker, Jimenez, Roach, and Estrada, in their individual capacities

45. No response is required to the allegations in paragraph 95 of the Second Amended Complaint. To the extent a response is required, County Defendants incorporate all answers set forth in this Answer.

46. Paragraph 96 of the Second Amended Complaint contains legal statements or conclusions that does not require a response. To the extent that a response is required, County Defendants deny the same.

47. County Defendants deny the allegations in paragraphs 97, 98, 99, 100, 101, and 102 of the Second Amended Complaint.

### FIFTH CAUSE OF ACTION
### Violation of the Fourteenth Amendment's Equal Protection Clause
### 42 U.S.C. § 1983
### Against the Board

48. No response is required to the allegations in paragraph 103 of the Second Amended Complaint. To the extent a response is required, County Defendants incorporate all answers set forth in this Answer.

49. Paragraphs 104 and 105 of the Second Amended Complaint contain legal statements or conclusions that do not require a response. To the extent that a response is required, County Defendants deny the same.

50. County Defendants deny the allegations in paragraphs 106, 107, 108, 109, 110, and 111 of the Second Amended Complaint.

## SIXTH CAUSE OF ACTION
### Violation of the Fourteenth Amendment's Due Process Clause
### 42 U.S.C. § 1983
### Against Walker, Jimenez, Roach, and Estrada, in their individual capacities

51. No response is required to the allegations in paragraph 112 of the Second Amended Complaint. To the extent a response is required, County Defendants incorporate all answers set forth in this Answer.

52. Paragraphs 113 and 114 of the Second Amended Complaint contain legal statements or conclusions that do not require a response. To the extent that a response is required, County Defendants deny the same.

53. The allegations contained in paragraph 115 of the Second Amended Complaint are directed against Defendant Estrada, and do not require a response from County Defendants. To the extent a response is required, County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

54. County Defendants deny the allegations in paragraphs 116, 117, 118, and 119 of the Second Amended Complaint.

## SEVENTH CAUSE OF ACTION
### Conspiracy to Interfere with Civil Rights
### 42 U.S.C. § 1985
### Against Walker, Jimenez, Estrada, Vizcarra, Jurado-Garcia, and Porras, in their individual capacities

55. No response is required to the allegations in paragraph 120 of the Second Amended Complaint. To the extent a response is required, County Defendants incorporate all answers set forth in this Answer.

56. County Defendants deny the allegations in paragraphs 121, 122, 123, and 124 of the Second Amended Complaint

## EIGHTH CAUSE OF ACTION
### Violation of the First Amendment
### 42 U.S.C. § 1983
### Against the Board

57.     No response is required to the allegations in paragraph 125 of the Second Amended Complaint. To the extent a response is required, County Defendants incorporate all answers set forth in this Answer.

58.     Paragraph 126 of the Second Amended Complaint contains legal statements or conclusions that does not require a response. To the extent that a response is required, County Defendants deny the same.

59.     County Defendants deny the allegations in paragraphs 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, and 139 of the Second Amended Complaint.

## NINTH CAUSE OF ACTION
### Violation of the First Amendment
### 42 U.S.C. § 1983
### Against Helton and Walker in their individual capacities

60.     No response is required to the allegations in paragraph 140 of the Second Amended Complaint. To the extent a response is required, County Defendants incorporate all answers set forth in this Answer.

61.     County Defendants deny the allegations in paragraphs 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, and 151 of the Second Amended Complaint.

## TENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### Against Estrada, Vizcarra, Jurado-Garcia, and Porras

62.     No response is required to the allegations in paragraph 152 of the Second Amended Complaint. To the extent a response is required, County Defendants incorporate all answers set forth in this Answer.

63. The allegations contained in paragraphs 153, 154, 155, and 156 of the Second Amended Complaint are directed against Defendants Estrada, Vizcarra, Jurado-Garcia, and Porras, and do not require a response from County Defendants. To the extent a response is required, County Defendants deny the allegations contained therein.

### ELEVENTH CAUSE OF ACTION
### Whistleblower Protection Act
### NMSA 1978 § 10-16C-1 et seq.
### Against the Board

64. No response is required to the allegations in paragraph 157 of the Second Amended Complaint. To the extent a response is required, County Defendants incorporate all answers set forth in this Answer.

65. County Defendants admit the allegations in paragraphs 158 and 159 of the Second Amended Complaint.

66. County Defendants deny the allegations in paragraphs 160, 161, 162, and 163 of the Second Amended Complaint.

### PRAYER FOR RELIEF

67. County Defendants deny the allegations contained in Plaintiff's Prayer for Relief, including paragraphs 1, 2, 3, and 4 of the Second Amended Complaint.

### DEMAND FOR JURY TRIAL

No response is required to Plaintiff's demand for jury trial.

## AFFIRMATIVE DEFENSES

1. County Defendants had a legitimate, non-discriminatory and non-retaliatory reason for all actions taken in connection with Plaintiff's employment. NMSA § 10-16C-4(B).

2. Plaintiff's claims are barred in whole or in part for failure to state a claim upon which relief may be granted.

3. Plaintiff's claims are barred in whole or in part for failure to mitigate damages.

4. Plaintiff's claims are barred in whole or in part by the equitable doctrines of estoppel, laches and/or unclean hands.

5. Plaintiff's claims are barred in whole or in part by sovereign and/or qualified immunity.

6. Plaintiff's claims are limited in whole or in part by the doctrine of comparative fault.

7. Plaintiff's claims under the New Mexico Tort Claims Act are limited be the statutorily prescribed caps set forth in NMRA 1978, § 41-4-19.

8. Immunity for one or more of the Plaintiff's claims is not waived under the New Mexico Tort Claims Act.

9. Plaintiff's claim for punitive damages is barred by the Constitution of the United States of America, the Constitution of the State of New Mexico, and the New Mexico Tort Claims Act.

10. Plaintiff is not entitled to punitive damages against County Defendants as they did not act willfully, recklessly or engage in any grossly negligent conduct in disregard of Plaintiff's rights.

11. County Defendants reserve the right to assert additional affirmative defenses as may arise.

12. All allegations in the Second Amended Complaint not expressly admitted in this Answer are denied.

WHEREFORE, having answered Plaintiff's Second Amended Complaint, County Defendants respectfully request it be dismissed with prejudice; that County Defendants be awarded costs; and that the Court provide for such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

MYNATT SPRINGER P.C.

*/s/ Sara Woods*

BENJAMIN J. YOUNG
New Mexico Bar No. 144702
SARA E. WOODS
New Mexico Bar No. 149555
P.O. Box 2699
Las Cruces, New Mexico 88004-2699
(575) 524-8812
bjy@mynattspringer.com
sew@mynattspringer.com
*Attorneys for County Defendants*

## CERTIFICATE OF SERVICE

 I hereby certify that a true copy of the foregoing pleading was served on opposing counsel of record on this 31st day of January 2025, via electronic mail and CM/ECF:

| | |
|---|---|
| Benjamin Gubernick<br>Curtis R. Waldo<br>ben@wglawllp.com<br>curtis@wglawllp.com<br>*Attorneys for Plaintiff* | Cody R. Rogers<br>Jennifer M. Meyer<br>crogers@serpeandrews.com<br>jmeyer@serpeandrews.com<br>*Attorneys for Defendants Estrada,*<br>*Jurado-Garcia, and Vizcarra* |

Michael Newell
mnewell@newelllawnm.com
*Attorney for Defendant Porras*

_____
SARA E. WOODS