## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**KARINA TELLO**
   **Plaintiff,**

**v.**                                                    No.: 2:24-CV-00390-KG-GJF

**LEA COUNTY BOARD OF COUNTY**
**COMMISSIONERS, COREY HELTON,**
**MICHAEL WALKER, FERNANDO JIMENEZ,**
**SEAN ROACH, SONIA ESTRADA,**
**DIANA JURADO-GARCIA, AILEEN VIZCARRA,**
**ALYSSA PORRAS, DOE DEFENDANTS 1-50**
   **Defendants.**

### DEFENDANTS ESTRADA, JURADO-GARCIA, AND VIZCARRA'S
### ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

**COMES NOW** Defendants Sonia Estrada, Diana Jurado-Garcia, and Aileen Vizcarra

("Defendants"), by and through their undersigned counsel, **SERPE | ANDREWS, PLLC** (Cody

R. Rogers and Jennifer M. Meyer), hereby Answer Plaintiff's Second Amended Complaint

("SAC") as follows:

### INTRODUCTION

1. Answering Paragraphs 1 and 2 of Plaintiff's SAC, Defendants deny the allegations
   contained therein.

2. Answering Paragraph 3 of Plaintiff's SAC, Defendants admit LCSO performed an
   investigation but deny the balance of allegations.

3. Answering Paragraphs 4 and 5 of Plaintiff's SAC, Defendants deny the allegations
   contained therein.

### [ALLEGED] PARTIES

4. Answering Paragraph 6 of Plaintiff's SAC, Defendants lack sufficient information to admit
   or deny the allegations and therefore deny the allegations and demand strict proof thereof.

5.  Answering Paragraph 7 of Plaintiff's SAC, Defendants admit the allegations contained therein.

6.  Answering Paragraphs 8, 9, 10, and 11 of Plaintiff's SAC, Defendants admit the allegations as stated.

7.  Answering Paragraphs 12, 13, and 14 of Plaintiff's SAC, Defendants admit that Defendant Garcia is a deputy at LCSO and resides in Lea County, New Mexico; that Defendant Aileen Vizcarra is LCSO's public information officer, and denies the remaining allegations.

8.  Answering Paragraphs 15 and 16 of Plaintiff's SAC, Defendants lack sufficient information to admit or deny the allegations and therefore deny the allegations and demand strict proof thereof.

### [ALLEGED] JURISDICTION

9.  Answering Paragraphs 17, 18, and 19 of Plaintiff's SAC, these paragraphs contain only legal conclusions regarding jurisdiction and venue, to which no response is required.  To the extent a response in required, Defendants do not contest jurisdiction or venue in this case.

### [ALLEGED] ALLEGATIONS

10. Answering Paragraph 20 of Plaintiff's SAC, Defendants lack sufficient information to admit or deny the allegations and therefore deny the allegations and demand strict proof thereof.

11. Answering Paragraphs 21, 22, and 23 of Plaintiff's SAC, Defendants deny the allegations contained therein.

12. Answering Paragraph 24 of Plaintiff's SAC, Defendants lack sufficient information to admit or deny the allegations and therefore deny the allegations and demand strict proof thereof.

13. Answering Paragraphs 25, 26, and 27 of Plaintiff's SAC, Defendants deny the allegations contained therein.

14. Answering Paragraph 28, 29 and 30 of Plaintiff's SAC, Defendants admit that plaintiff sent "an intimate video of Plaintiff" to various individuals. Defendants deny the remaining allegations as stated.

15. Answering Paragraph 31 of Plaintiff's SAC, Defendants deny the allegations as stated.

16. Answering Paragraphs 32, 33, and 34 of Plaintiff's SAC, Defendants deny the allegations contained therein.

17. Answering Paragraph 35 of Plaintiff's SAC, Defendants lack sufficient information to admit or deny the allegations and therefore deny the allegations and demand strict proof thereof.

18. Answering Paragraphs 36 and 37 of Plaintiff's SAC, Defendants deny the allegations contained therein.

19. Answering Paragraphs 38, 39, 40, 41, 42, 43, and 44 of Plaintiff's SAC, Defendants lack sufficient information to admit or deny the allegations and therefore deny the allegations and demand strict proof thereof.

20. Paragraph 45 of Plaintiff's SAC is a statement of law. The law speaks for itself. To the extent an answer is required, the allegations are denied

21. Answering Paragraphs 46, 47, 48, 49, 50, 51, 52, and 53 of Plaintiff's SAC, Defendants lack sufficient information to admit or deny the allegations and therefore deny the allegations and demand strict proof thereof.

22. Answering Paragraph 54 of Plaintiff's SAC, this paragraph contains Plaintiff's arguments and opinions to which no answer is required. To the extent an answer is required, the allegations are denied.

23. Answering Paragraphs 55, 56, and 57 of Plaintiff's SAC, Defendants lack sufficient information to admit or deny the allegations and therefore deny the allegations and demand strict proof thereof.

24. Answering Paragraph 58 of Plaintiff's SAC, Defendants deny the allegations contained therein.

25. Answering Paragraph 59 of Plaintiff's SAC, Defendants admit that Defendants Vizcarra, Jurado-Garcia and Estrada were not disciplined. Defendants lack sufficient information to admit or deny the balance of allegations in Paragraph 59 of Plaintiff's SAC and therefore deny the allegations and demand strict proof thereof.

26. Answering Paragraphs 60, 61, 62, 63, 64, 65, 66, and 67 of Plaintiff's SAC, Defendants lack sufficient information to admit or deny the allegations and therefore deny the allegations and demand strict proof thereof.

27. Answering Paragraph 68 of Plaintiff's SAC, Defendants admit that Defendants Estrada, Vizcarra, and Jurado-Garcia were charged by the New Mexico State Police with misdemeanor violations and were initially placed on administrative leave. Defendants lack sufficient information to admit or deny the allegations regarding Defendant Porras and therefore deny the allegations and demand strict proof thereof. Defendants deny the balance of allegations contained in Paragraph 68 of Plaintiff's SAC.

**FIRST CAUSE OF ACTION**
**Violation of Title VII of the Civil Rights Act of 1964, as amended**
**42 U.S.C. §§ 2000e, et seq.**
**Against the Board**

28. Answering Paragraph 69 of Plaintiff's SAC, Defendants re-allege and incorporate all their responses to the preceding paragraphs as though fully set forth herein.

29. Paragraph 70 of Plaintiff's SAC contains only legal conclusions to which no response is required. To the extent an answer is required, Defendants deny the allegations as stated.

30. Answering Paragraph 71 of Plaintiff's SAC, Defendants lack sufficient information to admit or deny the allegations and therefore deny the allegations and demand strict proof thereof.

31. Answering Paragraphs 72, 73, 74, 75, and 76 of Plaintiff's SAC, these allegations are directed at another Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

32. Answering Paragraphs 77 and 78 of Plaintiff's SAC, Defendants lack sufficient information to admit or deny the allegations and therefore deny the allegations and demand strict proof thereof.

33. Answering Paragraph 79 of Plaintiff's SAC, Defendants lack sufficient information to admit or deny the allegations and therefore deny the allegations and demand strict proof thereof.

**SECOND CAUSE OF ACTION**
**Violation of the New Mexico Human Rights Act**
**NMSA 1978, § 28-1-7**
**Against the Board**

34. Answering Paragraph 80 of Plaintiff's SAC, Defendants re-allege and incorporate all their responses to the preceding paragraphs as though fully set forth herein.

35. Paragraph 81 of Plaintiff's SAC contains only legal conclusions to which no response is required. To the extent an answer is required, Defendants deny the allegations as stated.

36. Answering Paragraph 82 of Plaintiff's SAC, Defendants lack sufficient information to admit or deny the allegations and therefore deny the allegations and demand strict proof thereof.

37. Answering Paragraphs 83, 84, 85, 86, and 87 of Plaintiff's SAC, these allegations are directed at another Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

38. Answering Paragraphs 88 and 89 of Plaintiff's SAC, Defendants lack sufficient information to admit or deny the allegations and therefore deny the allegations and demand strict proof thereof.

**THIRD CAUSE OF ACTION**
**Violation of New Mexico Civil Rights Act**
**NMSA 1978, § 41-4A-3**
**Against LCSO**

39. Answering Paragraph 90 of Plaintiff's SAC, Defendants re-allege and incorporate all their responses to the preceding paragraphs as though fully set forth herein.

40. Paragraph 91 of Plaintiff's SAC contains only legal conclusions to which no response is required. To the extent an answer is required, Defendants deny the allegations as stated.

41. Answering Paragraph 92 of Plaintiff's SAC, Defendants deny that Defendants Estrada, Vizcarra, and Jurado-Garcia deprived Plaintiff of her rights, privileges, or immunities as alleged in Paragraph 92. The balance of allegations are directed at another Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

42. Answering Paragraph 93 of Plaintiff's SAC, Paragraph 93 contains only legal conclusions to which no response is required. The balance of allegations is directed at another Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

43. Answering Paragraph 94 of Plaintiff's SAC, Defendants deny the allegations contained therein.

**FOURTH CAUSE OF ACTION**
**Violation of the Fourteenth Amendment's Equal Protection Clause**
**42 U.S.C. § 1983**
**Against Helton, Walker, Jimenez, Roach, and Estrada, in their individual capacities**

44. Answering Paragraph 95 of Plaintiff's SAC, Defendants re-allege and incorporate all their responses to the preceding paragraphs as though fully set forth herein.

45. Paragraph 96 of Plaintiff's SAC contains only legal conclusions to which no response is required. To the extent an answer is required, Defendants deny the allegations as stated.

46. Answering Paragraph 97 of Plaintiff's SAC, Defendants deny the allegations contained therein.

47. Answering Paragraph 98 of Plaintiff's SAC, Defendants deny that Defendant Estrada, acting under the color of law, punished Plaintiff for sending an intimate video of herself to a romantic partner as alleged. The balance of allegations are directed at another Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

48. Answering Paragraph 99 of Plaintiff's SAC, Defendants lack sufficient information to admit or deny the allegations and therefore deny the allegations and demand strict proof thereof.

49. Answering Paragraphs 100 and 101 of Plaintiff's SAC, Defendants deny the allegations contained therein.

50. Answering Paragraph 102 of Plaintiff's SAC, Defendants deny that Defendant Estrada acted with evil intent or was reckless as alleged. The balance of allegations are directed at another Defendant, and, therefore, no response is required. To the extent a response is required, the allegations are denied.

**FIFTH CAUSE OF ACTION**
**Violation of the Fourteenth Amendment's Equal Protection Clause**
**42 U.S.C. § 1983**
**Against the Board**

51. Answering Paragraph 103 of Plaintiff's SAC, Defendants re-allege and incorporate all their responses to the preceding paragraphs as though fully set forth herein.

52. Paragraph 104 of Plaintiff's SAC contains only legal conclusions to which no response is required. To the extent an answer is required, Defendants deny the allegations as stated.

53. Answering Paragraph 105 of Plaintiff's SAC, Defendants lack sufficient information to admit or deny the allegations and therefore deny the allegations and demand strict proof thereof.

54. Answering Paragraphs 106, 107, 108, 109, 110, and 111 of Plaintiff's SAC, these allegations are directed at another Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

**SIXTH CAUSE OF ACTION**
**Violation of the Fourteenth Amendment's Due Process Clause**
**42 U.S.C. § 1983**
**Against Walker, Jimenez, Roach, and Estrada, in their individual capacities**

55. Answering Paragraph 112 of Plaintiff's SAC, Defendants re-allege and incorporate all their responses to the preceding paragraphs as though fully set forth herein.

56. Paragraphs 113 and 114 contain only legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations are stated.

57. Answering Paragraph 115 of Plaintiff's SAC, Defendants deny the allegations contained therein.

58. Answering Paragraph 116 of Plaintiff's SAC, Defendants deny the allegations directed at them, if any. The balance of allegations is directed at another Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

59. Answering Paragraph 117 of Plaintiff's SAC, Defendants deny the allegations directed at them, if any. The balance of allegations is directed at another Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

60. Answering Paragraphs 118 and 119, Defendants deny the allegations contained therein.

**SEVENTH CAUSE OF ACTION**
**Conspiracy to Interfere with Civil Rights**
**42 U.S.C. § 19835**
**Against Walker, Jimenez, Estrada, Vizcarra, Jurado-Gacia, and Porras, in their individual capacities**

61. Answering Paragraph 120 of Plaintiff's SAC, Defendants re-allege and incorporate all their responses to the preceding paragraphs as though fully set forth herein.

62. Answering Paragraph 121 of Plaintiff's SAC, Defendants deny that Defendants Estrada, Vizcarra, and Jurado-Garcia conspired to deprive Plaintiff of the equal protection of the laws, or of equal privileges and immunities under the laws. The balance of allegations is directed at another Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

63. Answering Paragraph 122 of Plaintiff's SAC, Defendants deny that Defendants Estrada, Vizcarra, and Jurado-Garcia did, or caused to be done, acts in furtherance of the conspiracy

as alleged. The balance of allegations is direct at another Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

64. Answering Paragraphs 123 and 124 of Plaintiff's SAC, Defendants deny the allegations contained therein.

## EIGHTH CAUSE OF ACTION
### Violation of the First Amendment
### 42 U.S.C. § 1983
### Against the Board

65. Answering Paragraph 125 of Plaintiff's SAC, Defendants re-allege and incorporate all their responses to the preceding paragraphs as though fully set forth herein.

66. Paragraphs 126, 127, 128, and 129 of Plaintiff's SAC contain only legal conclusions to which no response is required. To the extent an answer is required, the allegations are denied.

67. Answering Paragraphs 130, 131, 132, 133, 134, 135, 136, 137, 138, and 139 of Plaintiff's SAC, these allegations are directed at another Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

## NINTH CAUSE OF ACTION
### Violation of the First Amendment
### 42 U.S.C. § 1983
### Against Helton and Walker in their individual capacities

68. Answering Paragraph 140 of Plaintiff's SAC, Defendants re-allege and incorporate all their responses to the preceding paragraphs as though fully set forth herein.

69. Paragraph 141 of Plaintiff's SAC contains only legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

70. Answering Paragraphs 142, 143, 144, 145, 146, 147, 148, 149, 150, and 151 of Plaintiff's SAC, these allegations are directed at another Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

**TENTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**
**Against Estrada, Vizcarra, Jurado-Garcia, and Porras**

71. Answering Paragraph 152 of Plaintiff's SAC, Defendants re-allege and incorporate all their responses to the preceding paragraphs as though fully set forth herein.

72. Answering Paragraphs 153 of Plaintiff's SAC, Defendants deny that Defendants Estrada, Vizcarra, and Jurado-Garcia engaged in extreme and outrageous conduct direct at Plaintiff as alleged. The balance of allegations is directed at another Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

73. Answering Paragraphs 154 of Plaintiff's SAC, Defendants deny that Defendants Estrada, Vizcarra, and Jurado-Garcia's conduct was intentional or in reckless disregard of Plaintiff's rights as alleged. The balance of allegations is directed at another Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

74. Answering Paragraph 155 of Plaintiff's SAC, Defendants deny the allegations contained therein.

75. Answering Paragraphs 156 of Plaintiff's SAC, Defendants deny that Defendants Estrada, Vizcarra, and Jurado-Garcia acted with evil intent or were reckless or callously indifferent to Plaintiff's rights as alleged. The balance of allegations is directed at another Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

**ELEVENTH CAUSE OF ACTION**
**Whistleblower Protection Act,**
**NMSA 1978, § 10-16C-1 et seq.**
**Against the Board**

76. Answering Paragraph 157 of Plaintiff's SAC, Defendants re-allege and incorporate all their responses to the preceding paragraphs as though fully set forth herein.

77. Paragraphs 158 and 159 of Plaintiff's SAC contain only legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

78. Answering Paragraphs 160, 161, 162, and 163 of Plaintiff's SAC, these allegations are directed at another Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

## PRAYER FOR RELIEF

In response to Plaintiff's "Prayer for Relief," including subparagraphs 1 through 4, Defendants deny that Plaintiff is entitled to any of the relief requested therein.

## GENERAL DENIAL

All allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's SAC, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to mitigate her damages, thereby barring or reducing any recovery.

3. To the extent that Plaintiff has suffered any harm or damage, which Defendants deny, Plaintiff or a party other than Defendants caused that harm or damage.

4. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches and/or unclean hands.

5. If Defendants were at fault, which is expressly denied, their fault must be compared with the fault of Plaintiff and other persons or entities, both known and unknown, under the doctrine of comparative fault.

6. Plaintiff's SAC, in whole or in part, is barred by sovereign immunity.

7. Plaintiff's SAC, in whole or in part, is barred by qualified immunity.

8. Plaintiff's claims for damages under the New Mexico Tort Claims Act are subject to the statutorily prescribed caps on maximum recovery of damages set forth in NMRA 1978, § 41-4-19.

9. Immunity for one or more of the tort claims made by Plaintiff is not waived under the New Mexico Tort Claims Act.

10. Plaintiff's claim for punitive damages is barred by the Constitution of the United States of America, the Constitution of the State of New Mexico, and the New Mexico Tort Claims Act.

11. Plaintiff is not entitled to punitive damages against Defendants as Defendants did not act willfully, reckless or engage in any grossly negligent conduct in disregard of Plaintiff's rights.

12. The affirmative defenses set forth herein are preliminary, made without the benefits of knowing all the facts underling or pertaining to Plaintiff's claims. Defendants reserve the right to amend this answer and add additional affirmative defenses as more information becomes available through discovery or otherwise.

## DEFENDANTS' JURY DEMAND

1. Defendants hereby demand a trial by a jury.

**WHEREFORE,** having thus answered plaintiff's Complaint, Defendants Estrada, Vizcarra, and Jurado-Garcia request that Plaintiff's Second Amended Complaint be dismissed with prejudice, for their costs and fees incurred herein, and for such other relief as just and appropriate.

13

Respectfully submitted,

**SERPE | ANDREWS, PLLC**

*/s/ Jennifer M. Meyer*
Cody R. Rogers
Jennifer M. Meyer
2540 El Paseo Road, Suite D
Las Cruces, N.M. 88001
(575) 288-1453
crogers@serpeandrews.com
jmeyer@serpeandrews.com
***Attorneys for Defendants Estrada,***
***Jurado-Garcia, and Vizcarra***

I hereby certify that on this 31st day of January, 2025, I filed the foregoing through this Court's CM/ECF Filing System, causing a true and correct copy of the same to be served upon all counsel of record as more fully reflected in the Notice of Electronic Filing.

*/s/ Jennifer M. Meyer*
Jennifer M. Meyer
Serpe | Andrews, PLLC