UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KARINA TELLO,

       Plaintiff,

v.                                                 No. 2:24-CV-00390-KG-GJF

LEA COUNTY BOARD OF COUNTY
COMMISSIONERS, COREY HELTON, MICHAEL
WALKER, FERNANDO JIMENEZ, SEAN ROACH,
SONIA ESTRADA, DIANE JURADO-GARCIA,
AILEEN VIZCARRA, ALYSSA PORRAS, DOE
DEFENDANTS 1-50,

       Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Defendants Lea County Board of County

Commissioners, Corey Helton, Michael Walker, Fernando Jimenez, and Sean Roach's (County

Defendants) Motion to Dismiss Count III of Plaintiff's Second Amended Complaint (Doc. 25),

filed on July 30, 2024.  Plaintiff Karina Tello filed her Response (Doc. 27), on August 13, 2024.

County Defendants filed their Reply, (Doc. 30), on August 27, 2024.  Having considered the

briefing and the applicable law, the Court denies the Motion.

I.     *Background[1]*

The facts giving rise to this case stem from certain law enforcement officers'

unauthorized distribution of an intimate video created by a fellow law enforcement officer.  In

February 2023, Plaintiff started working as a deputy at the Lea County Sheriff's Office (LCSO).

---

[1] The Court takes all well-pled facts alleged in Plaintiff's Second Amended Complaint,
(Doc. 21), as true and views them in the light most favorable to her, drawing all reasonable
inferences from the facts in her favor.  *Frey v. Town of Jackson, Wyo.*, 41 F.4th 1223, 1232 (10th
Cir. 2022).

(Doc 21) at 3, ¶ 20.  A few months prior to working as a LCSO deputy, Plaintiff recorded an intimate video of herself (Video), in the privacy of her own home, solely for her romantic partner.  *Id.* at 3–4, ¶ 29.

At the LCSO, there were at least three employees who disliked Plaintiff because they believed Plaintiff caused their friend to lose his job.  *Id.* at 3, ¶ 21.  These employees included: Defendant Sonia Estrada, a LCSO sergeant, Defendant Diane Jurado-Garcia, a LCSO deputy, and Defendant Aileen Vizcarra, a LCSO public relations officer (collectively, "LCSO Conspirators").  *Id.* at 2–3, ¶¶ 12–14, 21.  These "LCSO Conspirators devised a scheme to humiliate Plaintiff and ruin her career."  *Id.* at 4, ¶ 25.

At some point, Defendant Alyssa Porras, a Lovington Police Department officer, acquired Plaintiff's Video and told the LCSO Conspirators as much.  *Id.* at 4, ¶¶ 28, 30.  The LCSO Conspirators told Defendant Porras they wanted to disseminate the Video, and Defendant Porras agreed.  *Id.* at 4, ¶ 30.  Prior to disseminating the Video, the LCSO Conspirators sought and obtained permission from their superiors: Defendants Michael Walker, LCSO's undersheriff, and Fernando Jimenez, a LCSO chief deputy.  *Id.* at 2,4, ¶¶ 9–10, 31.  Defendants "Walker and Jimenez authorized the LCSO Conspirators' actions, and even offered to help."  *Id.* at 4, ¶ 31.  Concerned the Video's distribution would be traced back to them, the LCSO Conspirators used a Tracfone—a prepaid cellular phone—to disseminate the video.  *Id.* at 4, ¶¶ 26, 32–33.

On June 13, 2023, LCSO officials and others—including Plaintiff's fiancée—began receiving the Video over text message from the Tracfone.  *Id.* at 5, ¶¶ 34–36.  Plaintiff was mortified by the distribution of the Video and considered killing herself.  *Id.* at 5, ¶ 38.  Two days later, Plaintiff was called in for a meeting with Defendant Sean Roach, a LCSO captain, where—despite Plaintiff pointing out that she was the victim of revenge pornography—

Defendant Roach told her "*she* had violated LCSO's code of ethics" based on the Video.  *Id.* at 5, ¶¶ 39–40.

No disciplinary action was taken against any of the LCSO Conspirators.  *Id.* at 7, ¶ 59. Furthermore, Defendant Corey Helton, the Lea County Sheriff, did not notify the director of the New Mexico Law Enforcement Training Academy of his officers' misconduct as required by the New Mexico Administrative Code.  *Id.* at 7, ¶ 60.

Based on these events, Plaintiff brings eleven causes of action.  This Motion relates to Plaintiff's Third Cause of Action, which claims that the LCSO violated her rights under the New Mexico Civil Rights Act.  Plaintiff claims Defendants Estrada, Vizcarra, Jurado-Garcia, along with Defendants Walker and Jimenez, deprived her of the rights, privileges, or immunities secured by the New Mexico Constitution when they acquired and disseminated the Video.  *Id.* at 9, ¶¶ 91–92.  Plaintiff further claims these Defendants "acted on behalf of, under color of, or within the course and scope of, the authority of LCSO."  *Id.* at 10, ¶ 93.  The deprivation of Plaintiff's rights caused her to suffer damages, including emotional distress.  *Id.* at 10, ¶ 94.

II.    *Legal Standard*

A.  *Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In ruling on a Rule 12(b)(6) motion to dismiss, the court does not "weigh potential evidence that the parties might present at trial, but [] assesse[s] whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *VDARE Found. v. City of Colorado Springs*, 11 F.4th 1151, 1158 (10th Cir. 2021) (quoting *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003)).

"To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim "has facial plausibility" if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "A plaintiff must allege sufficient facts to 'nudge[] [his] claims…across the line from conceivable to plausible.'" *VDARE Found.*, 11 F.4th at 1158 (alterations in original) (quoting *Iqbal*, 556 U.S. at 680).

In conducting the Rule 12(b)(6) analysis, courts "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1159 (quoting *Iqbal*, 556 U.S. at 679).  "When there are well-pleaded factual allegations" remaining, courts "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.  "While '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context,'…the court need not accept 'conclusory allegations without supporting factual averments.'" *VDARE Found.*, 11 F.4th at 1159 (alteration in original) (internal citations omitted).

## III.    *Discussion*

County Defendants argue Count III of Plaintiff's Second Amended Complaint should be dismissed for three reasons.  (Doc. 25) at 2, 3–5.  First, they argue a claim under the NMCRA can only be brought against a public body; Count III is alleged against the Sheriff's Office, which is not a public body.  *Id.* at 2, 4.  Second, they argue Plainitff's claim is prohibited under the New Mexico Civil Rights Act (NMCRA) because it arises from her employment.  *Id.* at 2, 3–4.  Third, they argue "the actions of individual employees of the County are not plausibly alleged

4

to have occurred under the color of law or within the scope of authority of the public body." *Id.* at 2, 4–5. The Court addresses each argument in turn.

First, County Defendants argue Plaintiff cannot maintain her NMCRA claim against LCSO under Count III because it is not a public body. *Id.* at 4. County Defendants point to § 41-4A-3(C) of the NMCRA, which states that an NMCRA claim "shall be brought exclusively against a public body." *Id.* In her Response, Plaintiff acknowledges she cannot maintain a claim against the Sheriff's Office and states that she mistakenly listed LCSO as the defendant under Count III instead of the Lea County Board of County Commissioners (Board). (Doc. 27) at 3. She therefore requests leave to file a corrected complaint substituting the "Board" for the "LCSO". *Id.* County Defendants do not appear to oppose Plaintiff's request. Additionally, the Court notes a party should be allowed to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a). The Court will therefore allow Plaintiff to amend her complaint only as it relates to correcting the named defendant in Count III from the "LCSO" to the "Board," which is a public body.

Second, the Court turns to County Defendants' argument that the plain language of the NMCRA precludes Plaintiff from bringing a claim against the Board because it "arises from" her employment. (Doc. 25) at 3. Plaintiff counters, arguing her claim does not "arise from" her employment. (Doc. 27) at 6.

Section 41-4A-3(D) of the NMCRA provides that "[i]ndividuals employed by a public body shall be prohibited from using the New Mexico Civil Rights Act to pursue a claim arising from the individual's employment by the public body." NMSA 1978, § 41-4A-3(D) (2021). Acknowledging a dearth of case law interpreting the NMCRA, County Defendants nonetheless argue that the New Mexico Court of Appeals has already interpreted Section 41-4A-3(D) of the

5

NMCRA. (Doc. 25) at 3. Specifically, Defendants cite *Bethke v. N.M. St. Univ.* A-1-CA-40908 mem. op. (N.M. Ct. App. June 28, 2023) (nonprecedential). *Bethke*, however, is inapposite to the instant case.

The question in *Bethke* was whether the plaintiff, as a former employee, could bring a NMCRA claim against the defendant. *Bethke*, A-1-CA-40908 mem. op. at ¶ 4. The Court of Appeals held she could not because the plain language of § 41-4A-3(D) precluded her from bringing such a claim. *Id*. ¶¶ 4–7. But unlike this case, the argument in *Bethke* turned on the meaning of the term "employed"—not "arising from." The court explained the term "employed" was "grammatically consistent with both current and past tense usages (i.e., an individual *is employed* or *was* employed)." *Id.* ¶ 4. To be clear, the court in *Bethke* was not tasked with deciding whether the plaintiff's claim "arose from" her employment. Unlike the plaintiff in *Bethke*, Plaintiff in this case argues she can maintain her NMCRA claim because her claim does not arise from her employment. (Doc. 27) at 6. The Court is persuaded by Plaintiff's argument.

Although New Mexico courts have yet to define when a claim "arises from" employment in the NMCRA context, there is abundant case law interpreting when a claim "arises from" employment in the worker's compensation context. In the worker's compensation context, a claim "arises from" employment when the "causative danger [is] peculiar to the work itself and not independent of the employment relationship." *Flores v. McKay Oil Corp.*, 2008-NMCA-123, ¶ 10 (citing *McDaniel v. City of Albuquerque*, 1982-NMCA-164, ¶ 6). Put another way, a plaintiff's claim "arises from" employment only if it was reasonably foreseeable to the nature and manner of employment. *Rodriguez v. Permian Drilling Corp.*, 2011-NMSC-032, ¶ 9. The Court sees no reason to depart from this established interpretation of whether a claim "arises from" employment.

Here, Plaintiff's injury was not a foreseeable consequence of her employment. It is not foreseeable that Plaintiff, as a deputy sheriff, would be at risk of having fellow coworkers surreptitiously acquire and widely disseminate an intimate video of herself. County Defendants do not argue otherwise. Thus, NMCRA's Section 41-4A-3(D) does not preclude Plaintiff from bringing a claim against the Board.

Third, the Court addresses Defendants' argument that Plaintiff's Second Amended Complaint "fails to make any plausible allegations that the 'conspirators' obtained and disseminated Plaintiff's video under color of law or in the course and scope of their authority as law enforcement officers." (Doc. 25) at 4. The Court disagrees.

"[A]cting under color of state law requires that the defendant…exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Jojola v. Chavez*, 55 F.3d 488, 492–93 (10th Cir. 1995) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). This authority can be either actual or apparent. *Id.* at 493. (citations omitted). In the public employment context, "state employment is generally sufficient to render the defendant a state actor." *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935–36 n.18 (1982)). However, it is also "well settled that an otherwise private tort is not committed under color of law simply because the tortfeasor is an employee of the state." *Id.* (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1150 (3d Cir. 1995)). To demonstrate a party acted under color of state law, "there must be 'a real nexus' between the employee's use or misuse of their authority as a public employee, and the violation allegedly committed by the defendant." *Id.* (citations omitted).

Here, Plaintiff alleges the LCSO Conspirators disseminated the Video only after receiving authorization from Undersheriff Walker and Chief Deputy Jimenez. The Court

determines this is enough, at the motion to dismiss stage, to demonstrate Defendants acted under color of law.  Thus, Plaintiff can maintain her NMCRA claim.

IV.    *Conclusion*

For the reasons stated above.  The Court will allow Plaintiff to amend her complaint only as it relates to correcting the named defendant in Count III from the "LCSO" to the "Board", and the Court denies Defendants' Motion to Dismiss Count III of Plaintiff's Second Amended Complaint, (Doc. 25).

IT IS SO ORDERED.

/s/ KENNETH J. GONZALES[2]
CHIEF UNITED STATES DISTRICT JUDGE

---

2 Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.