IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KARINA TELLO,

      **Plaintiff,**

v.

                                            No.: 2:24-CV-00390-KG-GJF

LEA COUNTY BOARD OF COUNTY
COMMISSIONERS, COREY HELTON,
MICHAEL WALKER, FERNANDO JIMENEZ,
SEAN ROACH, SONIA ESTRADA,
DIANE JURADO-GARCIA, ALIEEN VIZCARRA,
ALYSSA PORRAS, DOE DEFENDANTS 1-50,

      **Defendants.**

## DEFENDANTS ESTRADA, JURADO-GARCIA, AND VIZCARRA'S MOTION TO DISMISS COUNTS IV, VII, AND X OF PLAINTIFF'S THIRD AMENDED COMPLAINT

**COME NOW** Defendants Sonia Estrada, Diana Jurado-Garcia, and Aileen Vizcarra (hereinafter "Defendants"), by and through undersigned counsel, SERPE | ANDREWS, PLLC (Cody R. Rogers and Jennifer M. Meyer), and hereby submit this Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) for failure to state claims upon which relief can be granted. Pursuant to D.N.M. LR-Civ 7.1(a), counsel for plaintiff was contacted regarding their position and indicated they are reviewing the Motion. In support of their Motion, Defendants state as follows:

### INTRODUCTION

Plaintiff is a former Deputy with the Lea County Sheriff's Office ("LCSO"). According to Plaintiff, she is a victim of a revenge-porn conspiracy concocted by her former colleagues and friends. Further, Plaintiff claims she was terminated in retaliation for reporting the alleged conspiracy and in violation of her civil rights. However, the facts as plead by Plaintiff in her Third Amended Complaint ("TAC") do not support her claims.

1

The Court must dismiss Counts IV, VII and X of the Third Amended Complaint (hereinafter, "TAC") against Defendants Estrada, Jurado-Garcia and Vizcarra for three reasons. First, Plaintiff's Equal Protection claim against Defendant Estrada fails as the factual allegations are plainly inadequate to establish a claim pursuant to 42 U.S.C. §1983. Second, Plaintiff's 42 U.S.C. § 1985 claim fails as Plaintiff admits that Defendants lacked the required class-based animus. Finally, Plaintiff' claim for Intentional Infliction of Emotional Distress (hereinafter, "IIED") is barred by the New Mexico Tort Claims Act (hereinafter, "TCA").

## LEGAL STANDARD

### I.  Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, U.S., 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The Court must "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bixler v. Foster,* 596 F.3d 751, 756 (10th Cir. N.M. 2010) (citing *Iqbal,* 129 S. Ct. at 1949).

To survive a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008), citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). However, conclusory allegations, naked assertions, and recitations of the elements of a cause of action fail to meet federal Complaint pleading standards. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The court's consideration, therefore, is limited to determining whether the complaint states a legally sufficient

claim upon which the court can grant relief. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

## ARGUMENTS AND AUTHORITIES

**I.   The Court Must Dismiss Plaintiff's Equal Protection Claim Against Estrada Pursuant to Fed. R. Civ. P. 12(b)(6) as She Has Failed to Plead Plausible Facts Demonstrating Defendant Estrada's Personal Involvement.**

It is well established that for liability to arise under § 1983, a defendant's direct and personal responsibility for the claimed deprivation must be established. *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) *citing Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). Moreover, because the doctrine of respondeat superior does not apply in § 1983 actions, a supervisor cannot be held liable individually unless they affirmatively participated or acquiesced in the constitutional violations. *Ortega v. Gonzales*, No. 93-6232, 1994 U.S. App. LEXIS 2721, *6 (10th Cir. Feb. 17, 1994) (citing *Winters v. Board of County Comm'rs*, 4 F.3d 848, 855 (10th Cir. 1993)).

According to Plaintiff's allegations, Defendant Estrada violated Plaintiff's civil rights by terminating her employment because of her gender [Doc. 41, at ¶ 96-103]. However, Plaintiff's TAC is devoid of any plausible facts demonstrating that Defendant Estrada had any personal involvement—or any involvement—in the alleged violations of Plaintiff's right to equal protection. [Doc. 41 at ¶¶ 96-103, 113-120]. Indeed, besides a single conclusory allegation that she was "acting under the color of law", Plaintiff's Equal Protection is silent as to Defendant Estrada. [Doc. 41, at ¶ 99].  There are no facts asserted to suggest how, or whether, Defendant Estrada allegedly participated in the decision to terminate Plaintiff's employment.

As such, her claim against Defendant Estrada is legally insufficient on the facts alleged. *See Trujillo v. Williams*, 65 F.3d 1210, 1227-28 (10th Cir. 2006) ("Nothing in [Plaintiff's] complaint indicates any personal participation by the New Mexico defendants in determining the

amount of food [Plaintiff] received at the [] prison." (citing *Olson v. Stotts,* 9 F.3d 1475, 1477 (10th Cir.1993) (affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants")).

II.  **The Court Must Dismiss Counts VII and X Against Defendants Estrada, Vizcarra, and Jurado-Garcia Pursuant to Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted**

   A. **Plaintiff's Claim for Conspiracy to Interfere with Civil Rights is Insufficient as a Matter of Law and Must be Dismissed**

42 U.S.C. § 1985 "provides a remedy for a conspiracy to violate a person's civil rights. *See Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). However, when a "Plaintiff's cause[] of action for conspiracy are not set forth with sufficient detail to support [Plaintiff's] claims, [Courts] recommend that [the claims] be dismissed." *Taylor v. Burns*, No. 13-15 JCH/GBW, 2013 U.S. Dist. LEXIS 206018, at *11 (D.N.M. Apr. 22, 2013). Section 1985 includes three (3) subsections, and while Plaintiff is silent under which subsection her claims are brought, as she is not claiming Defendants prevented her from holding office or from testifying in federal court, only subsection 1985(3) is applicable[1]. A plaintiff seeking recovery for a private conspiracy in violation of §1985(3) must show "(i) a conspiracy*, motivated by racially-discriminatory animus*; (ii) to deprive the plaintiff of equal protection or equal protections of the laws; (iii) an act in furtherance of the conspiracy; and (iv) an injury or deprivation resulting therefrom." *Taylor*, 2013 U.S. Dist. LEXIS 206018 at *11 (citing *Archuleta v. City of Roswell*, 898 F.Supp.2d 1240, 1244 (D.N.M. Sept. 30, 2012)) (emphasis added).

---

[1] Subsection 1985(1) prohibits conspiracy "to prevent by force, intimidation, or threat, any person from holding an officer under the United States or from discharging duties thereof." Under Subsection 1985(2), a Plaintiff must plead that the Defendants "conspire[d] to deter, by force, intimidation, or threat, any party or witness from attending or testifying in a federal court." *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1125 (10th Cir. 1994).

4

Importantly, Section 1985 "allegations of conspiracy must be pled with specificity." *Id*. at *12 (citing *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir. 1994)). In *Taylor v. Bur*ns, the Court was presented with a similarly insufficient claim under Section 1985. *Id.* The Court found the plaintiff had failed to state a viable claim for civil conspiracy as he had failed to allege that the Defendant's actions "were motivated by racial or class-based animus as required for a claim raised under Section 1985(1) or (3)." *Id.*

"Section 1985(3) provides no substantive rights itself." *Muller v. Pearson-Chavez*, No. 1:16-cv-00217-MCA-SCY, 2017 U.S. Dist. LEXIS 18143, at *13 (D.N.M. Feb. 7, 2017) (citing *Great Am. Fed. Sav. Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979)). "It is a purely remedial statute, providing a civil cause of action when some otherwise defined federal right—to equal protection of the laws or equal privileges and immunities under the laws—is breached by a conspiracy in the manner defined by the section." *Id*. (citing *Great Am. Fed. Sav. Loan Ass'n*, 442 U.S. at 376).

In the case at bar, Plaintiff has not even attempted to plead facts to establish the elements of a Section 1985(3) claim as her allegations consist solely of conclusory allegations and are devoid of any plausible facts to support her claim. [Doc. 41, at ¶122-123] (alleging Defendants "conspired to deprive Plaintiff of the equal protection of the laws" and "did, or caused to be done, acts in furtherance of the conspiracy.") Further, what Plaintiff does allege demonstrates that a "Section 1985(3) is not the appropriate vehicle to remedy the particular wrongs that Plaintiff claims to have suffered." *Muller,* 2017 U.S. Dist. LEXIS 18143, at *13-14 (citing *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) ("§ 1985(3) does not apply to all tortious conspiratorial interferences with the rights of others, but rather only to conspiracies motivated by some racial, or perhaps otherwise class-based invidiously discriminatory animus. claim is silent as to any alleged

class-based discriminatory animus."). Indeed, Plaintiff admits Defendants were motivated purely by personal animus toward Plaintiff. [Doc. 41, at ¶ 21] (admitting Defendants "disliked" Plaintiff and "wanted to get back at her[.]").

Ultimately, Plaintiff Count VII is insufficient as a matter of law as Plaintiff has admitted the alleged conspiracy was not the result of class-based discriminatory animus. Accordingly, the Court must dismiss Plaintiff's claim with prejudice as Plaintiff's admission precludes her from claiming relief under Section 1985(3).

### B. Plaintiff's Claim for Intentional Infliction of Emotional Distress Must be Dismissed Under the New Mexico Tort Claims Act.

It is well established in New Mexico that sovereign immunity is not waived for claims of intentional infliction of emotional distress when brought against a public employee within the meaning of the New Mexico Tort Claims Act ("TCA"). *See* NMSA 1978, §41-4-3(F). As such, Plaintiff's claims are subject to the limitations found in the TCA, which declares that public employees and governmental entities "acting within the scope of their duties are exempt from liability for torts unless liability has been expressly waived under the provisions of the TCA. *Strickland v. City of Las Cruces*, No. 23-cv-116 KG/KRS, 2025 U.S. Dist. LEXIS 22692, at *5 (D.N.M. Feb. 6, 2025) (citing *Celaya v. Hall*, 2004-NMSC-005, ¶8, 135 N.M. 115).

The facts alleged in the TAC clearly demonstrate that her claims are brought against Defendants while they were acting as police officers. [Doc. 41 at ¶ 99] (alleging Defendants acted under color of law when they allegedly disclosed the Video). Moreover, Plaintiff repeatedly references Defendants' employment status, and all of Plaintiff's claims are against Defendants as employees of LCSO. [Doc. 41 at ¶¶ 20-22, 31, 37, 48, 57, 94, 99, 116, 118] (discussing Defendants conduct within the context of their employment). As intentional infliction of emotional distress is not included in the list of torts for which immunity has been waived, Plaintiff's claim fails as a

matter of law. *See* NMSA 1978, §41-4-5 to -12. "In the absence of an express waiver of immunity under the NMTCA, the courts of this state have consistently declined to permit individuals to bring lawsuits against public government entities and public employees. *Strickland*, 2025 U.S. Dist. LEXIS 22692, at *6. As New Mexico has not waived immunity for IIED claims, Plaintiff's claim must be dismissed with prejudice.

## CONCLUSION

Ultimately, Plaintiff's claims against Defendants are insufficient as a matter of law because Plaintiff has failed to plead facts sufficient to establish claims pursuant to 42 U.S.C. §1983 against Defendant Estrada. Additionally, Plaintiff's claims against Defendants Estrada, Vizcarra and Jurado-Garcia fail as Plaintiff admits there was no class-based animus as required by Section 1985, and her intentional infliction of emotional distress claims are barred by the TCA. Accordingly, Defendants Estrada, Vizcarra, and Jurado-Garcia respectfully request that the Court enter an order dismissing Counts IV, VII and X of the Third Amended Complaint with prejudice, and for such other and further relief as the Court deems appropriate.

Respectfully submitted,

**SERPE | ANDREWS, PLLC**

*/s/ Jennifer M. Meyer*
Cody R. Rogers
Jennifer M. Meyer
2540 El Paseo Road, Suite D
Las Cruces, N.M. 88001
(575) 288-1453
crogers@serpeandrews.com
jmeyer@serpeandrews.com
***Attorneys for Defendants Vizcarra, Estrada, and Jurado-Garcia***

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 15, 2025, I filed the foregoing through this Court's CM/ECF Filing System, causing a true and correct copy of the same to be served upon all counsel of record as more fully reflected in the Notice of Electronic Filing.

*/s/ Jennifer M. Meyer*
Jennifer M. Meyer
Serpe | Andrews, PLLC