IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KARINA TELLO

**Plaintiff,**

**v.**                                             **No. 2:24-CV-00390-KG-KRS**

**LEA COUNTY BOARD OF COUNTY
COMMISSIONERS, COREY HELTON,
MICHAEL WALKER, FERNANDE JIMENEZ,
SEAN ROACH, SONIA ESTRADA,
DIANE JURADO-GARCIA, AILEEN VIZCARRA,
ALYSSA PORRAS, DOE DEFENDANTS 1-50**

        **Defendants.**

### DEFENDANTS ESTRADA, JURADO-GARCIA, AND VIZCARRA'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

        **COMES NOW** Defendants Estrada, Jurado-Garcia, and Vizcarra ("Defendants") by and through their attorneys of record, SERPE ANDREWS, PLLC (Cody R. Rogers and Jennifer M. Meyer), respectfully submit this Reply in Support of their Motion to Dismiss *Plaintiff's Third Amended Complaint* ("TAC") pursuant to Fed. R. Civ. P. 12(B)(6) for failure to state claims upon which relief can be granted. In support of their Motion, Defendants state the following:

### INTRODUCTION

        Simply stated, the facts as pled by Plaintiff do not support her claims pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1985. Further, her claims of Intentional Infliction of Emotional Distress ("IIED") are barred by the New Mexico Tort Claims Act ("TCA").

        Plaintiff's Response fails to address the deficiencies in the TAC and instead regurgitates the same conclusory allegations enumerated in her amended complaint. Plaintiff's transparent attempts to recast this matter as one based on "outdated gender stereotypes" are undermined by

her own allegations that Defendants were motivated by revenge, *not gender*. Ultimately, Counts

IV, VII and X are insufficient as a matter of law and must be dismissed pursuant to Fed. R. Civ. P.

12(B)(6).

## ARGUMENTS AND AUTHORITIES

I.    **Plaintiff Fails to Plead Facts Demonstrating Defendant Estrada's Personal Involvement**

For complaints that allege claims under 42 U.S.C. §1983 against individual government

actors, such claims "pose a greater likelihood of failures in notice and plausibility because they

typically include complex claims against multiple defendants." *Robbins v. Oklahoma*, 519 F.3d

1242, 1249 (10th Cir. 2008). Thus, "it is particularly important in such circumstances that the

complaint make clear exactly who is alleged to have done what to whom, to provide each

individual with fair notice as to the basis of the claims against him or her, as distinguished from

collective allegations against the state." *Id*. However, a court need not speculate because the burden

rests on the plaintiff to provide fair notice of the grounds for the claims made against each of the

defendants. *Id*.

In the case at bar, Plaintiff claims her rights were violated by Defendant Estrada because

she was "subject[ed]…to adverse employment action because of [her] gender." [Doc. 41 at ¶97].

Relying solely on conclusory allegations, Plaintiff asserts she was sexually harassed, humiliated,

subject to a hostile work environment, and terminated because of her gender. [Doc. 41 at ¶98]. Yet,

Plaintiff's TAC contains no plausible facts demonstrating that Defendant Estrada was at all

involved in any adverse employment action against Plaintiff. In her Response, Plaintiff asserts that

her "legal conclusions are supported by the TAC's Allegations Section." [Doc. 52 at 4]. However,

Plaintiff's claim is insufficient as a matter of law as it fails to "explain what *each defendant* did to

[Plaintiff]; when the defendant did it; how the defendant's actions harmed [Plaintiff]; and what

specific legal right [she] believes the defendant violated." *Lowrey v. Sandoval Cnty. Children Youth & Families Dep't*, No. 23-203, 2023 U.S. App. LEXIS 18027 at *6 (10th Cir. 2023) (emphasis added).

Plaintiff's claims of alleged harassment and hostile work environment are similarly deficient. Indeed, the TAC is riddled with generalized references to the "LCSO Conspirators" that lack factual distinction as to what acts are attributable to whom. [Doc. 41 at ¶¶ 21, 25-26, 30-33, 59]. *See Williams v. Utah Dep't of Corr.,* 928 F.3d 1209, 1212-13 (10th Cir. 2019). Plaintiff makes similar collective references about Defendants "Helton, Walker, Jimenez, Roach and Estrada" and that she suffered damages "[a]s a proximate result of Defendants' actions[.]" [Doc. 41 at ¶¶99, 102]. These generalized references to "Defendants" and "LCSO Conspirators" are not "supported by factual content, and [are] merely a conclusion of law. Under *Twombly* and *Iqbal*, this is insufficient, and not entitled to a presumption of truth." *Kansas Pen. Gaming LLC v. Collins*, 656 F.3d 1210, 1218 (10th Cir. 2011) (internal citations omitted). This is particularly true in the context of alleged adverse employment actions, where only certain individuals had involvement in or authority to make employment decisions.

Despite being granted the opportunity to amend her complaint a third time, Plaintiff has again failed to meet federal pleading standards for her claim against Defendant Estrada. The evidence overwhelmingly shows that because of the TAC's lack of factual "distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional act they are alleged to have committed." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (citation omitted). Plaintiff's allegations against Defendant Estrada are not enough to provide adequate notice of any alleged constitutional violations, and this

claim must be dismissed. *See Williams v. Utah Dep't of Corr.,* 928 F.3d 1209, 1212-13 (10th Cir. 2019).

## II.     Plaintiff Fails to Plead Plausible Facts Support Her Section 1985 Claim

Taking all plead facts as true for the purpose of the Motion to Dismiss, Plaintiff's 42 U.S.C. §1985 claim fails to set forth sufficient factual details and must be dismissed. *See Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). In her Response, Plaintiff argues the TAC properly alleged gender-based animus.  However, the TAC is facially devoid of any allegations regarding Defendants' motivations.   According to Plaintiff, her Section 1985 claim was pled with sufficient detail because it asserts that Defendants "disliked" Plaintiff because a "friend of theirs had recently lost his job after Plaintiff reported him for sexual harassment." [Doc. 41 at ¶ 21]. However, Plaintiff conveniently neglects to include the next sentence, which claims that said Defendants "blamed Plaintiff and wanted to get back at her." [Doc. 41 at ¶ 21]. Based on the TAC, Plaintiff claims Defendants' alleged actions were based on revenge for their friend losing his job, not because Plaintiff allegedly complained of sexual harassment. This is insufficient as a matter of law. *See Taylor v. Burns*, No. 13-15 JCH/GBW, 2013 U.S. Dist. LEXIS 206018, at *12 (D.N.M. Apr. 22, 2013) (Supporting dismissal of Section 1985 claims that fail to specifically allege that the defendant's actions "were motivated by racial or class-based animus as required").

Further, what Plaintiff does allege demonstrates that a "Section 1985(3) is not the appropriate vehicle to remedy the particular wrongs that Plaintiff claims to have suffered." *Muller v. Pearson-Chavez,* No. 1:16-cv-00217-MCA-SCY, 2017 U.S. Dist. LEXIS 18143, at *13-14 (D.N.M. Feb. 7, 2017) (citing *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (Section 1985 "does not apply to all tortious, conspiratorial interferences with the rights of others."). Specifically, Plaintiff's TAC fails to demonstrate—or even allege—that Defendants Estrada, Jurado-Garcia and Vizcarra were motivated by gender-based animus. Instead, Plaintiff relies on the TAC's reference

to a single instance in which Defendants allegedly called Plaintiff a "whore" to demonstrate that Defendants were motivated by gender. [Doc. 52].

Plaintiff's chosen examples serve only to highlight the deficiencies in her TAC. The TAC contains no allegation that Defendants Estrada, Jurado-Garcia and Vizcarra were motivated by gender-based animus. Instead, Plaintiff's TAC clearly states that Defendants were "motivated by base resentment[.]" [Doc. 41 at ¶ 2]. In other words, Plaintiff has already specified the Defendants' motive, and it has nothing to do with gender. "[I]n the absence of class-based or racial discriminatory animus, [Plaintiff's TAC] fails to state a claim under §1985" and must be dismissed. *Archuleta v. City of Roswell*, 898 F. Supp. 2d 1240, 1247 (D.N.M. 2012) (citing *Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979)).

### III. Plaintiff's Factual Allegations Fail to Demonstrate that Defendants Estrada, Jurado-Garcia and Vizcarra were Not Acting in their Capacities as Public Employees Pursuant to the TCA.

Plaintiff's claim for IIED must be dismissed as she admits Defendants Estrada, Jurado-Garcia and Vizcarra were acting within the scope of their duties as public employees. [Doc. 41 at ¶ 99]. Pursuant to the TCA, sovereign immunity is not waive for claims of IIED when brought against a public employee "acting within the scope of their duties[.]" *Strickland v. City of Las Cruces*, No. 23-cv-116 KG/KRS, 2025 U.S. Dist. LEXIS 22692, at *5 (D.N.M. Feb. 6, 2025) (citing *Celaya v. Hall*, 2004-NMSC-005, ¶8, 135 N.M. 115).

As with her TAC, Plaintiff's Response is a morass of conclusory allegations and contradictory statements. Despite asserting that sovereign immunity under the TCA has not been waived for her claims of IIED against Defendants Estrada, Jurado-Garcia, and Vizcarra, Plaintiff admits the evidence will show said Defendants were acting in their capacity of public employees. [Doc. 52 at 6].

Moreover, Plaintiff contends her IIED claim should not be dismissed because there is a dispute regarding material facts–namely, whether Defendants were public employees. [Doc. 52 at 6]. However, all of the facts alleged in the TAC allege that Defendants were acting in their capacity as public employees. *See Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 12226, 1236 (10th Cir. 1999) (at the motion to dismiss stage, the court's consideration is limited to determining whether the complaint states a legally sufficient claim upon which relief can be granted). Indeed, the TAC is devoid of any allegation that the Defendants were acting in any other capacity than as employees of Lea County Sheriff's Office. [Doc. 41 at ¶¶ 12-14, 94, 99]. Plaintiff cannot have it both ways. Because Plaintiff's allegations in the TAC all hinge on the notion that Defendants were acting in their capacity as public employees, her IIED claims must be dismissed. Therefore, as New Mexico has not waived sovereign immunity for IIED claims against public employees, Plaintiff's claim must be dismissed with prejudice.

## CONCLUSION

**WHEREFORE**, Defendants Estrada, Vizcarra and Jurado-Garcia respectfully request this Court dismiss Counts IV, VII and X of Plaintiff's Third Amended Complaint for failure to state claims upon which relief can be granted, and for such further relief as it deems right and just.

Respectfully submitted,

**SERPE | ANDREWS, PLLC**

*/s/ Jennifer M. Meyer*
Cody R. Rogers
Jennifer M. Meyer
2540 El Paseo Road, Suite D
Las Cruces, N.M. 88001
crogers@serpeandrews.com
jmeyer@serpeandrews.com
***Attorneys for Defendants Vizcarra, Estrada, and Jurado-Garcia***

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2025, I filed the foregoing through this Court's CM/ECF Filing System, causing a true and correct copy of the same to be served upon all counsel of record as more fully reflected in the Notice of Electronic Filing.

*/s/ Jennifer M. Meyer*
Jennifer M. Meyer
Serpe | Andrews, PLLC