**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**KARINA TELLO**

**Plaintiff,**

**v.** **No. 2:24-CV-00390-KG-GJF**

**LEA COUNTY BOARD OF COUNTY COMMISSIONERS, COREY HELTON, MICHAEL WALKER, FERNANDO JIMENEZ, SEAN ROACH, SONIA ESTRADA, DIANE JURADO-GARCIA, AILEEN VIZCARRA, ALYSSA PORRAS, DOE DEFENDANTS 1-50**

**Defendants.**

**MOTION TO QUASH AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO THE NEW MEXICO STATE POLICE**

COMES NOW Defendants Aileen Vizcarra, Sonia Estrada, and Diana Jurado-Garcia ("Defendants"), by and through their attorneys of record, SERPE ANDREWS, PLLC (Cody R. Rogers and Jennifer M. Meyer), and for Defendants' Motion to Quash and/or Objections to Plaintiff's Subpoena[1] to the New Mexico State Police ("Subpoena"), hereby state the following:

**INTRODUCTION**

1. On July 7, 2025, counsel for Plaintiff issued a subpoena to the New Mexico State Police ("NMSP"). *See* Pl.'s Subpoena to the New Mexico State Police ("Subpoena"), attached hereto as **Exhibit A-1.**

2. The subpoena seeks the "[c]omplete, unaltered Cellebrite Physical Analyzer extraction reports for the cell phones of Diana Garcia, Aileen Vizcarra, and Sonia Estrada, as described in New Mexico State Police Report NMSPR2307574. Including *all* physical extraction files (ufd, .bin,

[1] Pursuant to D.N.M.LR-Civ. 7.1, Plaintiff's counsel was notified that this Motion was forthcoming and that Defendants would note their opposition. *See* **Exhibit A-2.**

or similar formats), *full file system copies,* decoded date, *raw data*, and device images." *Id*. at p. 1 (emphasis added).

3. The extraction reports were illegally seized from the personal cell phones of Defendants Vizcarra, Estrada, and Jurado by the New Mexico State Police during a criminal investigation[2] based on allegations made by Plaintiff. After a motion to suppress the illegally obtained evidence was filed on July 26, 2024, the State of New Mexico immediately dropped all charges against Defendants Jurado-Garcia and Vizcarra and entered a conditional discharge agreement with Defendant Estrada on a single misdemeanor count on July 31, 2024. The single misdemeanor charge was later dismissed with prejudice on November 1, 2024.

4. On April 1, 2025, Defendants Lea County Board of County Commissioners, Corey Helton, Michael Walker, Fernando Jimenez, and Sean Roach ("County Defendants") filed their Initial Disclosures. This production included an approximately 1500-page report generated by the New Mexico State Police that is purportedly related to Plaintiff's allegations and contains text messages and instant messages between Defendants. Plaintiffs have used this report in several depositions to date.

5. The subpoena's request for ".ufd" seeks files that contain data from a cell phone extraction including system data, user data, and application data. Cellebrite allows users to compile this data in a Universal Forensic Extraction Device Report ("UFDR"). *See* https://cellebrite.com/en/glossary/ufd-mobile-device-forensics/, last accessed July 22, 2025. Simply, Plaintiff seeks all available information from Defendants' illegal cell phone extractions.

[2] *State of New Mexico v. Sonia Florinda Ornelas Estrada*, M-25-MR-2024-00054 (in the Fifth Judicial Magistrate Court); *State of New Mexico v. Aileen Vizcarra*, M-25-MR-2024-00057 (in the Fifth Judicial Magistrate Court); *State of New Mexico v. Diana Jurado*, M-25-MR-2024-00056 (in the Fifth Judicial Magistrate Court).

6. The subpoena contains absolutely no limitations as to the information sought, in terms of time, subject matter or otherwise. The information sought is essentially a complete digital copy of the entire contents of a cellular phone as it existed at the time of the extraction, including messages, images, videos, passwords, location data, internet search history and more.

7. The subpoena as submitted obviously seeks information that would have no relevance to any claim or defense in this case, and that is personal and confidential to Defendants. There is no confidentiality agreement in place regarding this information. While Plaintiff has offered some limitations on the scope of the subpoena in later correspondence, these proposed limitations are inadequate and impose undue burdens on Defendants. *See* Emails exchanged between Cody R. Rogers and Benjamin Gubernick, attached hereto as **Exhibit A-2.** Further, as discussed herein, there is a significant risk that the requested private and confidential information, if disclosed, will be disseminated on social media.

## ARGUMENTS

### I. Plaintiff's Subpoena to the New Mexico State Police Should be Quashed Because it Exceeds the Scope of Permissible Discovery and Requires Disclosure of Protected Information.

Plaintiff's subpoena should be quashed because it requests information that is irrelevant and highly personal. Subpoenas are limited by the scope of Fed. R. Civ. P. 26(b)(1) to information "regarding any nonprivilged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" There are absolutely no limitations in the subpoena as to time, subject matter or scope. Plaintiff is demanding that NMSP hand over Defendants' phones to her with no restrictions on Plaintiff's proposed access to the information contained on the phones.

In email correspondence, counsel for Defendants advised counsel for Plaintiff that they were objecting to the subpoena on these grounds. Undersigned counsel also offered to obtain the

information from NMSP and conduct the same searches they have conducted with Defendants' phones to date.[3] Plaintiff's counsel rejected this offer, then suggested that Plaintiff would be willing to limit the scope of the subpoena to "communications your clients had with witnesses and co-defendants in 2023" and that that the parties needed to agree to submit the phone extractions to a "neutral third party" or request the Court appoint a special master. Undersigned counsel explained that this "limitation" was still vastly overbroad, because it contained no meaningful limitations on subject matter or ties to any claim or defense at issue in the case, and that both a "neutral third party" and a special master were unnecessary given the other available methods of obtaining the information more proportionate to the needs of the case. Plaintiff's counsel then suggested that Defendants had been untruthful and that undersigned counsel would withhold potentially relevant or responsive information, which rendered further discussion on the matter pointless. *See* **Exhibit A.**

Because Plaintiff and Defendants (and Defendants and the unnamed "witnesses") were co-workers for a significant period of time, the subpoena as submitted seeks thousands of pieces of information that would be irrelevant to Plaintiff's claims or Defendants' defenses. Such information also implicates the privacy rights of those involved in the conversations, and potentially confidential information regarding a variety of topics. Further, the subpoena seeks *all* information from the Cellebrite extraction, which is completely disproportionate to the needs of this case.

Simply, the subpoena is absolutely limitless. Indeed, the subpoena's request for "raw data" and "full file copies" would include Defendants' personal information stored on the phones,

[3] As the Court is aware, Defendants have had a forensic data analyst perform extractions of each of their phones, and then reviewed those results for information that is either responsive to Plaintiff's outstanding discovery requests or required to be produced as part of initial disclosures.

including, but not limited to, personal photos, messages, emails, call logs, location data, private login and password information for various applications and online accounts. Further, the extraction possibly includes financial information including account numbers and transaction details, and even biometric data such as fingerprints and facial recognition information. Many of the ”witnesses” Plaintiff is referencing are law enforcement officers, and the extractions may contain information related to criminal cases or investigations that is also sensitive and confidential.

In addition, given the criminal cases that were pending for a period, the current lawsuit, and the state court lawsuit filed by Victor Murillo, otherwise responsive materials may be communications subject to attorney-client privilege or attorney work product doctrine, or both. Allowing Plaintiff to engage in a fishing expedition unlimited by any parameters imposes an undue burden on Defendants.

Pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii), on a timely motion, the Court is required to quash or modify a subpoena that requires disclosure of privileged or other protected matter. Clearly, the subpoena as served is well outside the scope of permissible discovery and would lead to the dissemination of private information. Moreover, this motion is timely since it was served on all parties within fourteen (14) days after service of Plaintiff's subpoena to the NMSP and prior to the date of compliance set out in the subpoena[4]. *See* Fed. R. Civ. P. 45(d)(2)(B); *see also Lowrey v. Portis*, 2024 U.S. Dist. LEXIS 30782, at *5 (D.N.M. Feb. 22, 2024) ("it is generally accepted that a timely motion to quash is filed within the time for compliance set in the subpoena"); *Whiteside v. State Farm Fire & Cas. Co.,* 2021 U.S. Dist. LEXIS 72177, *4 (D.N.M. April 13, 2021) (citing *Sines v. Kessler*, 325 F.R.D. 563, 567 (E.D. La. 2018) ("courts generally have found such motions

[4] It is not clear when this subpoena was served on NMSP.

timely when filed within the time set in the subpoena for compliance.").

Initially, Defendants have standing to object to the subpoena as they have a "personal right or privilege regarding the subject matter in the documents sought." *Alsaadi v. Saulsbury Indus., Inc.*, 2024 U.S. Dist. LEXIS 86396, at *7-8 (D.N.M. May 13, 2024) (finding the plaintiff had standing to object to a subpoena to a third party because it sought cell phone records and collecting cases regarding this privacy interest). The Court has discretion to quash or modify the subpoena as it "requests privileges or protected information or subjects a person to undue burden." *Id.* (citing Fed. R. Civ. P. 45(d)(3)(A)). Indeed, "it is generally accepted that the scope of discovery under a subpoena is the same as the scope discovery under Rule 26(b)." *Id*. While discovery under Rule 26 is generally broad, "a request for information that has no conceivable bearing on the claims or defenses will usually be disallowed." *Smith v. City of Albuquerque*, 2002 U.S. Dist. LEXIS 29849, at *12 (D.N.M. Apr. 16, 2002) (citation omitted).

Defendants have "an expectation of privacy in an electronic repository for personal data, including cell telephones[.]" *Alsaadi*, 2024 U.S. Dist. LEXIS 86396, at *8. However, the subpoena requests all information available from the extractions of Defendants' cell phones and is not limited to the applicable timeframe or to communications between Defendants. *See generally* Pl.'s Third Amended Compl. Instead, Plaintiff seeks all information extracted from the cell phones and thus "may be able to obtain a broad swath of information that lacks relevance and contains privileged and otherwise private information." *Collins v. Grey Hawk Transp., LLC*, 2021 U.S. Dist. LEXIS 154663, at *15 (D.N.M. Aug. 17, 2021).

Accordingly, because the subpoena seeks all possible information extracted from Defendants' illegally obtained cell phones, including protected information in which Defendants have a clear expectation of privacy, Plaintiff's subpoena should be quashed.

## II. Plaintiff's Subpoena Should be Quashed Because There is a Substantial Risk the Requested Information Will Be Disseminated on Facebook.

Should the NMSP comply with Plaintiff's unjustified subpoena, there exists a significant and imminent risk that the information produced will be publicly disseminated on Facebook, thereby exposing Defendants' private and sensitive information to thousands, if not millions, of individuals.

As the Court is aware, during the deposition of Defendant Jurado-Garcia, a Discovery Conference Hearing with the Court was held to address a dispute between the parties regarding whether Plaintiff's counsel could ask Defendant Jurado-Garcia if she had previously been in a romantic relationship with Defendant Walker. *Only one (1) day later*, screen shots of the Clerk's minutes of Discovery Conference, from the Public Access to Electronic Records service ("PACER") were posted to Facebook by the account "Eddy and Lea County Exposed, as shown here:




*See also* Facebook post of PACER documents ("PACER Post"), attached hereto as **Exhibit B**.

The screenshots clearly show that the Clerk's Minutes were provided by someone with a PACER

account. Further, the Facebook post included, and quoted, a highlighted section of the Clerk's Minutes stating, "Mr. Waldo stated that he has documents showing that a romantic relationship may have existed between Mr. Walker and Ms. Jurado-Garcia[.]" *Id*.

The individual responsible for "Eddy and Lea County Exposed" is Jason Sanchez. *See* Christina Holt, *County Settles Social Media Censorship Lawsuit,* Artesia News (July 4, 2025), available at https://www.artesianews.com/county-settles-social-media-censorship-lawsuit/. Mr. Gubernick is familiar with Mr. Sanchez and his Facebook page, as he has represented Mr. Sanchez in at least one (1) other case involving the page. *See* Complaint, *Jason Sanchez v. Corey Helton, Aileen Vizcarra, Connie Balderaz, and Lea County Board of Commissioners*, No. 2:25-CV-00060-DHU-GJF, ECF No. 1 ¶31 (D.N.M. Jan. 22, 2025). While Mr. Sanchez claims his page "holds public officials accountable," his posts often include harassment of parties to litigation involving law enforcement, including the dissemination of social security numbers and other personal information. *See* Jason Sanchez, *Well Eddy and Lea County Exposed has made it into another case*, FACEBOOK (July 19, 2025, 7:17 pm), https://www.facebook.com/photo/?fbid=629922070136143&set=pcb.629922653469418 (discussing the "audacity of the crooked lawyers…")

The PACER post is not an isolated event. In addition to multiple harassing posts targeting Defendants, *another* PACER document has also been posted on Facebook by "Eddy and Lea County Exposed." Specifically, the Clerk's Minutes from the July 14, 2025, Discovery Conference, was posted one (1) day later on July 15, 2025:




Bombshell News in Tello v Lea County Sheriff's Office

"Mr. Waldo explained that he and Mr. Gubernick are currently deposing Defendant JuradoGarcia, and the parties request the Court's assistance regarding Ms. Jurado-Garcia's refusal to answer a question based on Ms. Rogers's advice that the question is harassing. "

"Mr. Waldo stated that he has documents showing that a romantic relationship may have existed between Mr. Walker Lea County Sheriff's Office and Ms. Jurado-Garcia, and he wishes to ask Ms. Jurado-Garcia about this potential relationship. Mr. Waldo believes that questions about the relationship are relevant because Mr. Walker oversaw the investigation into Ms. Tello. "

"Mr. Waldo explained that a romantic relationship would speak to the bias of Mr. Walker towards Ms. Jurado-Garcia and to Ms. Tello's sex discrimination claim because Ms. Jurado-Garcia's conduct that violated the Lea County Sherriff's Department policy went unpunished, but Ms. Tello faced punishment for conduct that violated the same policy. At bottom, according to Mr. Waldo, Defendants conspired to conduct a sham investigation from the beginning, and a romantic relationship between two defendants speaks to that conspiracy."



*See* Second PACER Post, attached hereto as **Exhibit C**. In addition, Plaintiff frequently interacts with the Eddy and Lea County Exposed page, re-posting posts from the page, commenting on and liking various posts:



Eddy and Lea County Exposed
July 1 at 11:49 PM ·
Bombshell News in Tello v Lea County Sheriff's Office
"Mr. Waldo explained that he and Mr. Gubernick are currently deposing Defendant JuradoGarcia, and the parties... See more
hotos
_v_Lea_County_Board_o...
2 of 3
3 of 3
Highlight
Draw
Text
Fill & Sign
Open in Acrobat
Open in Acrobat
ookies ·
Eddy and Lea County Exposed
Journalist
Send message
1 comment 1 share
Haha
Michael Jordan
Samantha Jo Martinez
Karina Tello
Like
Comment
Share
Samantha Jo Martinez
Messy, messy .. All involved should be fired..
2w Like Reply
2


Eddy and Lea County Exposed
July 15 at 7:54 PM
You want to do something fun? Let's go to Taco Bell! Guess appearance Lea County Sheriff's Office Corey Helton the coverup artist!
0:01 / 0:13
Haha
Juan Hernandez
Natalie Gallegos
Demetrio Muñoz Jr.
Jessie Quiroz
Amber Tibbet
Cielo Sky Martinez
Chele Chele
Kina Pettes Mills
Karina Tello
Perla Leyva
Like
Comment
Share
e a comment...
Eddy and Lea County Exposed
July 15 at 7:07 PM
Sometimes you gotta give them bullies a taste of their own medicine, Regina George aka Lea County Sheriff's Office Diana Jurado and Aileen Vizcarra!




*See* Tello Reactions to Facebook Posts, attached hereto as **Exhibit D**. In more recent days, photos of plaintiff and Defendants have been used in a series of mean-spirited posts involving pushing Defendants in front of a moving bus. Jason Sanchez, *Sometimes you gotta give them bullies a taste of their own medicine, Regina George aka Lea County Sheriff's Office Diana Jurado and Aileen Vizcarra!,* FACEBOOK (July 15, 2025, 7:07pm) https://www.facebook.com/Xoneratedd/videos/2312216712566737

Defendants are rightfully concerned that if NMSP responds to the subpoena issued by plaintiff, any information that Plaintiff receives will find its way to the Eddy and Lea County Exposed Facebook page. This is plainly improper, but a real concern for Defendants and witnesses given the what has transpired to date.[5] Since there is a significant risk that the information requested by the unlimited subpoena will be disclosed outside of litigation—subjecting Defendants and non-party witnesses to further harassment and potentially improperly influencing the jury pool—Plaintiff's subpoena should be quashed.

## CONCLUSION

Ultimately, because the subpoena exceeds the scope of discovery, including the request for sensitive but irrelevant information, and because there is a risk the information will be disseminated online, Plaintiff's subpoena should be quashed.

WHEREFORE, Defendants Vizcarra, Estrada, and Jurado-Garcia respectfully request the Court sustain their objections, quash the subpoena and for such other and further relief as the Court deems necessary.

Respectfully submitted,

**Serpe | Andrews, PLLC**

*/s/ Cody R. Rogers*
Cody R. Rogers
Jennifer M. Meyer
2540 El Paseo Road, Ste. D
Las Cruces, NM 88005
(713) 452-4400

[5] The United States Supreme Court has warned that "[i]t is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-35 (1984). "There is an opportunity, therefore, to obtain—incidentally or purposefully—information that not only is irrelevant but if publicly released could be damaging to reputation and privacy." *Id.* at 35.

crogers@serpeandrews.com
jmeyer@serpeandrews.com
***Attorneys for Defendants Aileen Vizcarra, Sonia Estrada, and Diana Jurado***

**CERTIFICATE OF SERVICE**

I hereby certify that on 22nd of July, 2025, I filed the foregoing through this Court's Odyssey File and Serve, causing a true and correct copy of the same to be served upon all parties of record.

*/s/ Cody R. Rogers*
Cody R. Rogers