| | |
|---|---|
| **From:** | Cody Rogers |
| **To:** | Ben Gubernick |
| **Cc:** | Benjamin J. Young; Curtis Waldo; Sara Woods; Brandi Breen |
| **Subject:** | RE: Follow up on Rule 37 letter and Lea County supplemental disclosures |
| **Date:** | Friday, July 18, 2025 4:04:00 PM |

I don't appreciate the implication that I would withhold relevant or otherwise discoverable information, Ben.   The information you're seeking via subpoena belongs to my clients.  There's no point in going back and forth about the scope of hypothetical discovery requests that haven't been made.  We will file a formal objection and motion to quash your subpoena and note your opposition.

--Cody Rogers

**From:** Ben Gubernick <ben@wglawllp.com>
**Sent:** Friday, July 18, 2025 3:48 PM
**To:** Cody Rogers <crogers@serpeandrews.com>
**Cc:** Benjamin J. Young <bjy@mynattspringer.com>; Curtis Waldo <curtis@wglawllp.com>; Sara Woods <sew@mynattspringer.com>; Brandi Breen <bb@mynattspringer.com>
**Subject:** Re: Follow up on Rule 37 letter and Lea County supplemental disclosures

Cody, your clients deny having anything to do with this, and have come up with various fanciful explanations for text messages that indicate otherwise.

On that basis, it seems clear to me that essentially everything will be excluded as not "related to plaintiff" if you're allowed to make that determination. Put differently: a party's attorney does not get to decide what evidence is relevant.

I'll email the Court to get something set up.

On Fri, Jul 18, 2025, 4:43 PM Cody Rogers <crogers@serpeandrews.com> wrote:

> You are correct, but it is a discovery instrument that seeks my clients' information, and under Rule 45 we have the right to object to and/or move to quash the subpoena.
>
> This:
>
> "communications your clients had with witnesses and co-defendants in 2023"
>
> is new, and way too broad.  If you want to qualify that with something like "related to plaintiff" or however you've phrased your discovery requests, we can discus that.  But any conversations that my clients had with "witnesses" and each other that doesn't relate to your client or the allegations in the lawsuit is just not relevant or discoverable.   And anything else on the phones is obviously not.
>
> I'm just not seeing any reason to treat this Cellbrite extraction any differently from the others.   Even if we agreed to a "neutral third party" or a special master, we're

still talking keyword searches. There's no reason we can't do that on our own and produce them to you. I'm not seeing a good reason to waste all that time and money.

I have a hearing on Monday at 10. Ben is out of the office and I don't know what his schedule is. We do have a status conference set on the 28th, which we can use if need be.

--Cody Rogers

**From:** Ben Gubernick <ben@wglawllp.com>
**Sent:** Friday, July 18, 2025 3:28 PM
**To:** Cody Rogers <crogers@serpeandrews.com>
**Cc:** Benjamin J. Young <bjy@mynattspringer.com>; Curtis Waldo <curtis@wglawllp.com>; Sara Woods <sew@mynattspringer.com>; Brandi Breen <bb@mynattspringer.com>
**Subject:** Re: Follow up on Rule 37 letter and Lea County supplemental disclosures

Cody,

The NMSP subpoena is not a discovery request to your clients.

I've already told you the parameters for the extraction reports Plaintiff want to run on the image files: communications your clients had with witnesses and co-defendants in 2023. What "confidential and non-responsive information" would possibly be implicated by Plaintiff's quarries?

As I said, we're happy to have the files delivered to a neutral party to conduct the extraction reports. No one will be handing me your clients phones. And if you don't like that approach, let's just get a special master.

Maybe we should rope the magistrate in Monday if people are available?

Thanks,

Ben

On Fri, Jul 18, 2025 at 4:21 PM Cody Rogers <crogers@serpeandrews.com> wrote:

> Ben- what you've subpoenaed is the equivalent of my clients handing their phones to you and letting you go through them to decide what is relevant or responsive. Obviously, that won't work, because the vast majority of what is on there is not discoverable or related to this case, and my clients have privacy rights. Just like with

the forensic images we've had analyzed, we are fine with getting that information, reviewing it, and producing what is responsive to discovery, initial disclosures, etc. But since it is my clients' information, we are not willing to turn it over without reviewing it first and removing confidential and non-responsive information.

I don't think we need a special master; there's nothing particularly complex about this. You've got discovery requests pending, and if you want to discuss adding keywords to them, we can talk about that.

--Cody Rogers

**From:** Ben Gubernick <ben@wglawllp.com>
**Sent:** Friday, July 18, 2025 3:08 PM
**To:** Cody Rogers <crogers@serpeandrews.com>
**Cc:** Benjamin J. Young <bjy@mynattspringer.com>; Curtis Waldo <curtis@wglawllp.com>; Sara Woods <sew@mynattspringer.com>; Brandi Breen <bb@mynattspringer.com>
**Subject:** Re: Follow up on Rule 37 letter and Lea County supplemental disclosures

Cody, what do you mean by "review it first"?

All we want is communications your clients had with witnesses and co-defendants in 2023. That stuff is plainly discoverable, and there are no privilege issues because no one was represented by counsel back then.

We're happy to enter into a confidentiality agreement, we can pick a neutral software company to create the extraction reports. We're not, however, willing to let one party's attorneys be the arbiter of what is discoverable and what is not.

If the above isn't agreeable, I suggest we ask the Court about appointing a special master. In fact, that might make sense regardless given all the issues with discovery we've encountered thus far.

Thanks,

Ben

On Fri, Jul 18, 2025 at 2:59 PM Cody Rogers <crogers@serpeandrews.com> wrote:

> Hi all- in reviewing the subpoenas you all sent out the week of July 7, we have to object to the subpoena to NMSP. We are fine with requesting/obtaining any data that NMSP has in its possession and then searching it just like we have for the other phone data, but we can't allow NMSP to hand over any data they've got from our client's phones without reviewing it first. Please let me know if you all will withdraw your subpoena, or if we need to proceed with formal objections and a motion to quash.

Thanks!

--Cody Rogers

---

**From:** Ben Gubernick <ben@wglawllp.com>
**Sent:** Thursday, July 17, 2025 4:20 PM
**To:** Benjamin J. Young <bjy@mynattspringer.com>
**Cc:** Curtis Waldo <curtis@wglawllp.com>; Sara Woods <sew@mynattspringer.com>; Brandi Breen <bb@mynattspringer.com>; Cody Rogers <crogers@serpeandrews.com>
**Subject:** Re: Follow up on Rule 37 letter and Lea County supplemental disclosures

Ok that's fine

On Thu, Jul 17, 2025 at 4:23 PM Benjamin J. Young <bjy@mynattspringer.com> wrote:

> Thanks for the point of clarification, Ben. It's not Jimenez's schedule. It's mine and the County representatives' that I need to complete for the Board's supplements. Since receiving your letters, I've had to be out of the office five of the last seven business days to handle issues for other clients/cases and I'm out again tomorrow. Next week, I only have to be out of the office on Thursday so I can probably get you Jimenez's supplements on Tuesday.
>
> Let me know if that works.
> Ben
>
>
> BENJAMIN J. YOUNG
> Attorney at Law
> Mynatt Springer P.C.
> 1660 Hickory Loop
> Las Cruces, New Mexico
> (575) 524-8812
> Fax (575) 524-0726
> BJY@mynattspringer.com
>
> 
>
> This transmission may be: (1) subject to the Attorney-Client Privilege,(2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law.
>
> ---
>
> **From:** Ben Gubernick <ben@wglawllp.com>
> **Sent:** Thursday, July 17, 2025 3:11 PM
> **To:** Benjamin J. Young <bjy@mynattspringer.com>
> **Cc:** Curtis Waldo <curtis@wglawllp.com>; Sara Woods <sew@mynattspringer.com>;

Brandi Breen <bb@mynattspringer.com>; Cody Rogers <crogers@serpeandrews.com>
**Subject:** Re: Follow up on Rule 37 letter and Lea County supplemental disclosures

Ben, just to clarify: there were two July 7th letters that requested action by July 18. Are you going to produce the Jimenez text messages tomorrow? Are you just referring to the County's supplemental disclosures? If you're asking until July 25th for Jimenez's text messages due to Jimenez's busy schedule, I'm not really sympathetic, given that he created this mess.

Thanks,

Ben

On Thu, Jul 17, 2025 at 4:04 PM Benjamin J. Young <bjy@mynattspringer.com> wrote:

> Good afternoon, Gentlemen:
>
> Due to a confluence of conflicts between both my client's and my schedules, I will not be able to meet the July 18 deadline in your July 7 letter. I am also working with Ms. Rogers on a proposed confidentiality order so that I can designate some responsive supplemental disclosures as confidential. I'd like to have at least the framework of an agreement on that in place before turning them over. I anticipate being able to have the supplements completed by Friday the 25.
>
> Thank you.
> Ben
>
>
> BENJAMIN J. YOUNG
> Attorney at Law
> Mynatt Springer P.C.
> 1660 Hickory Loop
> Las Cruces, New Mexico
> (575) 524-8812
> Fax (575) 524-0726
> BJY@mynattspringer.com
>
> 
>
> This transmission may be: (1) subject to the Attorney-Client Privilege,(2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law.