**Eddy and Lea County Exposed**

🔺🔺 Docket News: Ms. Rogers advised that Ms. Jurado-Garcia and Ms. Vizcarra had provided their cell phones for imaging in early May. She explained that Ms. Estrada was unable to produce her cell phone until June 16, 2025, because she did not have access to a back-up phone.

You mean to tell me that this Mean Girl wanna be didn't have money for burner? Seems like a delay tactic cause they know they are guilty.








**Case 2:24-cv-00390-KG-GJF     Document 64     Filed 07/14/25     Page 1 of 3**

**Tello_v_Lea_Coun...-24-00390__0064.0 PDF**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

**Before the Honorable Gregory J. Fouratt**
**United States Magistrate Judge**

## Clerk's Minutes

Civ. No. 24-390 KG/GJF

*Tello v. Lea County Board of Comm'rs, et al.*

Date of Hearing: 7/14/25
*(not recorded)*

| | |
|---|---|
| **Attorneys for Plaintiff:** | Benjamin Gubernick, Curtis Waldo |
| **Attorney for Lea County Defendants:** | Benjamin J. Young |
| **Attorney for Defendants Estrada, Jurado-Garcia, and Vizcarra:** | Cody R. Rogers |
| **Attorney for Defendant Porras:** | Michael Newell |
| **Proceedings:** | Discovery Conference |
| *Start Time:* | 10:00 a.m. |
| *Stop Time:* | 10:26 a.m. |
| **Total Time:** | **26 minutes** |
| **Clerk:** | AEM |

**Notes:**

- The Court asked Mr. Waldo whether he or Mr. Gubernick had received any additional information on the issue that was the subject of his July 8, 2025 e-mail to the Court.
- Mr. Waldo responded in the negative.
- The Court inquired whether Mr. Young or Mr. Newell's clients had any involvement in the discovery production at issue.
- Mr. Waldo responded in the negative, though he noted that there were separate issues with some of discovery responses from Mr. Young and Mr. Newell's clients that the parties are attempting to work through before raising with the Court.
- Observing that the present dispute did not appear to relate to discoverability, the Court asked Ms. Rogers to explain the delay in producing the information she had promised to produce seven weeks ago.

**Case 2:24-cv-00390-KG-GJF     Document 64     Filed 07/14/25     Page 2 of 3**

- Ms. Rogers explained that her original estimate as to when she could produce the responses at issue was unduly optimistic.
- Ms. Rogers indicated that she had retained a forensic imaging expert to download information from her clients' cell phones and to produce that information in a searchable format.

- Ms. Rogers explained that her original estimate as to when she could produce the discovery responses at issue was unduly optimistic.
- Ms. Rogers indicated that she had retained a forensic imaging expert to download the information from her clients' cell phones and to produce that information in a searchable format.
- Ms. Rogers advised that Ms. Jurado-Garcia and Ms. Vizcarra had provided their cell phones for imaging in early May. She explained that Ms. Estrada was unable to produce her cell phone until June 16, 2025, because she did not have access to a back-up phone.
- Explaining that Cellebrite generates a UFDR file, which can be accessed and searched through Cellebrite's proprietary reader program, Ms. Rogers advised that when she received the external drive with Ms. Jurado-Garcia's cell phone information, she discovered that the file was so large that she could not access or search it with the computer equipment she had in her office. Ms. Rogers indicated that after adding additional RAM to a desktop computer in an office in Houston, she was able to remotely access and search the file containing information extracted from Ms. Jurado-Garcia's cell phone.
- According to Ms. Rogers, the external drive with Ms. Vizcarra's cell phone information arrived in Houston on July 9, 2025, and she estimated that she could conduct the agreed-upon searches on that file and produce the resulting information to Plaintiff by July 18, 2025.
- Ms. Rogers explained that she had not yet received Ms. Estrada's external drive but expected to receive it in the next few days.
- In response to the Court's inquiry as to how much of the information shared with the Court had previously been shared with Mr. Waldo, Ms. Rogers indicated that she had previously shared only an abbreviated summary of that information.
- The Court asked Ms. Rogers how the unexpected delay in producing her clients' cell-phone-related discovery might impact the upcoming settlement conference, the discovery deadline, or the dispositive motions deadline.
- Ms. Rogers indicated that she believed the current schedule and settlement conference were salvageable.
- Turning to Mr. Waldo, the Court asked how much of the information Ms. Rogers had shared was new information to him.
- Mr. Waldo responded that he had not previously received any details or significant updates from Ms. Rogers.
- Noting that it could not order Cellebrite to image the remaining cell phone on a more expedited schedule, the Court asked Mr. Waldo how it could assist the parties.
- Mr. Waldo responded that if Ms. Rogers would produce the entire Cellebrite extraction, Plaintiff's team could conduct their own searches subject to a confidentiality order. Alternatively, he suggested that the Court should impose a deadline by which Ms. Rogers must produce the discovery in question.
- The Court explained that privacy issues prevented it from giving Plaintiff's team carte blanche access to the cell phone extraction file and that the parties instead would need to let the process with agreed-upon search terms work as envisioned.

- Ms. Rogers indicated that she would commit to being more proactive about providing status updates to Plaintiff's counsel when encountering obstacles with discovery production.

- Noting that it could not order Cellebrite to image the remaining cell phone on a more expedited schedule, the Court asked Mr. Waldo how it could assist the parties.
- Mr. Waldo responded that if Ms. Rogers would produce the entire Cellebrite extraction, Plaintiff's team could conduct their own searches subject to a confidentiality order. Alternatively, he suggested that the Court should impose a deadline by which Ms. Rogers must produce the discovery in question.
- The Court explained that privacy issues prevented it from giving Plaintiff's team carte blanche access to the cell phone extraction file and that the parties instead would need to let the process with agreed-upon search terms work as envisioned.

2

Case 2:24-cv-00390-KG-GJF    Document 64    Filed 07/14/25    Page 3 of 3

- Ms. Rogers indicated that she would commit to being more proactive about providing status updates to Plaintiff's counsel when encountering obstacles with discovery production.
- Ms. Rogers advised that, while her firm had received Ms. Vizcarra's external hard drive late last week, she had not yet attempted to access the file. She explained that her representation that she could produce the agreed-upon information from Ms. Vizcarra's cell phone by week's end assumes that she does not encounter difficulties accessing and searching that information.
- The Court indicated that, absent good cause shown, Ms. Rogers must produce to Plaintiff the requested information from Ms. Vizcarra's cell phone by close of business **Friday, July 18, 2025**, and the requested information from Ms. Estrada's cell phone by close of business **Friday, July 25, 2025**.
- In addition, the Court instructed Ms. Rogers to send an e-mail, including the Court as either a copied or primary recipient, confirming production of Ms. Vizcarra's and Ms. Estrada's cell phone information. The Court further instructed Ms. Rogers that if she encounters any obstacle to producing either client's cell phone information to Plaintiff, she should send an e-mail, again including the Court as a copied or primary recipient, explaining the issue encountered.
- The Court set a telephonic status conference for **Monday, July 28, 2025, at 1:15 p.m.** but explained that if it receives the e-mails it expects to receive, it will vacate that conference.
- Addressing Ms. Rogers, Mr. Waldo offered to provide any input that could be helpful in terms of date ranges, search terms, or a confidentiality order to facilitate production.
- Mr. Waldo confirmed that, from Plaintiff's perspective, the pretrial deadlines appear to be salvageable.
- Mr. Young and Mr. Newell indicated that they did not wish to be heard on the topic of the instant discovery dispute.
- The Court adjourned.