IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KARINA TELLO

    Plaintiff,

v.                                                     Case No.: 2:23-CV-00390-KH-GJF

LEA COUNTY BOARD OF COUNTY
COMISSIONERS, COREY HELTON,
MICHAEL WALKER, FERNANDO JIMENEZ,
SEAN ROACH, SONIA ESTRADA,
DIANE JURDAO-GARCIA,
AILEEN VIZCARRA, ALYSSA PORRAS,
DOE DEFENDANTS 1-50,

    Defendants.

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO QUASH AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO THE NEW MEXICO STATE POLICE

COMES NOW Defendants Aileen Vizcarra, Sonia Estrada, and Diane Jurado-Garcia ("Defendants"), by and through their counsel of record, SERPE ANDREWS, PLLC (Cody R. Rogers and Jennifer M. Meyer), and submit this Reply in Support of their Motion to Quash and Objections to Plaintiff's Subpoena to the New Mexico State Police, and respectfully state as follows:

### INTRODUCTION

Plaintiff's subpoena to the New Mexico State Police ("NMSP") is a blatant attempt to obtain unlimited information from Defendants' cell phone and circumvent the Federal Rules of Civil Procedure and this Court's prior statements regarding the issue. Plaintiff's subpoena attempts to obtain information that is irrelevant and extremely sensitive—the majority of which is unrelated to the claims at issue and has zero bearing on any issue in this case.

1

Defendants have made it clear that they are willing to, and have, produced documents responsive to Plaintiff's discovery requests. Moreover, despite Plaintiff's spurious allegations, Defendants have not been withheld any responsive or relevant documents. As anticipated, Plaintiff's Response[1] has been tailored towards its intended audience—Facebook--and is riddled with conclusory allegations misrepresenting the relevance of the information contained in the cell phone extractions and regarding Defendants' process for identifying responsive information. Indeed, the NMSP performed the cell phone extractions, not Cellebrite; the NMSP never claimed that Defendant Estrada "wiped" her phone; and Defendants used WhatsApp to communicate well before the NMSP launched their investigation. These errors and misstatements are only a sampling of those contained in Plaintiff's Response. The Court should preclude Plaintiff's fishing expedition and quash the subpoena.

## ARGUMENTS

**I.  Plaintiff's Limitless Subpoena Exceeds the Scope of Discovery and Seeks Protected Information**

As a threshold matter, Defendants have standing to object to Plaintiff's limitless subpoena. *See Alsaadi v. Saulsbury Indus., Inc.,* 2024 U.S. Dist. LEXIS 86396, *7-8 (D.N.M. May 13, 2024) (finding that the plaintiff had standing to object to a subpoena to a third party because it sought cell phone records and collecting cases regarding this privacy interest). Plaintiff's argument to the contrary is a nonstarter.

Plaintiff continues to contend that the full cell phone extractions completed by NMSP are needed to uncover communications from mid-2023 that are potentially relevant to this case [Doc. 78 at 8]. Plaintiff's limitless subpoena requests much more than Defendants' communications for that period. Instead, the subpoena seeks all information in the extractions, which, as this Court

---

[1] Plaintiff's Opposition to Defendants' Motion to Quash, Doc. 78, filed 8/5/2025 ("Response").

noted, would implicate "significant privacy concerns that could not be remedied." [Doc. 74 at 5]. The limitless scope of Plaintiff's subpoena as issued cannot be squared with these privacy concerns, and the subpoena should be quashed on this basis alone.

In response to Defendants' prima facie showing entitlement to relief, Plaintiff provides only conclusory allegations and demonstrably false representations of the facts. Plaintiff argues (1) the subpoena should not be quashed as Plaintiff has offered various methods for addressing Defendants' overbreadth and relevancy concerns; and (2) that the NMSP extractions are relevant given the passage of time since the communications occurred. None of these arguments is a valid basis to deny the Motion to Quash.

As Plaintiff admits in her Response, the NMSP have already queried the cell phone extractions "based on parameters they thought would yield information related to their investigation." [Doc. 78 at 1].[2] However, Plaintiff's dissatisfaction with the results of the NMSP's illegal extractions does not justify allowing her access to the highly personal and irrelevant information contained in the extractions without any limitations as to time, subject matter, or scope. *See* Fed. R. Civ. P. 26(b)(1).

Plaintiff's arguments, like her offer to have the extractions reviewed by a third party, are spurious because they all insist, without basis, that Defendants are not participating in discovery in good faith.  Plaintiff has not identified a single instance where this has occurred.  Indeed, Plaintiff provides only wild conspiracy theories that Defendants are unilaterally deciding which documents are relevant to the case at bar. [Doc. 78 at p. 7]. As undersigned counsel has explained, even if Defendants agreed to a "neutral third party" or special master, the process would still

---

[2] Shockingly, NMSP did not disclose the search parameters that they applied in any of their warrant applications or returns.  In fact, NMSP did not disclose that the extraction report they produced to the District Attorney was limited by them in some fashion until after the District Attorney produced it in discovery, and they were questioned in pretrial interviews.

3

involve keyword searches and ultimately manual review—a process Defendants' counsel has already employed to produce materials responsive to Plaintiff's discovery requests. [Doc. 70 at **Exhibit A-2**]. As this Court has previously explained, "limiting the examination [of the extractions] to certain keywords and phrases agreed to by the parties" would protect Defendants' privacy and "avoid the disclosure of irrelevant or privileged texts and emails[.]" *Macgregor v. MiMedx Grp. Inc.*, 2021 U.S. Dist. LEXIS 40673, at *11 (D.N.M. Mar. 4, 2021). Plaintiff has ignored the simplest solution of all: Defendants will obtain the cell phone extractions and produce responsive materials. This is the way discovery has worked since the Federal Rules of Civil Procedure were implemented; the party who possesses the information is tasked with assessing and producing it. Again, there is no reason this process cannot be followed by Defendants without providing the entirety of their cell phones to Plaintiff, and rank speculation that Defendants or their counsel are not following the applicable rules regarding discovery does not change this analysis.

## II. There is a Continuing and Substantial Risk that Defendants' Information Will Be Disseminated in the Media or on Facebook.

Despite the significant harm Defendants have already faced because of his Facebook posts, Plaintiff only briefly touches on the "specter of Jason Sanchez[.]" [Doc. 78 at 7]. Rather than address the imminent risk posed by their client's harassing—and curiously Plaintiff-friendly—posts, Plaintiff's counsel asserts that "Sanchez can post about whatever he wants." [Doc. 78 at 8]. Certainly this is true in the abstract, but Sanchez's posts (and his uncanny ability to receive insider information about this case) have significantly increased the specter of demonstrable harm associated with any discovery production at all in this case, much less that involving significant privacy interests such as cell phone extractions. Sanchez has clearly demonstrated that he intends

4

to continue to harass Defendants even after this Court intervened on an interim basis.[3]  This includes tripling down on the doxxing of Defendant Jurad-Garcia's minor child, which as the Court noted after Mr. Sanchez doubled down on this behavior, was the direct result of Plaintiff's earlier violation of Fed. R. Civ. P. 5.2(a)(3).  *See* Facebook Post, attached hereto as **Exhibit A**; *See* Tello Reactions to Facebook Posts, attached hereto as **Exhibit B**.  As set forth more fully in co-Defendant's Motion for Protective Order, Plaintiff and her attorneys have decided to attempt to litigate this case through social media and traditional media. [Doc. 79 at 10].  While they are free to make such a decision, it is not without consequences.  One of those consequences is that they have removed all doubt about the ramifications of anything short of a rigorous guarding of Defendants' privacy interests in this matter.  While in other cases raising these issues might be speculative, Plaintiff has removed all such doubt about what will happen if Defendants' cell phones are turned over to Plaintiff wholesale as demanded in Plaintiff's subpoena.

Clearly, there remains a significant risk that information requested by the subpoena will be disseminated outside of litigation, causing Defendants and non-party witnesses to be subjected to further harassment. Accordingly, Plaintiff's subpoena should be quashed.

## **CONCLUSION**

Plaintiff's subpoena should be quashed since it exceeds the scope of discovery and because there is a significant risk the information will be disseminated.

---

[3] In another fit of pique, Mr. Sanchez went on a tirade related to County Defendants' investigator, Jim Hardy.  Mr. Sanchez fancies himself a scholar as it pertains to court records; he posted a complaint filed in early 2000's against Mr. Hardy and others as "evidence" that Mr. Hardy did something wrong but was apparently incapable of deciphering the docket to locate the order granting Mr. Hardy's motion to dismiss on the merits and dismissing the claims against him with prejudice.  *See* **Exhibit B.**

WHEREFORE, Defendants Vizcarra, Estrada, and Jurado-Garcia respectfully request the Court sustain their objections, quash the subpoena and for such other and further relief as the Court deems necessary.

Respectfully submitted,

**Serpe | Andrews, PLLC**

*/s/ Jennifer M. Meyer*
Cody R. Rogers
Jennifer M. Meyer
2540 El Paseo Road, Ste. D
Las Cruces, NM 88005
(713) 452-4400
crogers@serpeandrews.com
jmeyer@serpeandrews.com
***Attorneys for Defendants Aileen Vizcarra, Sonia Estrada, and Diana Jurado***

### CERTIFICATE OF SERVICE

I hereby certify that on 20th day of August 2025, I filed the foregoing through this Court's Odyssey File and Serve, causing a true and correct copy of the same to be served upon all parties of record.

*/s/ Jennifer M. Meyer*
Jennifer M. Meyer

.