**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

**Before the Honorable Gregory J. Fouratt**
**United States Magistrate Judge**

**Clerk's Minutes**

**Civ. No. 24-390 KG/GJF**

*Tello v. Lea County Board of County Comm'rs*

**Date of Hearing: 9/8/2025**
*(recorded via Liberty from Dona Ana Courtroom)*
(LC-Dona Ana_20250908_095729)

| | |
|---|---|
| **Attorneys for Plaintiff**: | Benjamin Gubernick<br>Curtis Waldo |
| **Attorneys for Lea County Board of County Comm'rs, Helton, Walker, Jimenez, and Roach:** | Benjamin Young<br>Sara Woods<br>Blaine Mynatt |
| **Attorneys for Estrada, Jurado-Garcia, and Vizcarra**: | Cody Rogers<br>Jennifer Meyer |
| **Attorney for Porras**: | Michael Newell |
| **Witness for Plaintiff**: | Victor Murillo |
| **Witness for Lea County Defendants**: | Jim B. Hardy |
| **Witnesses for Estrada Jurado-Garcia and Vizcarra**: | Diana Jurado-Garcia<br>Jim B. Hardy |
| **Proceedings**: | Defendants' Motion to Quash and Objections to Plaintiff's Subpoena to the New Mexico State Police [ECF 70]; Defendants' Joint Motion for Protective Order and Request to Seal Court Records [ECF 79] |
| *Start Time*: | 10:00 a.m. |
| *Stop Time*: | 12:56 p.m. |

**Total Time**:          **2 hours 56 minutes**

**Clerk**:            AEM

**Notes:**

- The Court explained that it set the hearing to consider exhibits, testimony, and argument of counsel on Defendants' Motion to Quash and Objections to Plaintiff's Subpoena to the New Mexico State Police ("Motion to Quash") [ECF 70] and Defendants' Joint Motion for Protective Order and Request to Seal Court Records ("Motion for Protective Order") [ECF 79].

- The Court inquired whether Defendant Porras had any position as to either motion.
  - Mr. Newell responded in the negative but explained that he did have concerns as to a private e-mail message sent to Defense counsel which had been published online.

- The Court noted that Defendant Porras had neither answered nor moved to dismiss the Third Amended Complaint.
  - Mr. Newell responded that he would address that oversight within the week.

- Turning to housekeeping matters, the Court observed that Ms. Rogers had identified as exhibits to the Motion to Quash Defendants' Exhibits A-1, A-2, B, C, and D and as exhibits to the Reply to that same motion Defendants' Exhibit A. To minimize confusion, the Court directed Ms. Rogers to re-mark the exhibit appended to her reply brief as "Defendants' Exhibit E" and to e-mail the properly-marked exhibit to chambers.

- Plaintiff's counsel having indicated no objection to Defendants' Exhibits A through E for purposes of resolving the Motion to Quash, the Court admitted those exhibits.

- Referring Plaintiff's counsel to Plaintiff's Amended Notice [ECF 99], the Court asked whether the exhibit identified as "Plaintiff's Exhibit 1" related to the Motion to Quash or to the Motion for Protective Order.
  - Mr. Gubernick responded that "Plaintiff's Exhibit 1" related to both motions to some extent but was offered in conjunction with the Motion to Quash.

- Ms. Rogers having indicated that Defendants did not object to the admission of Plaintiff's Exhibit 1 to the extent it is relevant to the Motion to Quash, the Court admitted that exhibit.

- Ms. Rogers advised that Jim Hardy and Diane Jurado were being called to testify with respect to the Motion for Protective Order.

- Mr. Gubernick indicated that Victor Murillo was being called to testify primarily as to the Motion to Quash.

- With respect to Defendants' Reply in support of the Motion for Protective Order, the Court directed Mr. Young to re-mark as Defendants' Exhibit 2 and to send to chambers the 13-page excerpt of a text exchange ostensibly between Plaintiff and Amy Jones and to re-mark as Defendants' Exhibit 3 and to send to chambers the single-page excerpt from Facebook.

- As to the Facebook excerpt identified in Lea County Defendants' Notice [ECF 97], the Court directed Mr. Young to re-mark that exhibit as Defendants' Exhibit 4 before sending to chambers.

2

- Mr. Young clarified that the purpose of Defendants' Exhibit 4 was to give the Court an opportunity to take judicial notice of the Facebook page in its current state.
- The Court directed Mr. Waldo to mark the declarations appended to Plaintiff's response to the Motion for Protective Order as Plaintiff's Exhibits 2, 3, 4 before sending via e-mail to chambers.
- Over Plaintiff's hearsay objection, the Court admitted Defendants' Exhibit 1 to the Motion for Protective Order.
- Mr. Waldo explained that while Plaintiff did not object to admission of Defendants' Exhibit 4, it was unclear to him how Defendants would capture the current state of the Facebook page. The Court indicated that it would admit Defendants' Exhibit 4.
- In addition, the Court admitted Defendants' Exhibits 2 and 3 to which Plaintiff did not object.
- In response to the Court's inquiry, Mr. Young advised that he had not subpoenaed Jason Sanchez.
- The Court asked why it should permit Lea County Defendants to call opposing counsel as witnesses with respect to the Motion for Protective Order.
  - Mr. Young argued that Plaintiff's counsel should be required to address inconsistencies in their declarations.
- Mr. Young suggested that the Court should strike Mr. Sanchez's declaration pursuant to Federal Rule of Civil Procedure 12, given Plaintiff's failure to produce him for the hearing, but conceded that Defendants would not have made that same request had the Court not held an evidentiary hearing.
- The Court reserved ruling as to Lea County Defendants' request that it strike the declarations appended to Plaintiff's response to the Motion for Protective Order and as to whether Plaintiff's counsel would be required to testify.
- After discussion with counsel, the Court indicated that it would collapse Mr. Murillo's testimony as to both motions into one examination period, permitting Ms. Rogers and Mr. Young to each cross-examine Mr. Murillo following Plaintiff's direct examination.
- Mr. Young invoked the Rule.

## **Testimony of Jim Hardy:**

- Defendants called Jim Hardy, who was sworn by the Court.
- Mr. Young questioned Mr. Hardy on direct examination. (10:24 – 10:42)
- Mr. Gubernick questioned Mr. Hardy on cross examination. (10:42 – 11:13)
- Mr. Young questioned Mr. Hardy on redirect examination. (11:13 – 11:16)
- The Court questioned Mr. Hardy. (11:16 – 11:19)
- The Court invited counsel to ask questions prompted by its own questions, but each side declined.
- Mr. Newell addressed the Court and asked questions of Mr. Hardy. (11:20 – 11:23)

- The Court excused Mr. Hardy as a witness.
- The Court took a break from 11:23 a.m. to 11:33 a.m.

**Testimony of Diana Jurado:**

- Defendants called Diana Jurado, who was sworn by the Court.
- Ms. Rogers questioned Ms. Jurado on direct examination. (11:34 – 11:40)
- Mr. Waldo questioned Ms. Jurado on cross examination. (11:41 – 11:50)
- The Court questioned Ms. Jurado. (11:50 – 11:53)
- The Court invited counsel to ask questions prompted by those of the Court, but each side declined.
- The Court excused Ms. Jurado.

- Revisiting the issue of Plaintiff's witnesses, the Court noted that Defendants had not subpoenaed Mr. Sanchez and explained that it had not found a basis to strike the declarations that Plaintiff submitted in the absence of live testimony.
- The Court further explained that it did not see a basis for compelling Plaintiff's counsel to testify but invited Defense counsel to make an offer of proof.
- Mr. Young described the testimony he would seek to elicit from Mr. Waldo and Mr. Gubernick.
- Mr. Waldo and Mr. Gubernick represented the answer they would give to Mr. Young's inquiry and indicated that they would do so under oath if necessary.
- Mr. Young advised that Defendants would accept Plaintiff's counsel's representations without seeking to have them testify under oath.
- Movants rested on both motions, and the Court invited Plaintiff to proceed with presenting her evidence in opposition to the motions.

**Testimony of Victor Murillo:**

- Plaintiff called Victor Murillo, who was sworn by the Court.
- Mr. Gubernick questioned Mr. Murillo on direct examination. (11:58 – 12:05)
- Ms. Rogers questioned Mr. Murillo on cross examination. (12:05 – 12:06)
- The Court excused Mr. Murillo.

- Plaintiff rested.
- Defendants advised they had no rebuttal witnesses.
- The Court indicated that the evidence was closed.

**Discussions with Counsel:**

- The Court directed questions to Ms. Rogers on the Motion to Quash.

- The Court directed questions to Mr. Gubernick on the Motion to Quash.

- Ms. Rogers advised that she could obtain the NMSP's 2023 cell phone extractions for Defendants Estrada, Jurado, and Vizcarra and provide those extractions to her Cellebrite expert, who could prepare a report or reports containing communications between any Defendant and any co-Defendant or any witness identified in the JSR from May 30, 2023 to September 30, 2023, for the Court's in camera review.  She further advised that she could provide this report or set of reports by October 6, 2025.

- The Court directed questions to Mr. Young on the Motion for Protective Order.

- The Court directed questions to Mr. Waldo on the Motion for Protective Order.

- The Court explained that the Motion to Quash and Motion for Protective Order are under advisement, with the outcome of the Motion to Quash to be determined by the in camera review project the Court had undertaken.

- The Court encouraged counsel to collaborate on a confidentiality order.

- Ms. Rogers noted that the list of witnesses in the parties' JSRs, and which will be included in the parameters for extraction reports, includes Andy Dominguez, Victor Murillo, Megan Murillo, and 2 NMSP investigators.

- There being nothing further, the Court adjourned.


- (*Please refer to the recording of the hearing for additional information.*)