IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KARINA TELLO,**

      **Plaintiff,**

v.                                                                                      2:24-cv-00390-KG-GJF

**LEA COUNTY BOARD OF COUNTY
COMMISSIONERS, COREY HELTON,
MICHAEL WALKER, FERNANDO JIMENEZ,
SEAN ROACH, SONIA ESTRADA,
DIANE JURADO-GARCIA,
AILEEN VIZCARRA, ALYSSA PORRAS,
DOE DEFENDANTS 1-50,**

      **Defendants.**

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT LEA COUNTY BOARD OF COUNTY COMMISIONERS AND MYNATT SPRINGER P.C. [Doc. 94]

Defendants Lea County Board of County Commissioners, Corey Helton, Michael Walker, Fernando Jimenez, and Sean Roach ("County Defendants"), by and through counsel, MYNATT SPRINGER P.C. (Benjamin J. Young and Sara E. Woods) hereby respond to Plaintiff's Motion for Sanctions Against Defendant Lea County Board of County Commissioners and Mynatt Springer P.C. [Doc. 94].

### INTRODUCTION

Plaintiff is requesting sanctions for a number of reasons, none of which are permissible under the Rules of Civil Procedure, the Local Rules for the United States District Court for the District of New Mexico, or this Court's orders. Plaintiff, once again, is engaging in conduct that smacks of extortion rather than addressing the merits of their substantively flawed case. As this Court is well aware, Plaintiff has routinely used the media, social media, and inflammatory rhetoric

of her counsel in apparent efforts to try and leverage a settlement. The Defendants in this matter have not violated the Rules of Civil Procedure or engaged in any bad faith with respect to the conduct of the settlement conference in this matter. For the reasons set forth below the motion should be denied.

## ARGUMENT

### I. Requesting the vacation of the Settlement Conference was not bad faith.

The Court's Order Setting Settlement Conference [Doc. 51] provides in the final paragraph "if any party believes for any reason that negotiation attempts would not be fruitful at the time set for the settlement for the conference the party should contact my chambers to schedule a status conference to discuss the concern." As this Court is aware, on July 28, 2025, Plaintiff's counsel published the name of one of the Defendant's minor children in a Court filing [Doc. 73] which was then published on Facebook, resulting in Defendants filing a Joint Motion for Protective Order [Doc. 79]. Plaintiff's decision to violate Fed. R. Civ. P. 5.2 and the subsequent social media explosion changed Defendants' assessment of whether settlement negotiations would be fruitful. Pursuant to the Court's Order [Doc. 51], Defendants advised the Court of the change in their assessment of the impending mediation during the August 8, 2025 status conference. Following the status conference, witness testimony, and production of Daniel Soto's text messages with Victor Murillo have not changed Defendants' assessment.

Plaintiff's unfounded accusations that Defendants were attempting to leverage an outcome are laughable. Since this Court's Order allows the opportunity to withdraw from fruitless negotiations, there should not be a finding of bad faith for Defendants notifying the Court a month before the settlement conference and before any deadlines had accrued.

## II.  Defendants' responses to discovery do not merit sanctions.

Under D.N.M.LR-Civ. 26.6 Plaintiff was required to file a motion relating to the Board's discovery responses within twenty-one (21) days of receiving responses and objections. Plaintiff initially provided a Fed. R. Civ. P. 37 letter to the Defendant Board on July 7, 2025. While Plaintiff's counsel generously provided discovery extensions to the Board in order to supplement the discovery, the supplements were served on July 25, 2025 [Doc. 72]. Defendant Jimenez served his supplemental responses on July 22, 2025 [Doc. 69]. To the extent those responses were objectionable to Plaintiff, their motion was due within twenty-one (21) days of any such responses but it was not filed until August 29, 2025 [Doc. 94]; over a month later.

To the extent Plaintiff is concerned about the content of Defendants Jimenez and Roach's responses, undersigned counsel has never sat with individual clients and personally inspected their phones or email inboxes prior to their initial responses. Counsel relies on each witness to produce the documents that have been requested. Upon information and belief, Defendants Jimenez and Roach had fully, and in good faith, provided the documents or responses they believed they had. Upon discovery that the responses were incomplete, the supplements were provided within less than thirty (30) days and Defendant Jimenez' deposition was continued. There was no undue burden or hardship on Plaintiff as the continued deposition occurred for approximately two hours the morning of August 13, 2025, the day after Defendant Roach's and during a week the Parties had already set multiple depositions.

With respect to Defendant Roach, his supplemental responsive documents were provided in less than forty-eight (48) hours after providing the documents to his counsel, well within the reasonable window of time permitted for supplementation. Fed. R. Civ. P. 26(e)(1)(a). Defendant Roach could not realistically produce those documents sooner as he had just provided them to his

counsel the evening of August 10th – a Sunday, the night before Defendant Estrada's deposition. The documents were promptly and formally supplemented prior to his deposition, after they had been thoroughly reviewed by counsel and bates numbered for production.

Although Plaintiff attempts to make the production sound dubious in the deposition transcript, Undersigned Counsel was only noting the irony that both Defendant Roach and Jimenez' mistaken omission of their text messages in their initial responses was fortuitous given Plaintiff's use of the media and social media after previous depositions and discovery production. The interim confidentiality order gave both Defendants confidence that their participation in discovery would be used for the purpose of litigation, rather than the social media circus Plaintiff and her colleague engage in.

Finally, Plaintiff's allegations about spoliation are spurious, at best. Defendants have turned over what they have been able to locate and provide to their counsel in the discovery process. Critically, this Court has taken upon itself the herculean task of reviewing the Cellebrite data dumps from the phones of Defendants Estrada, Vizcarra, and Jurado – both from the Defendants themselves and from state police. The state police extractions, in particular, should be determinative of Plaintiff's claims as the phones were seized during the criminal investigations and will show what they texted and to whom those messages went. That is literally the best evidence.

Moving forward, in light of the discovery concerns and postponement of the mediation, Defendants propose to file a motion to vacate the scheduling deadlines. This will allow the Court time to review the Cellebrite extractions from Defendants and the State before their production to Plaintiff; additional supplementation by the County – if there are any records to supplement; the re-scheduling of a settlement conference; entry of a protective order; additional depositions; and

filing of dispositive motions. Notably, Plaintiff has expressed frustration on numerous occasions how this case has been delayed substantially. Plaintiff seems to forget her counsel – on behalf of Zane Brown – filed a Motion to Consolidate cases before Judge Urias in Zane Brown's litigation. That motion stayed this litigation and took several months to decide before litigation could progress in this case. Discovery in this case has only been ongoing since April 10, 2025 when the Court entered the current scheduling order [Doc. 48] and has proceeded at an absurdly rapid pace with at least eight depositions being conducted to date, several more remaining, and written discovery.

## CONCLUSION

None of Plaintiff's accusations of misconduct hold water and Defendants should not be sanctioned under Fed. R. Civ. P. 37, the Local Rules, or this Court's orders. Plaintiff's motion, therefore, must be denied, and Defendants should be awarded their fees and costs for having to respond to it.

Respectfully submitted,

MYNATT SPRINGER P.C.

*/s/ Benjamin J. Young*
BENJAMIN J. YOUNG
New Mexico Bar No. 144702
SARA E. WOODS
New Mexico Bar No. 149555
P.O. Box 2699
Las Cruces, New Mexico 88004-2699
(575) 524-8812
bjy@mynattspringer.com
sew@mynattspringer.com
*Attorneys for County Defendants*

**CERTIFICATE OF SERVICE**

  I certify that, on September 17, 2025, a copy of the foregoing pleading was served on the below counsel of record via electronic mail:

| | |
|---|---|
| Benjamin Gubernick<br>Curtis R. Waldo<br>ben@wglawllp.com<br>curtis@wglawllp.com<br>*Attorneys for Plaintiff* | Cody R. Rogers<br>Jennifer M. Meyer<br>crogers@serpeandrews.com<br>jmeyer@serpeandrews.com<br>*Attorneys for Defendants Estrada,*<br>*Jurado-Garcia, and Vizcarra* |

Michael Newell
mnewell@newelllawnm.com
*Attorney for Defendant Porras*

_____
BENJAMIN J. YOUNG