UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

KARINA TELLO

      **Plaintiff,**

v.                            **No. 2:24-CV-00390-KG-GJF**

LEA COUNTY BOARD OF COUNTY
COMMISSIONERS, COREY HELTON,
MICHAEL WALKER, FERNANDO JIMENEZ,
SEAN ROACH, SONIA ESTRADA,
DIANA JURADO-GARCIA, AILEEN VIZCARRA,
ALYSSA PORRAS, DOE DEFENDANTS 1-50

      **Defendants.**

## STIPULATED CONFIDENTIALITY ORDER

THIS MATTER HAVING COME BEFORE THE COURT on the stipulation and agreement of all parties, the Court orders the following:

1.    This Confidentiality Order shall govern the use and/or production and disclosure of certain records, information, documents, tangible things and materials designated as Confidential which may be produced or disclosed during this litigation (hereafter, "Confidential Material"). Documents shall be identified as Confidential within the scope of this Confidentiality Order by either stamping the word "Confidential" or alternatively setting forth in a cover letter with any Confidential Material produced that such material is Confidential Material, or alternatively by placing a cover sheet on the front of the Confidential Material produced, with the word CONFIDENTIAL typed, written or printed on the cover sheet. Deposition testimony and responses to interrogatories shall be identified as confidential within the scope of this Confidentiality Order by designating the

deposition transcript or specific pages and lines as Confidential within thirty (30) days of receipt of the deposition transcript.

2.    All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of this litigation and for no other purpose until final judgment, including any appeals or settlement, and shall not be disclosed to any person except as authorized herein. All Confidential Materials produced by any party shall be destroyed or returned within thirty (30) days of the conclusion of this lawsuit. No copies shall be retained by any person. The parties agree to consult with each other regarding the disposition of any remaining Confidential Materials after the conclusion of this lawsuit, and to determine whether the non-producing party has a legitimate need to retain the Confidential Materials, or whether they should be returned to the producing party. In the event that the parties determine the Confidential Materials need to be retained by the non-producing party, then the terms of this Order shall remain in effect until such times as the attorney for the non-producing party returns such Confidential Materials to counsel for the producing party or certifies their destruction.

3.    Confidential Information may only be disclosed to parties (or their officers, employees, agents or insurers to whom it is necessary that such information be shown in the preparation of trial of this action), counsel of record (including staff), retained experts, and the Court unless otherwise authorized herein or by Order of this Court.

4.    The parties acknowledge that this Order does not entitle them to seal all confidential information filed with the Court. However, in the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to insure the document receives proper protection

from public disclosure, including: (a) filing a redacted document with the consent of the party that designated the document or information as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submit the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as confidential under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential. If the party filing the document containing confidential information is the designating party, the motion for leave to file under seal should include a declaration identifying the confidential information contained in the document and explaining why the document is sealable. If the party filing the document is not the designating party, the designating party must file a declaration identifying the confidential information contained in the document and stating whether the designated material is sealable, and if so why, within fourteen (14) days of the filing of the motion to file under seal.

5. Confidential Information used during depositions shall be expressly identified as such in the transcript or other official record. The attorney disclosing such Confidential Materials must advise the deponent on the record that, pursuant to this Order, such person may not divulge such Confidential Materials to any other person. If the deponent is a non-party, the deposing attorney must obtain the deponent's signature binding them to the terms of this Order.

6.  Each Party shall make good faith efforts to protect Confidential Information of nonparties
    to this lawsuit under the same terms as Confidential Information of the Parties.  Nothing
    contained in this Order, and no action taken pursuant to this Order, shall prejudice the right
    of any party to contest the alleged relevancy, admissibility or discoverability of documents
    sought or subject to this Order.

7.  Inadvertent failure to designate any document or information the producing party
    determines should have been designated as Confidential Information shall not be deemed
    a waiver of the right to make such designation. The party to whom such inadvertent
    disclosure is made shall, upon written request by the producing party, treat such material
    as Confidential Information in accordance with this Order. Upon any such subsequent
    written designation, the party receiving the disclosure shall make all reasonable efforts to:
    (1) retrieve any such material disclosed to persons other than those so authorized by this
    Order; (2) affix appropriate notation to the Confidential Information as provided herein;
    and (3) prevent further use or disclosure of the documents or information contained in the
    previously undesignated Confidential Information by or to persons other than those so
    authorized herein.

8.  If any Party disputes the designation of any document as Confidential Information, such
    Party may bring the issue to the Court's attention, by motion or, with all Parties' agreement,
    informal telephonic status conference with the judge overseeing discovery, for a decision
    on whether such document or information contained therein is Confidential Information
    subject to the terms of this Order, provided, however, that all Parties agree to first discuss
    and negotiate in good faith any dispute concerning the same prior to bringing the issue

before the Court. Any such dispute shall be considered Confidential Information pursuant to the terms of this Order until, and unless, the Court rules to the contrary.

9. Deposition transcripts, recordings, and answers to interrogatories are not public records prior to their use in support of pleadings or at trial. They will not be produced to anyone other than the parties or representatives of the parties. They will not be disseminated to members of the press or any other interested individuals.

10. This Order shall remain in full force and effect until modified, superseded, or terminated by consent of the Parties or further order of the Court. Following the conclusion of these proceedings, the parties agree that the provisions of this Order will remain binding on them until and unless the parties mutually agree to terminate its protection, or the parties notify the Court and each other of a desire to re-open the case to modify and/or enforce this Protective Order. This Order is issued in conjunction with the obligations the Parties have to follow the Federal Rules of Civil Procedure and this Court's local rules, in particular Fed. R. Civ. P. 5.2.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**SUBMITTED BY:**

---

**SERPE | ANDREWS, PLLC**
Cody R. Rogers
Jennifer M. Meyer
2540 El Paseo Road, Ste. D
Las Cruces, NM 88005
(713) 452-4400
crogers@serpeandrews.com
jmeyer@serpeandrews.com
*Attorneys for Defendants Estrada, Jurado-Garcia, and Vizcarra*
        -and-

**MYNATT SPRINGER P.C.**
Benjamin J. Young
Sara E. Woods
P.O. Box 2699
bjy@mynattspringer.com
sew@mynattspringer.com
*Attorneys for County Defendants*

        -and-

**NEWELL LAW FIRM**
Michael Newell
10 W Adams Ave., Ste. E
Lovington, NM 88260
(575) 739-6395
mnewell@newelllawnm.com
*Attorney for Defendant Porras* -and-

        -and-

**WALDO GUBERNICK LAW ADVOCATES, LLP**
CURTIS WALDO
BENJAMIN GUBERNICK
717 TEXAS ST., SUITE 1200
HOUSTON, TX 77002
CURTIS@WGLAWLLP.COM
BEN@WGLAWLLP.COM

(346) 277-0287
*ATTORNEYS FOR PLAINTIFF*