IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KARINA TELLO,**

**Plaintiff,**

v.                                                                                     2:24-cv-00390-KG-GJF

**LEA COUNTY BOARD OF COUNTY
COMMISSIONERS, COREY HELTON,
MICHAEL WALKER, FERNANDO JIMENEZ,
SEAN ROACH, SONIA ESTRADA,
DIANE JURADO-GARCIA,
AILEEN VIZCARRA, ALYSSA PORRAS,
DOE DEFENDANTS 1-50,**

**Defendants.**

### PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT LEA COUNTY BOARD OF COUNTY COMMISIONERS AND MYNATT SPRINGER P.C.

Plaintiff Karina Tello ("Plaintiff"), through undersigned counsel, replies as follows to the Board's September 17, 2025 opposition to Plaintiff's motion for sanctions (Dkt. No. 107, "the Response" or "Def. Resp."). The Response offers no meaningful defense for the misconduct of the Board and its attorneys. Indeed, it fails to address most of the sanctionable actions raised in Plaintiff's motion. So, Plaintiff's motion should be granted.

1. **The Response Fails to Address Many of the Motion's Allegations.**

At bottom, the Response is undermined by object permanence: ignoring problems does not make them go away. The Response does not address the Board's failure to institute any evidence preservation measures, the widespread use of an encrypted, auto-deleting messaging service, or Walker's habitual text message purges. In fact, by all appearances the Board has ***still not*** issued a preservation letter to its employees; LCSO's brass still uses Slack; and Walker continues to delete work-related text messages. Likewise, the Response does not even attempt to explain why the Board let Jimenez walk off with his work phone (which he then lost).

1

## 2. Defendants' *Ipse Dixit* Excuses Should be Rejected.

Even when the Board does respond to the motion's allegations, it presents little beyond conclusory statements. For example, the Response contends that "Plaintiff is requesting sanctions for a number of reasons, none of which are permissible[.]" Def. Resp. at 1. Yet all the violations the motion identifies are supported by specific citations to the Federal Rules of Civil Procedure and caselaw. The Board does not dispute the applicability of Plaintiff's legal authorities, and it certainly does nothing to refute them—the Response does not cite a single case.

Along the same lines, Plaintiff's motion laid out extensive evidence that Mynatt Springer committed numerous Rule 26(g) violations by signing discovery responses without conducting a reasonable inquiry into their accuracy. In response, Mynatt Springer offers only this: "Upon information and belief, Defendants Jimenez and Roach had fully, and in good faith, provided the documents or responses they believed they had." *Id*. at 3. But Rule 26(g) requires that the certifying attorney's "knowledge, information, and belief" to be "***formed after a reasonable inquiry***." Fed. R. Civ. P. 26(g)(1). And here, Mynatt Springer fails to present evidence that it conducted *any* inquiry into the accuracy of the responses prior to signing them—no attorney declaration, no client declaration, nothing. Plaintiff's motion accused Mynatt Springer of rubberstamping inaccurate discovery responses, and in response Mynatt Springer merely shrugs and blames its clients.

## 3. The Response's Reliance on Local Rule 26.6 is Misplaced.

According to the Board, it cannot be sanctioned because Civil Local Rule 26.6 required Plaintiff "to file a motion relating to the Board's discovery responses within twenty-one (21) days of receiving responses and objections." Def. Resp. at 3. But that is not what the rule says. "[T]he meaning of Local Rule 26.6 is as plain as the language it uses—if a *motion to compel* is not filed within 21 days after service of a discovery response, then that response is treated as accepted." *Hare v. Baur*, No. CV 19-1091 RCB/GJF, 2020 WL 5763864, at *4 (D.N.M. Sept. 28, 2020) (emphasis added). The contention that Rule 26.6 applies to any motion "relating to" discovery responses is woven from whole cloth.

Here, Plaintiff has motioned the Court to impose sanctions, *not* compel responses to discovery requests. *Macgregor v. MiMedx Grp. Inc.*, No. CV 19-1189-MV-GJF, 2021 WL 826575, at *3 (D.N.M. Mar. 4, 2021) (Rule 26.6 inapplicable because "the Motion does not seek to compel Plaintiff to comply with RFP #6; instead, the Motion merely suggests that the Court should order Plaintiff to produce his personal cellphone as one way of resolving Defendant's reasonable concern that Plaintiff may be withholding other discoverable information, a concern caused by Plaintiff's failure to produce the Serrano Texts."). It would be one thing if, for example, the County Defendants had refused to turn over documents based on an unduly burdensome objection. But that is not what the County Defendants did. Rather, they claimed—falsely—that they had diligently searched and found nothing. Rule 26.6 does not create a safe harbor for parties whose discovery misconduct evades detection for more than 21 days.

**4. Rule 26 Does Not Allow Mynatt Springer to Sandbag Plaintiff.**

Defendants contend that Rule 26 somehow allowed them to sit on highly material text messages throughout Estrada's deposition. Defendants reason that "less than forty-eight (48) hours" elapsed from when Mynatt Springer received the text messages from Roach to when they were disclosed, so the disclosures were made "well within the reasonable window of time permitted for supplementation." Def. Resp. at 3. But Rule 26 does not create a "window" or grace period during which a party is permitted to unfairly prejudice an opponent. Just the opposite:

> Under Federal Rule of Civil Procedure 26(e)(1)(A), a party has a duty to "supplement or correct its disclosure or response" to a request for production "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Importantly, though, Rule 26 imposes a duty on parties; *it grants them no right to produce information in a belated fashion*. Rule 26 provides no safe harbor for a party's lack of diligence and failure to show good cause. Nor does it offer a second bite at the apple or license to sandbag one's opponent.

*Downing v. Calton & Assocs., Inc.*, No. CIV-19-00652-JD, 2024 WL 4729755, at *4 (W.D. Okla. Nov. 8, 2024) (quotation marks and citations omitted) (emphasis added).

3

In the present matter, Mynatt Springer has failed to show good cause for withholding Roach's text messages. The only explanation the Response offers is that the messages "had [to be] thoroughly reviewed by counsel and bates numbered for production." But even if that was true, Mynatt Springer could have simply notified Plaintiff that additional, undisclosed text messages existed, so that Estrada's deposition could have been rescheduled or left open. Indeed, that is exactly what Mynatt Springer did months earlier, when Jimenez's mid-deposition search of his phone revealed undisclosed messages.

**5. Plaintiff was Prejudiced.**

The Board denies that its misconduct caused prejudice toPlaintiff, on the grounds that "[t]he state police extractions … should be determinative of Plaintiff's claims as the phones were seized during the criminal investigations and will show what they texted and to whom those messages went. That is literally the best evidence." Def. Resp. at 4. In other words, the Board appears to contend that Plaintiff will have enough evidence to prove her claims from other sources, so its noncompliance is harmless. That argument is unpersuasive for several reasons.

First, it is a basic principle in law that the plaintiff is master of the lawsuit. It is not up to the Board to decide how Plaintiff presents her case to a jury, or how much evidence is enough. If the Board wished to make a cumulative objection to Plaintiff's discovery requests, it was free to do so. What the Board could not do, however, was decline to search for or preserve evidence based on its unilateral determination that Plaintiff would obtain "the best evidence" from someone else. Def. Resp. at 4.

Second, because of Defendants' actions Plaintiff lost the opportunity to confront Estrada with documents that impeach her testimony, a bell that cannot be unrung. *See Downing*, 2024 WL 4729755 at * 4 ("Various courts have found that a party suffered prejudice when the other side's delayed production forced the party to proceed with a deposition without the benefit of necessary, relevant documents.")

Third, the Board says it can shirk its discovery obligations because "what [the Officer Defendants] texted and to whom" are "determinative of Plaintiff's claims[.]" Def. Resp. at 4. In

4

other words, the Board contends the sole fact question is whether Vizcarra, Jurado, Estrada, and Porras disseminated Plaintiff's intimate video. Plaintiff suggests that, as a sanction, the Court hold the Board to that contention, and preclude the Board from disputing any other issue at trial (e.g., whether the Board ratified the Officer Defendants' conduct).

### 6. The Court Should Not Tolerate the Board's Gaslighting.

Finally, the Response attempts to rewrite history and reframe the Board's misconduct as Plaintiff's fault, a tactic that is itself bad faith. *LaJeunesse v. BNSF Ry. Co.*, 333 F.R.D. 649, 674 (D.N.M. 2019) (terminating sanctions warranted where the court found "redirection to be another step in LaJeunesse's inability or refusal to accept and comply with discovery obligations in this case.").

Consider the section of the Response dealing with the vacated settlement conference. According to the Board's retelling of events, all Defendants did was "withdraw from fruitless negotiations" because of "Plaintiff's decision to violate Fed. R. Civ. P. 5.2." Def. Resp. at 2. Defendants further assert that "Plaintiff's unfounded accusations that Defendants were attempting to leverage an outcome are laughable." *Id*. But that is exactly what the Board did—at the August 8, 2025 status conference Defendants expressly stated that they would not bring money to the settlement conference if their motion to seal was pending. Everyone on the call heard it. The exchange is reflected in the clerk's minutes. Yet the Board says Plaintiff is the one "engaging in conduct that smacks of extortion rather than addressing the merits of their substantively flawed case." Def. Resp. at 1.

The pattern repeats itself throughout the Response. According to the Board, Plaintiff is to blame for Roach and Jimenez's failure to conduct discovery, as they lacked "confidence that their participation in discovery would be used for the purpose of litigation, rather than the social media circus Plaintiff and her colleague engage in." *Id*. at 4. And it is somehow Plaintiff's fault that Mynatt Springer admitted, on the record, to intentional withholding of evidence, as if Plaintiff put words in Mr. Young's mouth. *See id*. ("Plaintiff attempts to make the production sound dubious in the deposition transcript"). In the Board's inverted reality, misconduct is compliance,

5

concealment is supplementation, and Plaintiff is the wrongdoer. This is classic abuser behavior. The Court should put a stop to it.

7. **Conclusion.**

For the foregoing reasons Plaintiff's motion should be granted.

**WGLA, LLP**

By: */s/ Benjamin Gubernick*
Benjamin Gubernick (SBN 145006)
Curtis Waldo (SBN 163604)

ben@wglawllp.com
curtis@wglawllp.com
Telephone (346) 277-0287
Fax: 346-341-0169
717 Texas St. Suite 1200
Houston, TX 77002

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2025, I served this document on counsel of record in compliance with the Federal Rules of Civil Procedure.

*/s/ Benjamin Gubernick*
Benjamin Gubernick