IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KARINA TELLO,**

    **Plaintiff,**

v.                                                          2:24-cv-00390-KG-GJF

**LEA COUNTY BOARD OF COUNTY
COMMISSIONERS, COREY HELTON,
MICHAEL WALKER, FERNANDO JIMENEZ,
SEAN ROACH, SONIA ESTRADA,
DIANA JURADO-GARCIA,
AILEEN VIZCARRA, ALYSSA PORRAS,
DOE DEFENDANTS 1-50,**

    **Defendants.**

**DEFENDANT ESTRADA'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFF**

        COMES NOW Defendant Estrada ("Defendant"), by and through her attorneys of record, Serpe Andrews, PLLC (Cody R. Rogers and Jennifer M. Meyer), and respectfully move this Court for an order compelling Plaintiff Karina Tello to fully and completely respond to Defendant Estrada's First Set of Interrogatories, Requests for Production, and Requests for Admission (hereinafter, "Discovery Requests").

        Good faith efforts were made to resolve this issue, but Plaintiff has failed to properly respond or supplement the discovery at issue in this Motion. Pursuant to D.N.M.LR-Civ. 7.1, Plaintiff was contacted and opposes this Motion. In support of this Motion, Defendant respectfully states as follows:

**INTRODUCTION AND PROCEDURAL HISTORY**

        This case arises out of Plaintiff's former employment as a deputy at Lea County Sheriff's Office ("LCSO"). Plaintiff alleges she is the victim of a revenge-porn conspiracy concocted by her former colleagues and friends. *See generally* Plaintiff's Third Amended Complaint ("TAC"),

1

Further, Plaintiff claims she was terminated for sending an intimate video of herself to a sexual partner and in violation of her civil rights. *Id*. at ¶¶ 1, 99, 116. Defendants Estrada, Jurado-Garcia, and Vizcarra adamantly deny these allegations and Plaintiff's alleged damages.

On or about July 31, 2025, Defendant served the Discovery Requests on Plaintiff, attached hereto with relevant portions highlighted as **Exhibit A**. Thereafter, on September 2, 2025, Plaintiff served her answers and responses to Defendant's Discovery ("Discovery Responses"). *Id*. Many of Plaintiff's answers and responses were deficient and required supplementation. The next day, on September 3, 2025, counsel for Plaintiff sent email to counsel for Defendant stating, "See attached production from Plaintiff." *See* Email from Curtis Waldo to Cody R. Rogers, attached hereto as **Exhibit B**. The email included an attachment of documents Bates labeled 000001-000032, but failed to identify the discovery requests to which these documents are responsive, attached hereto as **Exhibit B-1**.

As such, on September 12, 2025, counsel for Defendant made a good faith effort to resolve these discovery issues and requested supplementation. *See* Letter from Jennifer M. Meyer to Curtis Waldo and Benjamin Gubernick, attached hereto as **Exhibit C** (hereinafter "Good Faith Letter"). Defendant, via her Good Faith Letter, requested that supplementation be provided no later than September 18, 2025, or Court intervention would be sought.

On September 15, 2025, counsel for Plaintiff requested an extension to respond to Defendant Estrada's Good Faith letter (hereinafter "Plaintiff's Response"). *See* Email chain between Curtis Waldo, Plaintiff's counsel, to Jennifer Meyer, Defendant Estrada's counsel (Sept. 15, 2025; 7:22 am) (on file with author), relevant portions attached hereto as **Exhibit D.** Counsel for both Plaintiff and Defendant Estrada then agreed to extend Plaintiff's deadline to respond to

the Good Faith letter to September 26, 2025, and to extend the deadline for Defendant Estrada to file a Motion to Compel to October 3, 2025. *Id.*

Plaintiff did not respond or supplement her discovery by September 26, 2025. The next day, September 27, 2025, counsel for Plaintiff sent an email to counsel for Defendant Estrada stating that Plaintiff "will aim to get you a response Monday by end of business." *Id*. Counsel for Plaintiff did not ask for an additional extension, nor did he acknowledge the missed deadline. Three (3) days later, on September 29, 2025, Plaintiff served her supplemental responses to the Discovery requests, attached hereto with relevant portions highlighted as **Exhibit E**, along with a letter in response to Defendant Estrada's good faith letter (hereinafter "Response Letter"), attached hereto as **Exhibit F**. While the supplementation and Response Letter addressed a few of the issues raised as to the Interrogatories and Requests for Production, Plaintiff still failed to provide any supplementation that would address most of the deficiencies identified in the Good Faith letter. Instead, Plaintiff once again provides incomplete responses and feigns confusion regarding the information sought by Defendant Estrada. *See* **Ex. E, F**.

Plaintiff provides no good grounds to be excused from providing the most basic information and documentation sought by the Discovery Requests at issue in this Motion. Plaintiff's answers are insufficient and evasive, and her meritless objections are unsubstantiated. Simply, Plaintiff's Discovery Responses undermine the purpose of discovery, delay the resolution of this case, and prejudice Defendant Estrada's ability to defend against Plaintiff's claims. Plaintiff's resistance to cooperating in the discovery process is completely unjustified.

Accordingly, Defendant Estrada respectfully requests that the Court enter an order compelling Plaintiff to satisfy her discovery obligations under the Federal Rules of Civil Procedure. Defendant Estrada further requests that the Court impose appropriate sanctions under

Fed. R. Civ. P. 37(C) given that Plaintiff's conduct has necessitated the filing of this Motion and in light of Plaintiff's complete disregard and disdain for the Federal Rules of Civil Procedure relating to discovery.

## ARGUMENT

I.  **Discovery Standard**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "[T]he scope of discovery under the federal rules is broad and discovery is not limited to issues raised by pleadings, for discovery itself is designed to help define and clarify issues." *Buster v. Bd. of Cnty. Comm'rs for Lincoln Cnty.*, 2023 U.S. Dist. LEXIS 110353, *3-4 (D.N.M. June 27, 2023) (citing *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (secondary citation and internal quotation marks omitted)).

Interrogatories are governed by Fed. R. Civ. P. 33, which requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). While a "responding party may object to an interrogatory [] the grounds for an objection must be stated with specificity." *Buster*, 2023 U.S. Dist. LEXIS 110353 at * 4 (citing Fed. R. Civ. P. 33(b)(4)) (internal quotation marks omitted). Additionally, Requests for production "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). Moreover, a party responding to a request must identify which documents are responsive to which requests. *See Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 541 (D. Kan. 2006).

In the case at bar, Plaintiff has provided no good grounds upon which she should be excused from her discovery obligations in this case with respect to the discovery at issues in this Motion, including information regarding her conversations and electronic communications with

4

witnesses, the amount of economic damages and expenses she is claiming, and the basis upon which she brings the specific claims in her TAC. Further, Plaintiff's evasive answers, which are directly contradicted by the record, undermine the purpose of discovery, delay the resolution of this case, and prejudice Defendant Estrada's ability to defend against Plaintiff's claims. Defendant is entitled to the very basic discovery addressed below and respectfully requests that the Court compel production as noted below.

**II.     The Court should Order Plaintiff to Supplement Discovery Fully and Completely and Withdraw her Baseless Objections.**

Plaintiff's Answer to **Interrogatory No. 3** is deficient. This Interrogatory asks Plaintiff to describe in detail any conversations she had with Lea County Sheriff's Office, including any deputies, agents, or employees, since she was terminated in July 2023. *See* **Ex. A**, at Interrogatory No. 3. This Interrogatory also asks Plaintiff to state, for each conversation, her relationship with each person; what statements or remarks were made in each conversation; the name or description of the person who made the statement or remarks; the date, time and place the statements were made; and the identity and/or description of the persons present when such remarks were made. *Id*.

In response, Plaintiff objected to the Interrogatory as overly broad and unduly burdensome and that it would require Plaintiff to summarize detailed information for a "a long time ago that took place during oral conversations." *See* **Ex. A**, at Answer to Interrogatory No. 3. Plaintiff goes on to state that she has only spoken with Victor Murillo and "[t]hose conversations took place *primarily* by phone." *Id*. Instead of providing the requested details, Plaintiff states only that the conversations were "not romantic or sexual in nature[,]" that she and Mr. Murillo were supporting each other, and that she has not "spoken to Murillo *much* if at all since August 2024." *Id*. While Plaintiff supplemented her original and first deficient Answer, her First Supplemental Answer

5

continues to be deficient as she simply repeats her objection. *See* **Ex. F**, at Supplemental Answer to Interrogatory No. 3. Rather than providing the requested information regarding the responsive communications, Plaintiff feigns ignorance as to the information sought. *Id*. However, Plaintiff has again failed to provide details such as what statements were made, the person who made the statements, and the identity of persons present when the remarks were made. *Id*.

Plaintiff's objections as to breadth are wholly without merit pursuant to the broad discovery permitted by the Federal Rules of Civil Procedure. Defendant Estrada is most certainly entitled to this most basic discovery and Plaintiff is required to provide full and complete answers, including identifying the participants, dates, locations, witnesses, and substance of any responsive conversations or communications known to Plaintiff. Accordingly, Defendant respectfully requests that the Court overrule Plaintiff's objections and require her to supplement her Answer fully and completely.

Plaintiff's Answer to **Interrogatory No. 6** is similarly deficient. This Interrogatory asks Plaintiff to itemize all economic damages and expenses (including out-of-pocket expenses and monetary losses) she is claiming in this lawsuit, including the approximate dollar amounts and the general factual basis for each. *See* **Ex. A**, at Interrogatory No. 6.[1] In response, Plaintiff stated that she seeks lost wages as described in "an expert report" and medical expenses relating to the treatment she received as a result of the events underlying her lawsuit. *See* **Ex. A**, at Answer to Interrogatory No. 6. Rather than supplement her original and first deficient Answer, Plaintiff's First Supplemental Answer merely stated that she "will supplement." *See* **Ex. F**, at Supplemental Answer to Interrogatory No. 6. Plaintiff's statement is not a proper Answer pursuant to Fed. R.

---

[1] Although Defendant Estrada sought this information via interrogatory, Plaintiff is also obligated to provide this information as part of her initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), which she has not done.

6

Civ. P. 26(e)(1) which requires a party to supplement or correct in a timely manner if the party learns the response is incomplete or incorrect.

Plaintiff has had ample opportunity to provide the requested information but has failed to do so. As Plaintiff has neither provided a substantive response nor a timely supplementation, she has failed to comply with her obligations under the Federal Rules of Civil Procedure. Accordingly, Defendant Estrada respectfully requests that the Court order Plaintiff to supplement her Answer fully and completely.

Plaintiff's Answer to **Interrogatory No. 12** is similarly deficient. This Interrogatory asks Plaintiff to explain her allegation that she "submitted a complaint about [Estrada] the night before the Tracfone messages started[.]" *See* **Ex. A**, at Interrogatory No. 12. The Interrogatory also asks Plaintiff to describe when the alleged messages started, to whom the messages were sent, the content of the messages, the phone number from which the messages were sent, and how she learned about the messages. *Id*.

In response, Plaintiff stated only that she obtained her understanding from Defendant Roach, and that Roach told her about this information in June 2023. *See* **Ex. A**, at Answer to Interrogatory No. 12. Plaintiff's response is insufficient. *See Sunbird Air Servs.,* 1992 U.S. Dist. LEXIS 22899, at *4 ("[A]n evasive or incomplete answer constitutes a failure to answer."). Defendant Estrada is entitled to a complete answer considering these alleged rumors are central to Plaintiff's claims of harassment and hostile work environment, and form the basis for her claims against Defendant Estrada. Although Plaintiff supplemented her original and first deficient Answer, her First Supplemental Answer is similarly insufficient. *See* **Ex. E**, at Supplemental Answer to Interrogatory No. 12. Again, Plaintiff merely repeats that she learned this information from Roach and avoids providing a substantive response. *Id*. Simply, Plaintiff's incomplete

response fails to address which individuals allegedly received the messages, the content of the messages, and the phone number from which the messages were sent.[2] Further, based on her vague response, it is unclear exactly what Roach told Plaintiff.

Plaintiff's failure to provide a complete answer undermines the purpose of discovery, delays the resolution of this case, prejudices Defendant Estrada's ability to defend against Plaintiff's claims, and is insufficient as a matter of law. *See Sunbird Air Servs.,* 1992 U.S. Dist. LEXIS 22899, at *4. Accordingly, Defendant Estrada respectfully requests that the Court order Plaintiff to supplement her Answer fully and completely.

Plaintiff's Answer to **Interrogatory No. 14** is insufficient and does not satisfy her obligations under the Federal Rules of Civil Procedure. This Interrogatory asks Plaintiff to explain the full factual basis for her statement to the New Mexico State Police ("NMSP") that she only shared the intimate Video with her fiancé, Andy Dominguez. *See* **Ex. A**, at Interrogatory No. 14. The Interrogatory also asks Plaintiff to identify any other individuals (male or female) to whom she sent the Video, whether or not she provided this information to NMSP, and, if not, to explain why she did not provide this information. *Id*.

In response, Plaintiff stated that she had only seen a screenshot, not the whole video, when she made her statement to the NMSP. *See* **Ex. A**, at Answer to Interrogatory No. 14. While she went on to state that she thought the Video was a more recent video she had sent only to Mr. Dominguez, Plaintiff again failed to completely answer the Interrogatory. *See Sunbird Air Servs.,* 1992 U.S. Dist. LEXIS 22899, at *4 ("[A]n evasive or incomplete answer constitutes a failure to answer."). Simply, Plaintiff's response is insufficient and evasive and does not satisfy her

---

[2] For example, Plaintiff has alleged at various times that her then-fiance, Andy Dominguez, received these messages. If that is true, Plaintiff certainly has knowledge of the specifics related to such messages, and should be ordered to provide it.

obligations under the Federal Rules of Civil Procedure. Rather than supplement her original and first deficient Answer, Plaintiff's First Supplemental Answer merely stated that she "will supplement." *See* **Ex. F**, at Supplemental Answer to Interrogatory No. 14. Plaintiff's statement is not a proper Answer pursuant to Fed. R. Civ. P. 26(e)(1) which requires a party to supplement or correct in a timely manner if the party learns the response is incomplete or incorrect.

Plaintiff has had ample opportunity to provide the requested information but has failed to do so. As Plaintiff has neither provided a substantive response nor a timely supplementation, she has failed to comply with her obligations under the Federal Rules of Civil Procedure. Accordingly, Defendant Estrada respectfully requests that the Court order Plaintiff to supplement her Answer fully and completely.

Plaintiff's Answer to **Interrogatory No. 15** is evasive, deficient, and contradicted by the record. This Interrogatory asks Plaintiff to state whether her current personal cell phone ("phone") is the cell phone she had in 2023 and, if she currently has a different personal phone, to please describe every cell phone(s) she had had since January 2023, her phone carrier(s), the number associated with the phone(s), the reason(s) she changed her phone, the current location of her previous phones, and whether she transferred the data to her new cell phone by device-to-device transfer or backup from a cloud. *See* **Ex. A**, at Interrogatory No. 15. The Interrogatory also asks Plaintiff to include whether she had more than one cell phone in 2023, including but not limited to a work cell phone or additional personal cell phone and, if so, to explain whether she still has the phone(s) and to provide the carrier and phone number associated with the phone(s). *Id*.

In response, Plaintiff stated. "[t]o answer the first question, no, it is not." *See* **Ex. A**, at Answer to Interrogatory No. 15. She went on to state that she changed her number to the present "806 number" at the end of 2023, that she has had AT&T from 2022 onward, and that she has not

had a work phone during this period. *Id*. Although Plaintiff supplemented her original and first deficient Answer, her First Supplemental Answer is insufficient as it merely states her current phone number. *See* **Ex. E**, at Supplemental Answer to Interrogatory No. 15. Moreover, while Plaintiff states her current cell phone is not the phone she possessed in 2023, she only refers to changing her number and not her cell phone. *Id*. Simply, Plaintiff's First Supplemental Answer is incomplete, evasive and does not satisfy her obligations under the Federal Rules of Civil Procedure. *See Sunbird Air Servs.,* 1992 U.S. Dist. LEXIS 22899, at *4.

Plaintiff's repeated failure to provide a complete answer undermines the purpose of discovery, delays the resolution of this case, and prejudices Defendant Estrada's ability to defend against Plaintiff's claims. The information sought is central to the issues in this case, including the source, distribution, and recipients of the intimate Video. Without information as to which cell phone Plaintiff used during the relevant period, it is impossible for Defendant Estrada to determine whether those phones contained the Video, whether the phones were used to send the Video, or whether the phones may contain other relevant information. Plaintiff's refusal to provide this basic information fails to satisfy her obligations under Rule 26(b)(1). Accordingly, Defendant Estrada respectfully requests that the Court order Plaintiff to supplement her Answer fully and completely.

Plaintiff's Answer to **Interrogatory No. 17** does not satisfy her obligations under the Federal Rules of Civil Procedure. This Interrogatory asks Plaintiff to explain what "acts" Defendants Estrada, Vizcarra, and Jurado-Garcia did, or caused to be done, in furtherance of the conspiracy as alleged in the Third Amended Complaint ("TAC"). *See* **Ex. A**, Interrogatory No. 17. The Interrogatory also asks Plaintiff to describe each "act" including who committed the act, when the act was committed, and how the act was accomplished. *Id*.

10

In response, Plaintiff objected that the Interrogatory is overly broad, unduly burdensome, and would require Plaintiff to describe every text message and conversation by Defendants. *See* **Ex. A**, at Answer to Interrogatory No. 17. Plaintiff went on to briefly state that the conspiracy was to acquire and circulate the video was by and between Defendants Estrada, Vizcarra, Jurado-Garcia, and Alyssa Porras; that Estrada, Vizcarra, and Jurado-Garcia acquired the Video from Porras; and, using a TracFone, sent the video to Andy Dominguez, Megan Murillo, Jon Martinez, Fernando Jimmenez, and Chan Kim's wife. *Id*. Plaintiff then stated that Vizcarra, Estrada, and Jurado-Garcia then conspired with Defendants Jimenez, Helton, Roach, and Walker to conceal their wrongdoing. *Id*.

Plaintiff's objections are wholly without merit. The Interrogatory is specifically tailored and seeks information regarding Plaintiff's claims in this action. In addition, Plaintiff again provides an incomplete Answer. *See Sunbird Air Servs.,* 1992 U.S. Dist. LEXIS 22899, at *4 ("[A]n evasive or incomplete answer constitutes a failure to answer."). Rather than provide the requested information, Plaintiff's Answer includes only conclusory generalizations such as Defendants "then conspired…to conceal their wrongdoing." *Id*. Further, Plaintiff's complaint that an answer would require her to describe every text message/conversation is not a basis upon which to withhold the information she has. *See Heuskin v. D&E Transp., LLC*, 2020 U.S. Dist. LEXIS 51644, at *5 (D.N.M. Mar. 25, 2020) ("objections to a discovery request must be stated with specificity.").

Plaintiff's First Supplemental Answer is similarly inadequate and evasive. *See* **Ex. F**, at Supplemental Answer to Interrogatory No. 17. Instead of providing a substantive response, Plaintiff feigns confusion as to the additional information sought. Id. However, Plaintiff's responses are demonstrably incomplete and conclusory. For example, rather than providing the

11

requested factual detail as to her claims of conspiracy, Plaintiff merely states that Defendants Estrada, Jurado-Garcia and Vizcarra furthered their conspiracy by "conspire[ing]" with Defendants Jimenez, Helton, Roach, and Walker. *Id*. Plaintiff's conclusory responses do not satisfy her obligations under Fed. R. Civ. P. 33, which requires a party to provide a complete, non-evasive answer to an Interrogatory. Accordingly, Defendant Estrada respectfully requests that the Court order Plaintiff to withdraw her objections and supplement her Answer fully and completely.

Plaintiff's Answer to **Interrogatory No. 19** is inadequate and evasive. This Interrogatory asks Plaintiff to describe her relationship with Victor Murillo, including when the relationship began, the nature and length of the relationship, whether she was in any other romantic relationship(s) at the time, and the reason the relationship ended. *See* **Ex. A**, at Interrogatory No. 19.

In response, Plaintiff objected to the use of the phrase "other romantic relationship(s)" on the basis that it assumes Plaintiff's relationship with Murillo was romantic. *See* **Ex. A**, at Answer to Interrogatory No. 19. Plaintiff also objected to the Interrogatory as vague and ambiguous about what is a "romantic" relationship. Plaintiff then provided only a brief description of her relationship with Murillo, admitting to exchanging "sexually themed messages" but denying that the relationship was romantic, and claiming there was stress in their relationship in August or September 2023 but that they have become friendly again. *Id.*

Plaintiff's objections as to vagueness and ambiguity are without merit and are not grounds upon which to withhold this most basic discovery. The Interrogatory is specifically tailored to seek information regarding Plaintiff's "romantic relationship(s)," a term that was described in detail in Defendant Estrada's definitions. *See* **Ex. A**, at Definitions. Moreover, Plaintiff's Answer is incomplete and evasive as she has again failed to answer all subparts of the Interrogatory. *See*

*Sunbird Air Servs.,* 1992 U.S. Dist. LEXIS 22899, at *4 ("[A]n evasive or incomplete answer constitutes a failure to answer."). Plaintiff's First Supplemental Answer is similarly incomplete and evasive, as well as needlessly argumentative. *See* **Ex. F**, at Supplemental Answer to Interrogatory No. 19 (stating that "[i]f it is simply that Estrada has convinced herself there was a sexual relationship between Murillo and Plaintiff and she does not like hearing otherwise, Plaintiff has nothing to add."). Factual details regarding Plaintiff's relationship with Murillo, including her involvement in any other relationships and the reason her relationship with Murillo ended and began again, are directly relevant to her claims of harassment and hostile work environment.[3] Simply, Plaintiff's First Supplemental Answer is incomplete, evasive and does not satisfy her obligations under the Federal Rules of Civil Procedure. *See Sunbird Air Servs.,* 1992 U.S. Dist. LEXIS 22899, at *4. Accordingly, Defendant Estrada respectfully requests that the Court order Plaintiff to withdraw her objections and supplement her Answer fully and completely.

Plaintiff's Answer to **Interrogatory No. 20** is similarly insufficient and evasive. This Interrogatory asks Plaintiff to describe what she and Victor Murillo were doing when Defendant Estrada caught them alone in Murillo's vehicle on May 31, 2023. *See* **Ex. A**, at Interrogatory No. 20. The Interrogatory also asks Plaintiff to describe whether she and Murillo were on duty at the time and/or whether she or Murillo were supposed to be at the station when this incident occurred. *Id*.

In response, Plaintiff objected to the use of the word "caught" on the basis that it implies Plaintiff and Murillo were doing something illicit. *See* **Ex. A**, at Answer to Interrogatory No. 20.

---

[3] In addition, County Defendants have produced evidence (in the form of text messages between Plaintiff and Victor Murillo about their sexual relationship, which Murillo admitted he sent to Andy Dominguez when he was drunk) that indicates the relationship between Plaintiff and Murillo was "romantic" by any conceivable definition of the term. If Plaintiff (and Murillo) made false statements during their complaints to LCSO or the investigation of those complaints, that information is certainly relevant and discoverable.

13

She also objected to the phrase "supposed to be" as vague and ambiguous "as Plaintiff was 'supposed to be' at two different places around that time, Hobbs and Lovington." *Id*. Plaintiff went on to state that she and Murillo were talking to each other when Estrada encountered them, that there "were only a few minutes" between when Plaintiff left the Lovington station and her encounter with Estrada, and that Plaintiff was assigned to Hobbs that shift but had been summoned to Lovington for a call. *Id*. The remainder of Plaintiff's answer includes only irrelevant complaints regarding Defendant Roach's investigation into Plaintiff's version of events. *Id.*

Plaintiff's objections as to vagueness and ambiguity are without merit. The Interrogatory is specifically tailored to seek information regarding what Plaintiff and Mr. Murillo were doing in Murillo's vehicle on May 31, 2023, and whether Plaintiff was on duty or was away without leave when this occurred. Plaintiff's complaint regarding Defendant Roach's investigation is not a basis upon which to withhold this basic information. Plaintiff's First Supplemental Answer is similarly insufficient as she again avoids answering whether she or Murillo were on duty and/or were supposed to be at the station when this incident occurred. *See* **Ex. F**, at Supplemental Answer to Interrogatory No. 20.

Whether Plaintiff was away without leave is directly relevant to the validity of Plaintiff's termination. Plaintiff's responses are incomplete, evasive and do not satisfy her obligations under the Federal Rules of Civil Procedure. *See Sunbird Air Servs.,* 1992 U.S. Dist. LEXIS 22899, at *4. Accordingly, Defendant Estrada respectfully requests that the Court order Plaintiff to withdraw her objections and supplement her Answer fully and completely.

Plaintiff's Answer to **Interrogatory No. 24** is similarly deficient. This Interrogatory asks Plaintiff to describe her relationship with Chris Leyva with the New Mexico State Police in Hobbs, including the nature and length of this relationship, whether she and Mr. Leyva spoke about the

14

NMSP investigation into her complaint, and to describe each conversation she had with Mr. Leyva about the investigation including when the conversations occurred, what information was discussed, and whether the communications were in person, over the phone, or via email or text communications. *See* **Ex. A**, at Interrogatory No. 24.

In response, Plaintiff objected to the Interrogatory as overly broad, unduly burdensome, and an impermissible fishing expedition. *See* **Ex. A**, at Answer to Interrogatory No. 24. Plaintiff went on to complain that she does not understand how her relationship with Leyva is relevant. *Id*. Plaintiff then stated that Leyva was her first training officer at Lovington Police Department, they have been friends "for several years and worked at Lovington PD together[,]" that Plaintiff spoke to Leyva about Mr. Soto's polygraph when Soto returned to Lovington PD in early 2023, and that Mr. Soto confessed in his polygraph to providing the intimate Video to Defendant Porras. *Id*.

Plaintiff's objections as to breadth and relevance are insufficient pursuant to the broad discovery permitted by the Federal Rules of Civil Procedure. As the party resisting discovery, Plaintiff must provide a basis for her assertion that the Interrogatory is objectionable beyond conclusory objections. *See Heuskin,* 2020 U.S. Dist. LEXIS 51644, at *5 ("objections to a discovery request must be stated with specificity."). Plaintiff's First Supplemental Answer is similarly inadequate and evasive. *See* **Ex. F**, at Supplemental Answer to Interrogatory No. 24. Instead of providing the requested factual details, such as a description of her conversation with Mr. Leyva and whether it took place in person, Plaintiff feigns confusion as to the additional information sought. Id. Plaintiff once again evades answering by conveniently claiming confusion. Moreover, Plaintiff's timeline does not add up as Soto did not return to Lovington Police Department until the latter half of 2023, and the intimate Video was allegedly distributed in June 2023.

15

Simply, Plaintiff's responses are incomplete, evasive and do not satisfy her obligations under the Federal Rules of Civil Procedure. *See Sunbird Air Servs.,* 1992 U.S. Dist. LEXIS 22899, at *4. Accordingly, Defendant Estrada respectfully requests that the Court order Plaintiff to withdraw her objections and supplement her Answer fully and completely.

Plaintiff's Response to Request for **Production No. 2** is inadequate. This Request asks Plaintiff to produce documents related to the purchase of her current cell phone(s) and any other cell phones she has purchased or acquired from 2022 to date. *See* **Ex. A**, at Request for Production No. 2. In response, Plaintiff objects that the request is vague and ambiguous as to what is being requested and that Plaintiff does not see how a sales contract for a cell phone is relevant. *See* **Ex. A**, at Response to Request for Production No. 2.

Plaintiff's objections as to vagueness, ambiguity, and relevance are without merit pursuant to the broad rules of discovery. The Request is narrowly tailored to seek production of any documents related to any cell phone(s) Plaintiff has purchased or acquired from 2022 to date. Instead of supplementing her original and first deficient Response, Plaintiff argues that the requested information is not relevant. *See* **Ex. F**, at Supplemental Response to Request for Production No. 2. However, the requested information is directly relevant to the claims and defenses in this case. Plaintiff alleges that Defendants Estrada, Jurado-Garcia and Vizcarra distributed the intimate Video; however, Plaintiff also sent the Video to *at least* Mr. Dominguez, Mr. Soto and Mr. Murillo, and information contained on Plaintiff's current and previous cell phones may reveal whether Plaintiff disseminated the Video to other individuals. Further, the requested contracts are directly relevant as they can confirm which phone(s) Plaintiff was using at the time of the alleged dissemination and can also establish whether Plaintiff maintained multiple accounts or numbers, which may have been used to disseminate the Video, and what, if any,

16

evidence may be obtained from these phones. This information is particularly relevant given Plaintiff's previous misrepresentations to the New Mexico State Police regarding when and to whom she sent the Video.

As Plaintiff's cell phone contracts are central to the issue of dissemination and causation, this Request is properly within the scope of discovery permitted by Rule 26(b)(1). Accordingly, Defendant Estrada respectfully requests that the Court order Plaintiff to withdraw her objections and supplement her Response fully and completely.

Plaintiff's Response to **Request for Production No. 3** is insufficient and evasive. This Request asks Plaintiff to produce all communications, including but not limited to text messages, chat conversations, emails, WhatsApp messages, pictures, videos, Snapchats, or social media posts that she exchanged with Victor Murillo from January 1, 2023, until present. *See* **Ex. A**, at Request for Production No. 3. In response, Plaintiff objected that the Request is overly broad and unduly burdensome, that the Request is not tailored to the parties' claims or defenses, and that every conversation with Murillo is not relevant. *See* **Ex. A**, at Response to Request for Production No. 3. Rather than supplement her original and first deficient Response, Plaintiff argues that her conversations with Murillo are not relevant. *See* **Ex. F**, at Supplemental Response to Request for Production No. 3.

However, Plaintiff's objections as to breadth and relevance are wholly without merit. The Request is narrowly tailored to include communications with Mr. Murillo from January 1, 2023, until present, and Plaintiff's communications with Murillo are directly related to the claims and defenses in this case. Plaintiff alleges that she was terminated based on false accusations of a relationship with Murillo and denies having such a relationship. However, text messages produced in the Defendant Lea County's Initial Disclosures indicate that Plaintiff did have a sexual

relationship with Murillo. As such, the requested communications are central to evaluating Plaintiff's credibility, the truth of her allegations, and the legitimacy of her claimed damages. Moreover, Murillo has been identified as a possible source of the Video, making Plaintiff's communications with him highly relevant to determining who first disseminated the Video and whether Defendants Estrada, Jurado-Garcia and Vizcarra were the cause of any alleged harm or damages.

As such, the requested communications fall within the scope of discovery permitted under Rule 26(b)(1). Accordingly, Defendant Estrada respectfully requests that the Court order Plaintiff to withdraw her objections and supplement her Response fully and completely.

Plaintiff's Response to **Request for Production No. 4** is also insufficient. This Request asks Plaintiff to produce all communications, including but not limited to, text messages, chat conversations, emails, WhatsApp messages, pictures, videos, Snapchats, or social media posts exchanged with Daniel Soto from January 1, 2022, until present. *See* **Ex. A**, at Request for Production No. 4. In response, Plaintiff objected that the request is overly broad and unduly burdensome, that the request is not tailored to the parties' claims or defenses, and that every conversation with Soto is not relevant. *See* **Ex. A**, at Response to Request for Production No. 4. Rather than supplement her original and first deficient Response, Plaintiff argues that her conversations with Mr. Soto are not relevant. *See* **Ex. F**, at Supplemental Response to Request for Production No. 4.

However, Plaintiff's objections as to breadth and relevance are wholly without merit. The Request is narrowly tailored to include communications with Mr. Soto from January 1, 2022, until present, and Plaintiff's communications with Mr. Soto are directly related to the claims and defenses in this case. The text messages produced in the Defendant Lea County's Initial

18

Disclosures indicate that Plaintiff had a sexual relationship with Mr. Soto and he has been identified as a possible source of the Video[4], making Plaintiff's communications with him highly relevant to determining who first disseminated the Video and whether Defendants Estrada, Jurado-Garcia and Vizcarra were the cause of any alleged harm.

As such, the requested communications fall within the scope of discovery permitted under Rule 26(b)(1). Accordingly, Defendant Estrada respectfully requests that the Court order Plaintiff to withdraw her objections and supplement her Response fully and completely.

Plaintiff's Response to **Request for Production No. 15** is insufficient. This Request for Production asks Plaintiff to produce all communications she had with any member of the New Mexico State Police from July 3, 2023, until present. In response, Plaintiff confusingly stated "Will produce." *See* **Ex. A**, at Response to Request for Production No. 15. However, no documents were produced with Plaintiff's discovery response. *Id*. If Plaintiff does not have responsive materials, she is required to so state. Further, Plaintiff's assertion that she "[w]ill produce" is ambiguous and could refer to a future production or the current production.

Rather than supplement her original and first deficient Response, Plaintiff's First Supplemental Response merely stated that she "will conduct a reasonable search for such documents and produce them if she locates any." *See* **Ex. F**, at Supplemental Response to Request for Production No. 15. Plaintiff's statement is not a proper Response pursuant to Fed. R. Civ. P. 26(e)(1) which requires a party to supplement or correct in a timely manner if the party learns the response is incomplete or incorrect.

Plaintiff has had ample opportunity to provide the requested information but has failed to do so. As Plaintiff has neither provided a substantive response nor a timely supplementation, she

---

[4] In his deposition, Mr. Soto admitted that he sent the Video to Ms. Porras, and that he showed the video to several other members of the local law enforcement community, including Ms. Jurado and Mr. Murillo.

has failed to comply with her obligations under the Federal Rules of Civil Procedure. Accordingly, Defendant Estrada respectfully requests that the Court order Plaintiff to supplement her Answer fully and completely.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Defendant Estrada respectfully moves this Court to order Plaintiff to promptly supplement her discovery fully and completely, to withdraw her inappropriate objections, and for such other relief the Court deems to be just and proper.

Respectfully submitted,

**Serpe | Andrews, PLLC**

*/s/ Jennifer M. Meyer*
Cody R. Rogers
Jennifer M. Meyer
2540 El Paseo Road, Ste D
Las Cruces, NM 88001
Telephone: (575) 288-1453
crogers@serpeandrews.com
jmeyer@serpeandrews.com
***Attorneys for Defendants Sonia Estrada, Diana Garcia and Aileen Vizcarra***

I HEREBY CERTIFY that on October 3, 2025, I filed the foregoing instrument electronically through the Court's Electronic Filing system, which caused all parties of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*Transmitted Electronically /s/ Jennifer M. Meyer*
Jennifer M. Meyer