IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KARINA TELLO,

      Plaintiff,

v.                                                                       2:24-cv-00390-KG-GJF

LEA COUNTY BOARD OF COUNTY
COMMISSIONERS, COREY HELTON,
MICHAEL WALKER, FERNANDO JIMENEZ,
SEAN ROACH, SONIA ESTRADA,
DIANE JURADO-GARCIA,
AILEEN VIZCARRA, ALYSSA PORRAS,
DOE DEFENDANTS 1-50,

      Defendants.

## REPLY IN SUPPORT OF MOTION TO VACATE SCHEDULING ORDER [DOC. 48]

Defendants Lea County Board of County Commissioner, Corey Helton, Michael Walker, Fernando Jimenez, and Sean Roach, through counsel of record, MYNATT SPRINGER P.C. (Benjamin J. Young and Sara E. Woods), and Sonia Estrada, Diane Jurado-Garcia, and Aileen Vizcarra, through counsel of record, SERPE ANDREWS, PLLC (Cody R. Rogers and Jennifer M. Meyer), (hereinafter "Defendants") submit their reply in support of the Motion to Vacate Scheduling Order [Doc. 108] and respectfully move this Court to vacate the current Scheduling Order [Doc. 48] and set a scheduling conference to establish an amended scheduling order. In the spirit of consistency, Defendants provide the following response to each paragraph of Plaintiff's Response [Doc. 117]:

1.    Plaintiff indicates that "[l]iterally nothing has changed" since the September 8, 2025, evidentiary hearing and asserts Defendants' counsel indicated the remaining depositions would be taken in October. Review of the audio from that hearing confirms that the Court asked how many depositions remained and Ms. Rogers indicated six to eight, and that they had not been

scheduled. The Court then warned counsel that discovery would end in seven weeks and observed that no one has asked for an adjustment of that deadline, to which Ms. Rogers responded, "We understand, Judge." There was no agreement that the remaining depositions would be taken in October, nor was there an assurance from any counsel that discovery could be completed by October 27, 2025. Defendants' understanding from the exchange was that the Court would likely consider a new scheduling order to accomplish the remaining tasks.

With regard to Plaintiff's assertion that "nothing has changed" since then, Defendants note that Plaintiff called Victor Murillo as a witness during the evidentiary hearing to provide testimony related to alleged "spoofing" of text messages. While the purpose of his testimony at the hearing was unclear, Defendants have since determined that it contradicts testimony Mr. Murillo previously provided in a pre-trial interview. This comparison of his testimony could not be made until after the evidentiary hearing. *See* Exhibit A, D-506-CV-2024-00477, Defs.' Reply in Support of Mot. For Sum. Judgment, *Victor Murillo v. Lea County Board of County Commissioners*. Therefore, even if defense counsel's discussion with the Court was taken to mean that no additional time was needed for discovery, this position has changed, given the information learned since the September 8, 2025, evidentiary hearing.

2. The referenced depositions in paragraph 2 of Plaintiff's Response [Doc. 117] were unilaterally noticed and had yet to be confirmed. All counsel have participated in discussing schedules and availability but the simple truth is that coordination of multiple witnesses and law firms is difficult and schedules change quickly based upon clients' emergent issues. Additional time would allow flexibility for all depositions to be scheduled.

3. As discussed in the Motion [Doc. 108], having additional time for litigation would allow resolution of outstanding issues that Defendants anticipate will impact discovery moving

forward. These include the current pending motions[1], *in camera* review of cell phone extractions from State Police which will likely approach 10,000 pages, and anticipated motion practice related to Mr. Soto and Mr. Murillo being indispensable parties to this matter.

Plaintiff appears to assert that because the "County Defendants have made no effort to depose" named witnesses or serve written discovery, additional time to handle such matters is not warranted. However, the County Defendants have, as Plaintiff notes, deposed Plaintiff herself, defended all depositions of County personnel, attended all depositions of other named defendants, and cross-noticed and participated in the depositions of two other witnesses. County Defendants have clearly been active in this litigation and, ultimately, it is not Plaintiff's job to determine how the County Defendants run their defense. To be sure, the issue of written discovery being served by County Defendants was not addressed in the Motion [Doc. 108] or offered as a reason for extending the deadline. Rather, it was the more recent August 21, 2025, testimony of Mr. Soto, September 8, 2025, testimony of Mr. Murillo, and the pending production and review of data provided by state police that have resulted in the need to consider whether they are indispensable parties.

4. Plaintiff's attempt to take credit for the work completed in this matter requires no response, as the docket speaks for itself regarding the amount of work all parties have contributed.

5. Defendants have cited multiple reasons beyond simple discovery issues as good cause for the scheduling order to be vacated, namely, whether additional parties need to be joined based on recent testimony. Additionally, as noted above and discussed in the Motion, the pending

---

[1] Defendants Estrada, Jurado-Garcia, and Vizcarra's motion to Dismiss Counts IV, VII, and X of Plaintiff's Third Amended Complaint [Doc. 50]; Defendants' Motion to Quash and Objections to Plaintiff's Subpoena to the New Mexico State Police [Doc. 70]; Defendant Estrada's Motion to Compel [Doc. 116]; and Plaintiff's Motion for Sanctions Against Defendant Lea County Board of County Commissioners and Mynatt Springer P.C. [Doc. 94]

issues may result in need beyond a simple 30-day extension to the current discovery deadline, including Plaintiff's failure to join indispensable parties: Daniel Soto and, potentially, Victor Murillo. Plaintiff's criticism of the "ink spilled" to support their Motion should be disregarded, as it would be a violation of D.N.M. LR-Civ 7.3 if Defendants failed to thoroughly discuss their request (requiring "[a] motion, response or reply [] cite authority in support of the legal position advanced"). Plaintiff provides no authority for her assertion that Defendants cannot meet the standards of excusable neglect and good cause, which undermines her Response.

6. Vacating the scheduling order will not unduly prejudice Plaintiff, as there is currently no settlement conference or trial date scheduled. The assertion that evidence may be spoliated is misplaced, considering Plaintiff has deposed most named defendants and received written discovery responses and responsive documents.

For the reasons outlined in the Motion and this Reply, Defendants respectfully request the Court find good cause to vacate the current Scheduling Order [Doc. 48], pursuant to Fed. R. Civ. P. 16(b)(4) and D.N.M. LR-Civ. 16.1, and enter a new order to allow adequate time to join indispensable parties, complete pending and additional discovery, review of additional documents and data, and motion practice.

Respectfully Submitted:

MYNATT SPRINGER P.C.

*/s/ Benjamin J. Young*
BENJAMIN J. YOUNG
SARA E. WOODS
P.O. Box 2699
Las Cruces, New Mexico 88004-2699
(575) 524-8812
bjy@mynattspringer.com

sew@mynattspringer.com
*Attorneys for County Defendants*


SERPE ANDREWS, PLLC

*Approved 10/6/25*
CODY R. ROGERS
JENNIFER M. MEYER
2540 El Paseo Road
Las Cruces, NM 88001
(505) 553-2705
crogers@serpeandrews.com
jmeyer@serpeandrews.com
*Attorneys for Defendants Estrada,
Vizcarra and Jurado-Garcia*


### CERTIFICATE OF SERVICE

I certify that, on October 6, 2025, a copy of the foregoing pleading was served on the below counsel of record via electronic mail:

| | |
|---|---|
| Benjamin Gubernick<br>Curtis R. Waldo<br>ben@wglawllp.com<br>curtis@wglawllp.com<br>*Attorneys for Plaintiff*<br><br>Michael Newell<br>mnewell@newelllawnm.com<br>*Attorney for Defendant Porras* | Cody R. Rogers<br>Jennifer M. Meyer<br>crogers@serpeandrews.com<br>jmeyer@serpeandrews.com<br>*Attorneys for Defendants Estrada,<br>Jurado-Garcia, and Vizcarra* |

*/s/ Benjamin J. Young*
BENJAMIN J. YOUNG
SARA E. WOODS