## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**Before the Honorable Gregory J. Fouratt**
**United States Magistrate Judge**

**Clerk's Minutes**

**Civ. No. 24-390 KG/GJF**

*Tello v. Lea County Board of Comm'rs, et al.*

**Date of Hearing: 10/8/2025**
*(Recorded via WebEx; to be available on the Court's Liberty System)*

| | |
|---|---|
| **Attorneys for Plaintiff**: | Benjamin Gubernick |
| **Attorney for Lea County Defendants**: | Benjamin Young, Sara Woods |
| **Attorney for Defendants Estrada, Jurado-Garcia, and Vizcarra:** | Cody Rogers, Jennifer Meyer |
| **Attorney for Defendant Porras:** | Michael Newell |
| **Proceedings**: | Status Conference |
| *Start Time*: | 11:00 a.m. |
| *Stop Time*: | 11:48 a.m. |
| **Total Time**: | **48 minutes** |
| **Clerk**: | AEM |

**Notes:**

- The Court advised that it had three objectives for the hearing: (1) hear argument on the now-fully-briefed Motion to Vacate Schedule Order (Dkt. No. 108); (2) discuss the evidentiary hearing set for October 29, 2025 in Las Cruces; and (3) discuss a threshold step that must occur before the Court can perform its in camera review of the reports from the 2023 cell phone extractions by New Mexico State Police ("NMSP").

- Turning to Mr. Young on the Motion to Vacate Schedule Order, the Court inquired why Defendants had not alerted the Court that a discovery extension may be necessary when the Court asked about outstanding discovery at the September 8, 2025 evidentiary hearing.
  - Mr. Young responded that Defendants took the Court's remarks to be an invitation to file a motion to modify the scheduling order and not an invitation to discuss the feasibility of the discovery deadlines at the hearing.

- Noting that 30 days had elapsed since the evidentiary hearing, the Court asked whether any depositions had taken place in the interim.

- - Mr. Young advised that no additional depositions had been taken, and he noted that scheduling conflicts would also prevent the parties from holding depositions the week of October 13, 2025, as previously contemplated. Mr. Young suggested that the witnesses and counsel should have better availability for depositions in early November.
- The Court asked Mr. Young to estimate how long it would take to accomplish the remaining discovery.
  - As to the six witnesses identified by name as potential deponents at the evidentiary hearing, Mr. Young responded that those depositions could likely be accomplished within one week.
  - Mr. Young added that one or two NMSP investigators, each of whom were involved in the investigation of Plaintiff's criminal complaint, may also need to be deposed.
  - To the Court's inquiry as to why the NMSP investigators were not previously deposed given the parties' awareness of their association with the case from its outset, Mr. Young responded that counsel have been taking and defending depositions of various Defendants in the case and had only recently (within the past month and a half) commenced depositions of fact witnesses.
  - As to the potential for other depositions, Mr. Young represented that Defendants did not have specific witnesses in mind but were concerned that ongoing discovery may reveal the need to depose additional witnesses.
  - Mr. Young suggested that all outstanding discovery and deposition practice could likely be completed within 90 days.
- Observing that Defendants mentioned the possibility of motions practice related to indispensable parties in their briefing, the Court noted that such a motion, which would necessarily be decided by the presiding judge, might complicate completing discovery and adhering to a scheduling order. The Court expressed further concerns as to the late stage at which such a motion would be made.
  - Mr. Young explained that the issue of potential indispensable parties had only recently become apparent to Defendants, after they obtained text messages from Daniel Soto and deposed him in late August 2025.
  - To the Court's inquiry as to when and how Defendants obtained Soto's text messages, Mr. Young explained that they were shared in August 2025 by the former criminal defense attorney of Defendants Estrada, Jurado-Garcia, and Vizcarra.
  - Mr. Young explained that the text messages between and the testimony of Daniel Soto and Victor Murillo suggested that both men had possession of the video in question and motive to release it. He argued that, as a result, it may be necessary for the jury to consider the fault of one or both in the context of Plaintiff's claims in this case.
- To the Court's inquiry as to whether all remaining discovery could be accomplished within 90 days in the absence of any motion related to indispensable parties, Mr. Young represented that 90 days would likely suffice but noted that the parties do not yet know whether additional discovery may be necessary as a result of discovery produced following the Court's in camera review of the NMSP cell phone extractions.

2

- For her part, Ms. Rogers indicated that her clients agreed with Lea County Defendants' position as to the need for a discovery extension as articulated by Mr. Young. She emphasized that the parties had only been conducting discovery since April 2025, as procedural issues (including a motion to consolidate) had initially delayed issuance of a scheduling order. Ms. Rogers described the pace of discovery as very fast in comparison to her other cases.
- As to the issue of the Court's in camera review of the NMSP extraction, Ms. Rogers agreed that it would make most sense for her firm to review the documents and produce what they believed to be responsive before the Court conducts its own in camera review.
- In response to the Court's request for an estimate of how much time it would take to review the NMSP extraction documents and make productions, Ms. Meyer estimated that it would take approximately a month.
- Mr. Newell advised that he was not opposed to the proposed extension of pretrial deadlines.
- Mr. Newell alerted the Court and counsel that there may be some difficulty obtaining Defendant Porras's deposition testimony in the near term, given her personal circumstances. He further advised that there was some optimism that the NM Municipal League may provide coverage to Defendant Porras, which could necessitate a substitution of counsel.
- Turning to Mr. Gubernick, the Court inquired whether Plaintiff considered a 90-day extension reasonable.
    - Mr. Gubernick responded that Plaintiff considered 90 additional days of discovery to be excessive in light of the depositions left to be taken.
    - Mr. Gubernick argued that the information relied upon by Defendants to support their position as to indispensable parties was known to them for some time.
    - Mr. Gubernick explained that Plaintiff's overall objection to Defendants' motion is that it seeks an open-ended vacating of deadlines without any concrete discovery needs and that it would delay the case's resolution by a jury.
- The Court noted that Plaintiff was still awaiting production from the 2023 NMSP cell phone extractions, and that the parties did not yet have a trial date.
- The Court indicated that it would enter an order, which imposes a deadline of **October 22, 2025**, for Defendants to file any motion related to indispensable parties and a deadline of **November 10, 2025**, for Officer Defendants to complete their own review and production of documents from the 2023 NMSP cell phone extractions.
- The Court further indicated that it would extend the discovery period by 90 days and modify the deadlines for discovery motions and pretrial motions accordingly.
- The Court expressed its hope that the parties will narrow the issues in the pending Motion to Compel in advance of the October 29, 2025 hearing, and ordered counsel to send a joint e-mail to chambers by **noon on October 27, 2025**, advising which portions of the Motion to Compel have been rendered moot.
- There being nothing further, the Court adjourned.