UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

KARINA TELLO,

        Plaintiff,

v.                                                 Civ. No. 2:24-390 KG/GJF

LEA COUNTY BOARD OF COUNTY
COMMISSIONERS, COREY HELTON,
MICHAEL WALKER, FERNANDO JIMENEZ,
SEAN ROACH, SONIA ESTRADA,
DIANE JURADO-GARCIA, AILEEN VIZCARRA,
ALYSSA PORRAS, DOE DEFENDANTS 1-50,

        Defendants.

## ORDER GRANTING MOTION TO VACATE SCHEDULING ORDER

THIS MATTER is before the Court on a Motion to Vacate Scheduling Order filed by Defendants Lea County Board of County Commissioners, Corey Helton, Michael Walker, Fernando Jimenez, Sean Roach, Sonia Estrada, Diane Jurado-Garica, and Aileen Vizcarra ("Defendants"[1]) (Dkt. No. 108). Plaintiff filed her response in opposition (Dkt. No. 117), and Defendants replied (Dkt. No. 121). The Court heard argument on the Motion at a telephonic hearing held on October 8, 2025. *See* Dkt. No. 125. For the reasons stated on the record and for those that follow, the Court **GRANTS** the Motion to the extent Defendants ask the Court to vacate the current scheduling order. The Court will separately enter an Amended Scheduling Order.

### I.    BACKGROUND

Plaintiff filed this case just over eighteen months ago, on March 19, 2024. *See* Dkt. No. 1-1. Defendants removed the matter to federal court a little over a month later. *See* Dkt. No. 1. Entry

---

[1] The Court's use of "Defendants" in this Order refers to all Defendants *who are also movants*, which does not include Defendant Porras, who does not oppose the relief requested. Dkt. No. 108 at 1.

of a scheduling order was delayed for approximately a year, however, due to a pending motion to consolidate this case with others. *See* Dkt. No. 28; Dkt. No. 48. After the motion was denied, the Court entered a scheduling order on April 10, 2025, which imposed a discovery deadline of October 27, 2025. Dkt. No. 48. The instant Motion marks the first request by any party for an extension of the 200-day discovery period.

## II.      LEGAL STANDARD

Extensions of deadlines contained in a court's scheduling order must satisfy Federal Rule of Civil Procedure 16(b)(4), which provides that a court may only grant such extensions for good cause shown. Fed. R. Civ. P. 16(b)(4). To demonstrate "good cause" under Rule 16(b)(4), the movant must show that the "scheduling deadlines [could not] be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal citation and quotation omitted). Whether to extend discovery is "committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). "Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Tesone v. Empire Mktg., Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (internal brackets and quotations omitted) (citation omitted). While Rule 16(b) permits courts to consider possible prejudice to the nonmoving party, *see id.*, it does not "focus" on prejudice, nor on bad faith of the movant, *see Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). Rather, the most important factor for Rule 16(b)'s "good cause" standard is the diligence of the party seeking the extension. *Heuskin v. D&E Transp., LLC*, Civ. No. 19-957 MV/GBW, 2020 WL 5367027, at *4 (D.N.M. Sept. 8, 2020) (citing *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240). In that regard, "[c]arelessness is not compatible with a finding of

diligence and offers no reason for a grant of relief." *Tesone*, 942 F.3d at 989 (internal brackets omitted) (citation omitted).

## III. ANALYSIS

Defendants represent that despite their best efforts, it is not feasible to complete discovery in this case by the October 27, 2025 discovery deadline. Specifically, they explain that due to scheduling conflicts, the depositions of Defendants Alyssa Porras and Corey Helton remain outstanding, as do those of various fact witnesses, including Chan Kim, Victor Murillo, Megan Murillo, Andy Dominguez, and one or two New Mexico State Police ("NMSP") investigators. Dkt. No. 108 at 4. Next, Defendants suggest that the forthcoming and laborious production of data from the 2023 NMSP cell phone extractions may result in the need to conduct additional discovery. *Id*. at 4. They also warn that recent testimony from Daniel Soto and Victor Murillo has caused them to contemplate dispositive motion practice related to indispensable parties. *Id*. Finally, Defendants point to the posture of the case—four pending motions (apart from the instant Motion), a vacated settlement conference, and no trial date—to suggest that an extension of the pretrial deadlines is warranted. *See id.* at 5.

Plaintiff's primary opposition to Defendants' Motion is the open-endedness of the relief it requests. She explains that while she "is not opposed to a reasonable extension of the current deadline," Defendants seek a "perpetual delay of all deadlines, ostensibly to pursue discovery that could have been sought months ago" and without "offer[ing] a reasonable plan for advancing this case." Dkt. No. 117 at 1. She insists that Defendants have not demonstrated good cause for their request to, as she describes it, "vacate the scheduling order and, apparently, not enter a new one 'until additional discovery and motion practice occurs.'" *Id*. at 3 (quoting Dkt. No. 108 at 5).

3

But the Court did not read Defendants' Motion to request that the Court forgo entry of an amended scheduling order until after additional discovery and motion practice occurs. *See* Dkt. No. 108 at 5 (requesting that the *settlement conference*, which the Court vacated at Defendants' request, not be "rescheduled until additional discovery and motion practice occurs"). Indeed, counsel clarified at the October 8, 2025 telephonic hearing that a 90-day extension of the discovery deadline would likely suffice. But as Plaintiff's counsel advised at the telephonic hearing, Plaintiff considers even a 90-day extension of deadlines to be excessive in light of the limited discovery left to be conducted.

Although Plaintiff faults Defendants for not deposing the fact witnesses they now identify earlier in the discovery period, Defendants explain that they have been defending *numerous* Defendant depositions in the past six months and that the parties have only recently (approximately a month and a half ago) begun to depose fact witnesses. According to Defendants, the coordination of schedules, including those of multiple law firms, has been difficult and resulted in delays. In addition, Defendants represent that in light of text messages recently obtained (in approximately August) between Victor Murillo and Daniel Soto and testimony recently elicited from these witnesses (in late August and early September, respectively), additional discovery—if not a motion raising the issue of indispensable parties—may be necessary.

Given the scope of discovery that has been conducted in this case in the past six months, the Court cannot characterize Defendants or their counsels' engagement in the discovery process as dilatory. In contrast to Plaintiff's suggestion that the swiftness of discovery is attributable solely to her efforts and those of her counsel (*see* Dkt. 117 at 2), the Court is satisfied that *all counsel* have been hard at work throughout the discovery period in this case, having taken or defended numerous depositions, participated in at least four telephonic conferences with the Court as well

as an evidentiary hearing, and having briefed multiple pretrial issues. In the Court's view, Defendants have demonstrated sufficient diligence as well as the need for additional discovery to justify a discovery extension.

In support of her position that the current scheduling order should instead remain in place, Plaintiff argues that vacating the current deadlines would result in undue prejudice to her by postponing resolution of her claims by a jury and risking the loss of evidence and fading witness memories. Dkt. No. 117 at 3. While the Court is permitted to consider potential prejudice to Plaintiff, prejudice to a non-movant is not among the most significant considerations in deciding whether to extend discovery. *See Tesone*, 942 F.3d at 988; *Colo. Visionary Acad.*,194 F.R.D. at 687. And here, the rapidity with which the parties have conducted discovery thus far has helped to mitigate prejudice that might result from a relatively modest extension of deadlines, particularly given the lack of a trial date and the pendency of a dispositive motion. Conversely, the Court perceives a substantial risk of unfairness to Defendants if it were to deny the requested relief.

## IV.    CONCLUSION

Ultimately, the Court concludes that Defendants have been generally diligent in conducting discovery and that refusing to grant a reasonable discovery extension of 90 days would create a substantial risk of unfairness to Defendants. Perhaps most importantly, an expanded pretrial period will not sacrifice a trial date or settlement conference, as neither is currently set. While an extension of discovery deadlines is warranted under the circumstances, so too is a deadline for the filing of a motion raising the issue of indispensable parties and as to the Officer Defendants' review and production of documents from the 2023 NMSP cell phone extractions, particularly given the potential disruption that delays could have on the pretrial phase of this case. Accordingly, the Court imposes such deadlines below.

**IT IS THEREFORE ORDERED** that the Motion to Vacate Scheduling Order (Dkt. No. 108) is **GRANTED**, and an Amended Scheduling Order imposing a **January 26, 2026** discovery deadline as well as additional extended deadlines will be entered concurrently herewith.

**IT IS FURTHER ORDERED** that Defendants must file their motion raising the issue of indispensable parties, if any, by **October 22, 2025**.

**IT IS FINALLY ORDERED** that Officer Defendants must complete their review and production of the documents from the 2023 NMSP cell phone extractions by **November 10, 2025.**

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE