# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

**Before the Honorable Gregory J. Fouratt**
**United States Magistrate Judge**

**Clerk's Minutes**

**Civ. No. 24-390 KG/GJF**

*Tello v. Lea County Board of County Comm'rs*

**Date of Hearing: 10/29/2025**
*(recorded via Liberty from Dona Ana Courtroom)*
(LC-Dona Ana_20251029_09572)

| | |
|---|---|
| **Attorneys for Plaintiff**: | Benjamin Gubernick |
| **Attorneys for Lea County Board of County Comm'rs, Helton, Walker, Jimenez, and Roach:** | Benjamin Young<br>Sara Woods |
| **Attorneys for Estrada, Jurado-Garcia, and Vizcarra**: | Cody Rogers<br>Jennifer Meyer |
| **Proceedings**: | Plaintiff's Motion for Sanctions Against Defendant Lea County Board of County Commissioners and Mynatt Springer P.C. (Dkt. No. 94); Defendant Estrada's Motion to Compel Discovery from Plaintiff (Dkt. No. 116) |
| *Start Time*: | 9:57 a.m. |
| *Stop Time*: | 12:57 p.m. |
| **Total Time**: | **3 hours** |
| **Clerk**: | AEM |

**Notes:**

- The Court noted that it had excused counsel for Defendant Porras from the hearing.
- The Court explained that it set the hearing to consider evidence and arguments of counsel as to Plaintiff's Motion for Sanctions Against Defendant Lea County Board of County

Commissioners and Mynatt Springer P.C. (Dkt. No. 94) and to hear argument as to Defendant Estrada's Motion to Compel Discovery from Plaintiff (Dkt. No. 116).

- The Court advised that the hearing was being audio recorded and that the parties could obtain the audio recording from the Clerk's Office.
- Noting that the Court's Interim Confidentiality Order is no longer in place, the Court sought counsel's position as to the unsealing of the Motion for Sanctions.
    - All counsel agreed that the briefing should be unsealed.
- The Court ordered that all briefing on the Motion for Sanctions, including corresponding exhibits, and the hearing be unsealed.
- The Court observed that the Motion for Sanctions is as serious a discovery dispute as it has been asked to resolve.
- The Court asked Mr. Young whether Lea County Defendants have any objection to the Court introducing into evidence, for purposes of resolving the Motion for Sanctions, Exhibits 1 through 20.
    - Mr. Young responded in the negative.
- The Court directed questions to Mr. Gubernick related to the Motion for Sanctions. (10:02:20 – 10:35:10)
    - Mr. Gubernick withdrew his request to reopen the depositions of Sean Roach and Fernando Jimenez (unless Jimenez finds the work cell phone he lost).
- The Court directed questions to Mr. Young related to the Motion for Sanctions. (10:35:11 – 11:17:23)
- The Court sought input from Ms. Rogers as to the requested sanction of reopening the deposition of Sonia Estrada. (11:17:27 – 11:18:22)
- Mr. Gubernick offered rebuttal. (11:18:31 – 11:23:02).
- The Court took a break. (11:23:55 – 11:39:14)
- Turning to Defendant Estrada's Motion to Compel, the Court observed that Defendant Estrada could have requested an informal discovery conference.
- After hearing from counsel as to Interrogatory 3, the Court ordered Plaintiff to expand the scope of her request for her own cell phone records to include records from the date she was terminated by LCSO, by availing herself of the route Defendant Estrada proposed on page two of her reply brief. In addition, the Court ordered Plaintiff to supplement her response to identify any other persons at LCSO, including Andy Dominguez, with whom she conversed during this period.
- As to Interrogatory 6, Ms. Rogers explained that she had received the referenced expert report. Plaintiff agreed to abandon as a form of economic damages any of her medical treatment costs. As a result, the Court denied Defendant Estrada's motion as moot as to Interrogatory 6.
- After hearing from counsel, the Court denied Defendant Estrada's motion as to Interrogatory 12.

2

- After hearing from counsel, the Court denied Defendant Estrada's motion as to Interrogatory 14.
- After hearing from counsel as to Interrogatory 15, the Court ordered Plaintiff to supplement to provide a complete and fulsome response to each subpart of the interrogatory.
- Ms. Rogers advised that the dispute as to Interrogatory 17 has been resolved, and the Court therefore denied as moot Defendant Estrada's motion as to this interrogatory.
- As to Interrogatory 19, Ms. Estrada agreed to narrow the request to romantic relationships between Plaintiff and *any other person at LCSO*. The Court ordered Plaintiff to supplement her response to Interrogatory 19 by identifying the name or names of any other person employed by LCSO with whom she was romantically linked from April 2023 to September 2023.
- After hearing from counsel as to Interrogatory 20, the Court ordered Plaintiff to supplement her response to state whether Victor Murillo was on duty (if she knows) and if so, where he was assigned.
- After hearing from counsel, the Court denied Defendant Estrada's motion as to Interrogatory 24.
- After hearing from counsel as to Request for Production 2, the Court ordered Plaintiff to supplement her response with purchase-related documents for cell phones that she purchased on or after January 1, 2023.
- After hearing from counsel as to Request for Production 3, the Court overruled Plaintiff's objections and ordered Plaintiff to supplement to fully respond to the request.
- Ms. Rogers agreed to narrow Request for Production 4 to any communications about the dissemination of the intimate video at issue in this case. The Court ordered Plaintiff to supplement her response to provide any communications with Daniel Soto about the dissemination of the intimate video at issue in this case from January 1, 2023 to April 2023 and from August 2023 forward.
- The Court explained that it had not yet determined whether to impose sanctions with respect to Defendant Estrada's Motion to Compel but that it was not inclined to do so.
- The Court indicated that Plaintiff's Motion for Sanctions is under advisement.
- The Court asked if counsel had any update as to whether the Municipal League will fund Defendant Porras's representation.
    - Mr. Young responded that the decision remains under consideration by the Municipal League.
- In response to the Court's inquiry, counsel advised that the depositions of Chan Kim, Alyssa Porras, Corey Helton, Jim Bob Hardy, Megan Murillo, Victor Murillo, Andy Dominguez, and three NMSP investigators remain outstanding.
- The Court noted that it vacated the previous settlement conference on August 8, 2025, and that since then there has been significant motions practice, including a serious Motion for Sanction as well as a Motion to Dismiss for Failure to Join Indispensable Parties that has a significant potential consequence for Plaintiff. The Court noted that the parties have as their trial judge the Chief District Judge, with little chance of going to trial in 2026, and a significant chance of an appeal, if not a cross-appeal. In sum, the Court explained that the

parties' litigation risk equation now has additional variables and urged them to consider a settlement conference with the Court.

- The Court inquired as to whether Plaintiff had made a settlement demand
    - Mr. Gubernick advised that Plaintiff had made an initial demand and a second reduced demand.
- (The Court sealed a portion of the audio transcript in which settlement negotiations were discussed.)
- The Court explained that its preference is to hold a settlement conference before issuing a decision on the Motion for Sanctions. The Court indicated that it may issue an *interim* decision that requires the reopening of certain depositions without fully resolving the Motion for Sanctions.
- There being nothing further, the Court adjourned.
- (*Please refer to the recording of the hearing for additional information.*)