IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KARINA TELLO,**

**Plaintiff,**

v.                                                                 2:24-cv-00390-KG-GJF

**LEA COUNTY BOARD OF COUNTY
COMMISSIONERS, COREY HELTON,
MICHAEL WALKER, FERNANDO JIMENEZ,
SEAN ROACH, SONIA ESTRADA,
DIANE JURADO-GARCIA,
AILEEN VIZCARRA, ALYSSA PORRAS,
DOE DEFENDANTS 1-50,**

**Defendants.**

## PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSED MOTION TO EXTEND DEADLINE FOR PRODUCTION OF COMMUNICATIONS FROM DEFENDANTS' 2023 CELL PHONES (Dkt. 140)

Plaintiff Karina Tello ("Plaintiff"), through undersigned counsel, responds as follows to Defendants Sonia Estrada, Aileen Vizcarra and Diane Jurado-Garcia's (collectively, the "Officer Defendants") "Opposed Motion to Extend Deadline for Production of Communications from Defendants' 2023 Cell Phones" (Dkt. 140, the "Motion" or "Def. Mot."). For the reasons discussed below, the Motion lacks merit and warrants denial.

### I.     Introduction

The Motion is facially deficient. A scheduling order "may be modified *only* for good cause." Fed. R. Civ. P. 16(b)(4) (emphasis added). And "good cause under Rule 16(b)(4) depends primarily, or even solely, on the diligence of the party seeking extension." *Candelaria v. Molina Healthcare, Inc.*, No. CV 18-725 WJ/GBW, 2019 WL 4643946, at *3 (D.N.M. Sept. 24, 2019) (collecting cases). The Motion does not say how long the Officer Defendants have had the 2023 Cellebrite extractions in their possession. The Motion provides no information about what the Officer Defendants have done during that (indeterminate) timeframe to comply with the Court's order. And finally, the Motion fails to identify any unforeseen circumstances that would justify an

extension. In short, the Motion contains no evidence of diligent efforts (or any efforts) to meet the November 10 deadline.

When undersigned counsel pointed this deficiency out to the Officer Defendants' attorney, he received this response:



*See* Exhibit 1 at page 4.[1] That is not good enough under the Rules of Civil Procedure or longstanding precedent. Accordingly, the Court should deny the Motion.

## II.     Legal Standard

Extensions of court-ordered deadlines require a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

The threshold for good cause is simple: "the movant establishes good cause when it demonstrates that it could not have met the deadline as set in the Scheduling Order despite its best efforts." *Sher v. Amica Mut. Ins. Co.*, 722 F. Supp. 3d 1176, 1181 (D. Colo. 2024), *reconsideration denied*, No. 22-CV-02470-NYW-NRN, 2024 WL 4504565 (D. Colo. Oct. 16, 2024). *See also*, *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) ("Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.").

---

[1] Exhibit 1 is attached to the concurrently filed Declaration of Benjamin Gubernick.

**III.    Argument**

Here, the Officer Defendants have failed to present any evidence of diligence in producing communications from the 2023 extractions. That failure precludes finding good cause.

As a starting point, Defendants' claim that "Plaintiff's counsel was contacted regarding their position, and the Motion is opposed", (Def. Mot. at 1), is not exactly true. On November 7, 2025, at 1:26 PM Central time, Defendants' counsel did indeed request undersigned counsel's position on the Motion. Ex 1 at page 1. Undersigned counsel did not, however, express opposition to the motion. Rather, he responded five minutes later with a pretty basic question: "[C]an you please tell us when your first came into possession of the 2023 extractions?" *Id*. at page 2.

That seemed like an important thing to know. Sure, "over six thousand (6,000) pages of communications and over one thousand (1,000) images", (Def. Mot. at 1), sounds like a lot, but *volume* is only one variable in the equation. It says nothing about how much *time* the Officer Defendants have had to complete the task, or how much *effort* they have put into it. Running a marathon in a day? Impressive. Running a marathon over the course of a month?  Less so.

However, undersigned counsel received a non-answer to that simple question. *See* Ex. 1 at page 3 ("The Court ordered us to handle them just like the 2025 extractions at the October 8 status conference. That's an intensive process that takes a lot of time.  If you oppose the motion, we'll note that."). And when undersigned counsel pressed the issue, *id*. at page 4 ("If I don't know how long you've had the extractions, I'm unable to assess how diligently you've reviewed them"), the Officer Defendants announced they would simply "note [Plaintiff's] opposition to the motion."

Have the Officer Defendants had access to the 2023 extractions for two weeks, six months, or over a year? The Motion does not say. It does not even hint at an answer. Nor does the Motion offer any clues about when the Officer Defendants' started their "intensive process that takes a lot of time." All the Motion does is point to the volume of undisclosed evidence in the Officer Defendants' possession. The Motion does not say there are more documents than anticipated. The Motion contains no declarations from counsel. Indeed, the Motion attaches no evidence at all. The Motion does not say there are more documents than anticipated, or when Officer Defendants

3

learned they could not meet the prior deadline. The Motion and does not even offer to produce documents on a rolling basis—instead, it just demands a 30-day extension before *any* production is required.

"Demonstrating good cause under [Rule 16(b)(4)] requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quotations omitted). Here, the Officer Defendants offer no explanation for the delay, just evasion.

### IV.   Conclusion

For the foregoing reasons the Motion should be denied, and the November 10, 2025 deadline reaffirmed.

November 14, 2025 **WGLA, LLP**

By:*/s/ Benjamin Gubernick*
Benjamin Gubernick (SBN 145006)
ben@wglawllp.com
Curtis Waldo (SBN 163604)
curtis@wglawllp.com
Telephone (346) 394-8056
717 Texas St. Suite 1200
Houston, TX 77002

*Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2025, I served this document on counsel of record in compliance with the Federal Rules of Civil Procedure.

*/s/ Benjamin Gubernick*
Benjamin Gubernick