UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

KARINA TELLO,

        Plaintiff,

v.                                                 Civ. No. 2:24-390 KG/GJF

LEA COUNTY BOARD OF COUNTY
COMMISSIONERS, COREY HELTON,
MICHAEL WALKER, FERNANDO JIMENEZ,
SEAN ROACH, SONIA ESTRADA,
DIANE JURADO-GARCIA, AILEEN VIZCARRA,
ALYSSA PORRAS, DOE DEFENDANTS 1-50,

        Defendants.

**ORDER GRANTING IN PART DEFENDANTS' OPPOSED MOTION TO EXTEND
DEADLINE FOR PRODUCTION OF COMMUNICATIONS
FROM DEFENDANTS' 2023 CELL PHONES**

THIS MATTER is before the Court on Defendants' Opposed Motion to Extend Deadline for Production of Communications from Defendants' 2023 Cell Phones ("Motion") (Dkt. No. 140). Plaintiff responded to the Motion on November 14, 2025. Dkt. No. 142. No reply is necessary.

In the instant Motion, Defendants Estrada, Vizcarra, and Jurado-Garcia (hereafter "Officer Defendants") request that the Court extend the deadline for their production of communications from the New Mexico State Police's ("NMSP's") 2023 extractions from their cell phones from the previously-imposed deadline of November 10, 2025, to December 10, 2025. Dkt. No. 140 at 1. In support, Officer Defendants explain that the NMSP cell phone extractions contain over 6,000 pages of communications and over 1,000 images, which they require additional time to review. *Id*. at 2.

In response, Plaintiff contends that Officer Defendants have not shown good cause for their requested extension because they have not indicated how long the 2023 NMSP extractions have been in their possession—whether two weeks, six months, or over a year—and because they have failed to present evidence of diligent efforts to meet the November 10, 2025 deadline. Dkt. No. 142 at 1–3. Plaintiff further

complains that Officer Defendants "demand[] a 30-day extension before *any* production is required" rather than providing a rolling production of responsive documents. *Id*. at 4.

At a September 8, 2025 evidentiary hearing in this matter, counsel represented to the Court that Officer Defendants did not have in their possession the NMSP 2023 cell phone extractions but could likely obtain them relatively quickly if the Court directed. *See* Sept. 8, 2025 Hr'g,[1] at 12:11:30 – 12:12:35, 12:31:20 – 12:32:30. The Court ordered Officer Defendants to provide to the Court, by October 6, 2025, reports generated from the 2023 NMSP extractions so that the Court could review those documents in camera to determine whether they should be produced to Plaintiff. Dkt. No. 102 at 5. As directed, counsel for Officer Defendants transmitted to the Court, via ex parte e-mail on October 6, 2025, the documents from the 2023 NMSP extractions for the Court's in camera review, noting that "[h]ome addresses, personally protected information, and the names of minors ha[d] been redacted . . . but due to time constraints associated with obtaining and producing this information, undersigned counsel ha[d] not reviewed the material for substance, nor to determine whether such material is responsive to any pending discovery requests or should be produced in supplemental initial disclosures."

Upon receipt of the documents for in camera review, the Court determined that the better course was for counsel for Officer Defendants to *first* review the documents from the 2023 NMSP extractions and to produce to Plaintiff those documents they considered responsive to her discovery requests, with the Court thereafter reviewing the same documents to confirm that all responsive documents were in fact produced. *See* Oct. 8, 2025 Hr'g, at 10:14:30 –10:17:15. At a status conference on October 8, 2025, counsel for Officer Defendants warned that it would take "quite a while" to review the voluminous extraction materials for purposes of producing responsive documents, with an initial estimate of one to two months but a concession that counsel could attempt to complete the review within a month. *See* Oct. 8, 2025 Hr'g, at 10:15:40 –

---

[1] The "Hr'g" citations throughout refer to the audio recordings of hearings stored on the Court's Liberty system. Although neither the audio recording nor a transcript of Court hearings are currently available on CM/ECF, any party may obtain the recording through the Court's records department and, if they wish, have it transcribed.

10:16:45. The Court directed Officer Defendants to conduct their own review of the documents provided to the Court on October 6, 2025, and to produce responsive documents to Plaintiff by November 10, 2025. *See* Dkt. No. 125 at 3; Dkt. 126 at 6. Based on this sequence and given these representations, Officer Defendants obtained the 2023 NMSP extractions sometime between September 8, 2025 and October 6, 2025, but were not directed to begin reviewing them for responsive documents until October 8, 2025.

Having now considered the parties' arguments and representations—both in their briefing and at recent hearings before the Court—and given the volume of material that Officer Defendants must review, the Court finds good cause to extend its previously-imposed deadline for the production of responsive documents from the 2023 NMSP extractions. At the same time, the Court agrees with Plaintiff that Officer Defendants have not provided justification for a *wholesale* extension of the production of *all* responsive documents, including those already reviewed and determined to be responsive and not subject to any privilege. As such, the Court will require Officer Defendants to produce any documents they determine must be produced on a once-weekly rolling basis, as they identify them.

**IT IS THEREFORE ORDERED** that Defendants' Opposed Motion to Extend Deadline for Production of Communications from Defendants' 2023 Cell Phones (Dkt. 140) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) To the extent Officer Defendants seek a 30-day extension, until December 10, 2025, of the *final* deadline for the production of all responsive documents from the 2023 NMSP extractions,[2] the Motion is **GRANTED**.

(2) To the extent Officer Defendants seek an extension of time to produce *all* responsive documents, including those already reviewed and determined to be responsive and subject

---

[2] The Court previously framed the scope of responsive documents at its September 8, 2025 evidentiary hearing to include "communications between any Defendant and any co-Defendant or any witness identified in the JSR from May 30, 2023 to September 2023." Dkt. No. 102 at 5.

to production, the Motion is **DENIED**, and Officer Defendants shall produce responsive documents **on a once-weekly rolling basis** as they make diligent efforts to review the documents from the 2023 NMSP extractions, until all responsive documents are produced by the December 10, 2025 deadline.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE