IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KARINA TELLO,

Plaintiff,

v.                                                              2:24-cv-00390-KG-GJF

LEA COUNTY BOARD OF COUNTY
COMMISSIONERS, COREY HELTON,
MICHAEL WALKER, FERNANDO
JIMENEZ, SEAN ROACH, SONIA
ESTRADA, DIANA JURADO-GARCIA,
AILEEN VIZCARRA, ALYSSA PORRAS,
DOE DEFENDANTS 1-50,

Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO FILE OBJECTION UNDER SEAL AND FOR REVIEW IN CAMERA (DKT. 182)

Plaintiff Karina Tello ("Plaintiff"), through undersigned counsel, responds as follows to Defendants Lea County Board of County Commissioners' (the "Board") "Motion to File Objection Under Seal and for Review in Camera" (Dkt. 182, the "Motion"). As the Motion lacks merit for a multitude of reasons, it should be denied in its entirety.

I.     Relevant Factual and Procedural Background

On August 29, 2025, Plaintiff filed a motion for sanctions against the Board for months of flagrant discovery abuse. *See* Dkt. 94 (the "Sanctions Motions"). The Sanctions Motion was supported by over 100

1

pages of authenticated exhibits, and argued that the Board's misconduct warranted severe sanctions, including adverse inference instructions for the jury.

On September 17, 2025, the Board filed a five-page opposition (Dkt. 107, the "Sanctions Opposition"). The Sanctions Opposition asserted that Plaintiff's allegations "smack[ed] of extortion" (*id.* at 1), were "laughable" (*id.* at 2), and were "spurious, at best." *Id.* at 4. The Sanctions Opposition also argued that the Board "should be awarded their fees and costs for having to respond[.]" *Id.* at 5. The Sanctions Opposition did not, however, present any evidence or dispute most of Plaintiff's factual allegations.

On October 7, 2025, the Court referred the Sanctions Motion to Magistrate Judge Gregory J. Fouratt for hearing and determination. Dkt. 124.

An evidentiary hearing was conducted before Judge Fouratt on October 29, 2025. The hearing concluded without the Board calling any witnesses or offering any exhibits into evidence.

On February 2, 2026, Judge Fouratt filed his Proposed Findings and Recommended Disposition on the Sanctions Motion. Dkt. 176 (the "Report"). The Report noted that while Plaintiff's allegations were supported by actual evidence, the Board's denials were not. *See e.g., id.* at 15 ("As for the Board, County Defendants have presented no evidence to suggest that the Board made diligent efforts to obtain responsive communications from LCSO employees."); *id.* at 26 ("For its part, the

Board presented no evidence of any litigation hold, preservation letter, or any other form of instruction, oral or written, provided to Defendants or other LCSO employees to preserve evidence and/or suspend deletion measures"). Accordingly, the Report found, among other things, "that the Board failed to take reasonable steps to preserve communications that were contemporaneous with and relevant to the events giving rise to Plaintiff's claims[.]" *Id*. at 24. Judge Fouratt concluded the Report by stating he was "of the firm conviction that stiff sanctions, albeit short of default, are necessary to compensate Plaintiff for the prejudice she has suffered and to deter discovery conduct of the sort demonstrated in this case." *Id*. at 28.

On February 11, 2026, undersigned counsel received an email from the Board's attorneys, asking for Plaintiff's position on a motion to seal the Board's objections to the Report and for the objections to be reviewed *in camera*. *See* Ex. 1 to concurrently filed Declaration of Benjamin Gubernick. Undersigned counsel responded by asking to see the documents the Board wished to seal. *Id*. The Board's lawyer then sent an email stating: "Since the reason for the requested seal involves privileged communications, we cannot disclose the submissions before they are filed with the Court. If you oppose the motion, we will note your opposition." *Id*.

The instant opposed motion followed.

## II. Legal Standard

"Courts have long recognized a common-law right of access to judicial records[.]" *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). Although this right is not absolute, to overcome "the presumption in favor of access to judicial records … countervailing interests [must] heavily outweigh the public interests in access." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012).

## III. Argument

It is worth contemplating what the Board is asking the Court to do. The Motion does not merely seek to seal the Board's objection from the public; it also requests that the Court *prevent Plaintiff from seeing the objection*. And what is more, the Board wants to use the withheld materials "to substantively address the issues in the Court's Proposed Findings and Recommended Disposition." Motion at 2. In other words, the Board wants to *augment the record using secret evidence and advocate a merits issue using secret arguments not disclosed to Plaintiff*.

That is not how our adversarial system of justice works. Objections to proposed findings and recommended dispositions are adversarial filings. That is why federal law requires that they not only be filed with the Court, but also served on the opposing party. 28 U.S. Code § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

Moreover, the Federal Rules of Civil Procedure expressly vest parties with a right to respond to PFRD objections. *See* Fed. R. Civ. P. 72(b)(2) ("A party may respond to another party's objections within 14 days after being served with a copy.").

Neither section 636 nor Rule 72 permit PFRD objections to be litigated *ex parte* or *in camera.* Nor could they, as that would trample basic principles of due process enshrined in the Constitution:

> Certain principles have remained relatively immutable in our jurisprudence. One of these is that where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue.

*Greene v. McElroy*, 360 U.S. 474, 496 (1959). *See also, TikTok Inc. v. Garland*, 604 U.S. 56, 82 (2025) ("I am pleased that the Court declines to consider the classified evidence the government has submitted to us but shielded from petitioners and their counsel. Efforts to inject secret evidence into judicial proceedings present obvious constitutional concerns.") (Alito, J. concurring) (citations omitted).

And even if the Motion somehow passes constitutional muster (which it does not), it is well-established that a party may not use privilege as a sword and a shield. *Seneca Ins. Co. v. W. Claims, Inc.*, 774 F.3d 1272, 1278 (10th Cir. 2014) ("Like the attorney-client privilege, a litigant cannot use the work product doctrine as both a sword and shield by selectively using the privileged documents to prove a point but then

5

invok[e] the privilege to prevent an opponent from challenging the assertion." (Quotation marks omitted)). That alone defeats the Motion. This is not even getting to the issue of why the Board chose not to include its "potentially privileged materials" in the Sanctions Opposition.

With all due respect to the Board, this is basic stuff. "While Courts routinely allow for *in camera* review of documents to determine whether they qualify as 'privileged' the instant Motion is different. Here, the issue is not a discovery dispute. The issue is substantive[.]" *Black Card, LLC v. Visa U.S.A., Inc.*, No. 15-CV-27-S, 2015 WL 11090695, at *4 fn. 2 (D. Wyo. Aug. 3, 2015). Accordingly, the Motion should be denied.

## IV.  Conclusion

For the foregoing reasons the Motion should be denied.

February 18, 2026                    **WGLA, LLP**

By:*/s/ Benjamin Gubernick*
Benjamin Gubernick (SBN 145006)
ben@wglawllp.com
Curtis Waldo (SBN 163604)
curtis@wglawllp.com
Telephone (346) 394-8056
717 Texas St. Suite 1200
Houston, TX 77002

*Counsel for Plaintiff*

6

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 18, 2026, I served this document on counsel of record in compliance with the Federal Rules of Civil Procedure.

*/s/ Benjamin Gubernick*
Benjamin Gubernick
